IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAY ALIX,<br><br>    *Plaintiff*,<br><br>  v.<br><br>MCKINSEY & CO., INC.; MCKINSEY HOLDINGS, INC.; MCKINSEY & COMPANY INC. UNITED STATES; MCKINSEY RECOVERY & TRANSFORMATION SERVICES U.S., LLC; DOMINIC BARTON; KEVIN CARMODY; JON GARCIA; SETH GOLDSTROM; ALISON PROSHAN; ROBERT STERNFELS; and JARED YERIAN,<br><br>    *Defendants*. | Case No. 18-cv-04141 (JMF) |

**MCKINSEY DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW CONCERNING THE EFFECTS OF PLAINTIFF'S VOLUNTARY DISMISSAL OF CLAIMS AND SUBJECT MATTER JURISDICTION**

# TABLE OF CONTENTS

                              **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

FACTUAL BACKGROUND .................................................................................................... 2

ARGUMENT .............................................................................................................................. 3

I.  Alix's Notice of Voluntary Dismissal Immediately and Irrevocably Dismissed the State-Law Claims. ........................................................................................................... 3

II.  Jurisdictional Discovery Is Required on Alix's State-Law Claims. ................................. 7

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Airlines Reporting Corp. v. S & N Travel, Inc.*,
   58 F.3d 857 (2d Cir. 1995)..................................................................................7, 8, 9

*AlixPartners, LLP v. Thompson*,
   Del. Ch. No. 9523-VCZ (May 22, 2019) ......................................................................10

*APWU v. Potter*,
   343 F.3d 619 (2d Cir. 2003).....................................................................................9, 10

*Azkour v. Haouzi*,
   11 Civ. 5780, 2013 WL 3972462 (S.D.N.Y. Aug. 1, 2013) .............................................4

*Barlow v. Sun Chem. Co.*,
   838 N.Y.S.2d 387 (N.Y. Sup. Ct. 2007) .........................................................................7

*Benton v. Vinson, Elkins, Weems & Searls*,
   255 F.2d 299 (2d Cir. 1958)............................................................................................6

*BH99 Realty, LLC v. Qian Wen*,
   10 Civ. 693, 2011 WL 1838568 (E.D.N.Y. May 13, 2011) ............................................9

*Burgos v. City of N.Y.*,
   18 Civ. 1150, 2019 WL 1299461 (S.D.N.Y. Mar. 21, 2019) ..........................................4

*Castillo Grand LLC v. Sheraton Operating Corp.*,
   09 Civ. 7197, 2009 WL 4667104 (S.D.N.Y. Dec. 9, 2009)...........................................10

*Century Sur. Co. v. Vas & Sons Corp.*,
   17 Civ. 5392, 2018 WL 4804656 (E.D.N.Y. Sept. 30, 2018)..........................................4

*Chappelle v. Beacon Commc'ns Corp.*,
   84 F.3d 652 (2d Cir. 1996)..............................................................................................1

*Falow v. Cucci*,
   00 Civ. 4754, 2003 WL 22999458 (S.D.N.Y. Dec. 19, 2003)........................................8

*Harvey Aluminum, Inc. v. American Cyanamid Co.*,
   203 F.2d 105 (2d Cir. 1953).......................................................................................4, 5

*Herrick Co., Inc. v. SCS Commc'ns, Inc.*,
   251 F.3d 315 (2d Cir. 2001)............................................................................................8

*ISC Holding AG v. Nobel Biocare Fin. AG*,
   688 F.3d 98 (2d Cir. 2012)..............................................................................................5

*Johnson Chem. Co. v. Home Care Prods.*,
    823 F.2d 28 (2d Cir. 1987)................................................................................................5

*Luv N' Care, Ltd. v. Jackel Int'l Ltd.*,
    13 Civ. 1565, 2013 WL 5726052 (W.D. La. Oct. 21, 2013) ......................................5

*Mehmet v. Thompson*,
    05 Civ. 7739, 2007 WL 2728742 (S.D.N.Y. Sept. 13, 2007) .....................................8

*Nemaizer v. Baker*,
    793 F.2d 58 (2d Cir. 1986).........................................................................................6

*New Canaan Capital Mgmt., LLC v. Ozado Partners LLC*,
    16 Civ. 1395, 2017 WL 1157153 (S.D.N.Y. Mar. 25, 2017) ...................................10

*Nix v. Office of Comm'r of Baseball*,
    17 Civ. 1241, 2017 WL 2889503 (S.D.N.Y. July 6, 2017) ........................................4

*Prudential Oil Corp. v. Phillips Petrol. Co.*,
    546 F.2d 469 (2d Cir. 1976).......................................................................................8

*Rabbi Jacob Joseph Sch. v. Province of Mendoza*,
    425 F.3d 207 (2d Cir. 2005).......................................................................................1

*Rest. Teams Int'l, Inc. v. Dominion Capital Fund Ltd.*,
    99 Civ. 4138, 2002 WL 1603150 (S.D.N.Y. July 18, 2002) ......................................6

*Ritchie Capital Mgmt., L.L.C. v. Coventry First LLC*,
    07 Civ. 3494, 2016 WL 6952248 (S.D.N.Y. Nov. 28, 2016) .....................................6

*Robbins v. City of N.Y.*,
    254 F. Supp. 3d 434 (E.D.N.Y. 2017) .......................................................................4

*Shlikas v. Wake Forest Univ.*,
    97 Civ. 1188, 1999 WL 1939241 (M.D.N.C. May 26, 1999)..................................5, 6

*Symbol Techs., Inc. v. Metrologic Instruments, Inc.*,
    84 F. App'x 112 (2d Cir. 2003) .................................................................................1

*Thorp v. Scarne*,
    599 F.2d 1169 (2d Cir. 1979)..................................................................................3, 5

*U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*,
    775 F.3d 128 (2d Cir. 2014).......................................................................................5

*Wakefield v. N. Telecom, Inc.*,
    769 F.2d 109 (2d Cir. 1985).......................................................................................4

*Wilson-Cook Med., Inc. v. Wilson*,
   942 F.2d 247 (4th Cir. 1991) ....................................................................................4

**STATUTES AND RULES**

28 U.S.C. § 1359................................................................................................................7

Fed. R. Civ. P. 41(a) ................................................................................................. passim

Fed. R. Civ. P. 41(d) ..........................................................................................................7

Fed. R. Civ. P. 54(b) ......................................................................................................2, 6

Fed. R. Civ. P. 60(b) ......................................................................................................1, 6

Defendants McKinsey & Co., Inc., McKinsey Holdings, Inc., McKinsey & Company Inc. United States, and McKinsey Recovery & Transformation Services U.S., LLC (collectively, the "McKinsey Defendants") respectfully submit this supplemental memorandum to address (1) the consequences of Jay Alix's ("Alix") filing on September 3, 2019 of a notice of voluntary dismissal of the state-law claims asserted in the Amended Complaint (the "State-Law Claims"); and (2) whether the Court can exercise diversity jurisdiction over the State-Law Claims.

## PRELIMINARY STATEMENT

On September 3, Plaintiff Jay Alix filed a Rule 41(a)(1)(A)(i) notice of voluntary dismissal of his State-Law Claims. It is black-letter law that a Rule 41(a)(1)(A)(i) notice is self-executing. By filing that notice, Alix set in motion a series of consequences that cannot be undone. One of those is the forfeiture of his right to appeal his dismissed RICO claims: Second Circuit precedent holds that a voluntary without-prejudice withdrawal of some claims for the purpose of accelerating an appeal of other, already-dismissed claims deprives the appellate court of jurisdiction. *See Rabbi Jacob Joseph Sch. v. Province of Mendoza*, 425 F.3d 207, 210 (2d Cir. 2005); *Chappelle v. Beacon Commc'ns Corp.*, 84 F.3d 652, 654 (2d Cir. 1996); *Symbol Techs., Inc. v. Metrologic Instruments, Inc.*, 84 F. App'x 112, 114 (2d Cir. 2003).

Alix's change of strategy two days later—presumably upon the realization that he forfeited his appeal of the RICO claims—cannot undo his voluntary dismissal, which required no court action, immediately removed the claims from the Court's jurisdiction, and cannot be withdrawn or amended. To the extent Alix urges this Court to provide relief through Rule 60 from the consequences of his dismissal of the State-Law Claims, the request should be denied.

The McKinsey Defendants do not object to Alix pursuing his State-Law Claims in this Court if he can meet his burden to adequately plead and establish diversity jurisdiction. But Alix's Declaration and his new jurisdictional allegations are inadequate because significant

1

factual questions remain as to whether the assignment from AlixPartners is collusive and whether AlixPartners is the real party in interest to the State-Law Claims. Alix's conclusory factual assertions regarding the assignment and its circumstances must be tested with targeted jurisdictional discovery to ensure that this Court properly may exercise diversity jurisdiction.

## FACTUAL BACKGROUND

On August 19, 2019, this Court issued an Opinion and Order dismissing Alix's four RICO claims with prejudice. The Court deferred ruling on the Defendants' motion to dismiss Alix's remaining claims for breach of contract, promissory estoppel, and tortious interference with business expectancy—*i.e.*, the State-Law Claims—until it could confirm its subject matter jurisdiction over those claims. Accordingly, the Court directed that Alix file supplemental briefing and, if necessary, an amended pleading limited to addressing this issue.

On September 3, Alix filed a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) dismissing without prejudice the State-Law Claims (the "Voluntary Dismissal"). Alix's counsel explained in a letter to the Court that "Plaintiff's top priority is to pursue an immediate appeal of the Court's dismissal of the RICO claims, while simultaneously moving forward on its state law claims" in state court. In other words, Alix sought an immediate appeal of his now-dismissed RICO claims without attempting to meet the requirements of Rule 54(b) or dismissing his State-Law Claims with prejudice. He claimed that this approach would "permit both a prompt appeal of the RICO decision, and immediate progress toward adjudication of the state law claims" in state court. (Dkt. 107.)

On September 4, the Court ordered Defendants to file a letter addressing whether Alix was permitted to file the Voluntary Dismissal and, if not, whether the Court should construe it as a request for the Court to dismiss the State-Law Claims under Rule 41(a)(2). (Dkt. 109.) Before Defendants could file that letter, however, Alix reversed course and filed a letter-motion seeking

permission to withdraw the Voluntary Dismissal. (Dkt. 110.) Alix ostensibly was concerned about whether the Court might treat the Voluntary Dismissal as a request under Rule 41(a)(2), as well as "whether there is a basis to interpret Rule 41(a)(2) differently from Rule 41(a)(1)(A)(i) with respect to the ability to dismiss the individual claims instead of entire actions." (*Id.*) Alix's counsel also claimed that his "partial voluntary dismissal" was "ineffective"—even though he had taken the opposite position two days earlier (*see* Dkt. 107)—and Alix sought to re-file a "Second Amended Complaint." (Dkts. 110, 112.) The Court on September 5 issued a docket entry deeming the Voluntary Dismissal "withdrawn" "[i]n light of Plaintiff's letter" and rescheduling the McKinsey Defendants' supplemental brief on diversity jurisdiction. (Dkt. 113.) The next day the McKinsey Defendants filed a letter indicating that their supplemental brief would also address the effects of the filing of Alix's Voluntary Dismissal. (Dkt. 114.)

## ARGUMENT

### I. Alix's Notice of Voluntary Dismissal Immediately and Irrevocably Dismissed the State-Law Claims.

The lawsuit then-pending before this Court was terminated immediately by operation of Alix's filing of the Voluntary Dismissal on September 3 because a voluntary dismissal requires no court action and is immediately effective. "The law is settled that the filing of a notice of dismissal under Rule 41(a)(1)(i) automatically terminates the lawsuit. No action by the court is necessary to effectuate the dismissal." *Thorp v. Scarne*, 599 F.2d 1169, 1171 n.1 (2d Cir. 1979).

The notice of dismissal was effective even though it listed only the State-Law Claims. To the extent a Rule 41(a)(1)(A)(i) notice must dismiss all claims against a defendant, Alix's notice did just that: Alix's RICO claims had been dismissed with prejudice, (*see* Dkt. 104), and the Voluntary Dismissal operated as a dismissal of the entire action. *See, e.g., Wilson-Cook*

*Med., Inc. v. Wilson*, 942 F.2d 247, 251 (4th Cir. 1991) ("[T]he counts remaining after the partial dismissal then comprised the entire action for Rule 41(a)(1)(i) purposes.").

Even if the Voluntary Dismissal had not effectively dismissed the entire action, as Alix asserted in his September 3 letter to the Court, "the better reasoned view is that Rule 41(a)(1)(A)(i) permits voluntary withdrawal of individual claims without prejudice." (Dkt. 107.) Recent decisions in this district are in accord. *See, e.g.*, *Burgos v. City of N.Y.*, 18 Civ. 1150, 2019 WL 1299461, at *2 n.4 (S.D.N.Y. Mar. 21, 2019) ("The Court will follow the numerous other courts in this Circuit that have interpreted Rule 41(a)(1)(A) to permit the withdrawal of individual claims."); *Nix v. Office of Comm'r of Baseball*, 17 Civ. 1241, 2017 WL 2889503, at *3 n.2 (S.D.N.Y. July 6, 2017) ("[M]ore recent cases make clear that Rule 41 (a) permits the withdrawal of individual claims."); *Azkour v. Haouzi*, 11 Civ. 5780, 2013 WL 3972462, at *3 (S.D.N.Y. Aug. 1, 2013) ("[T]he Court joins other courts in this Circuit in interpreting Rule 41(a)(1)(A) as permitting the withdrawal of individual claims.").

The few decisions within this Circuit that have determined that a plaintiff may only voluntarily withdraw all claims in an action have done so in reliance on *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953), a case that the Second Circuit has since called into question. *See, e.g.*, *Century Sur. Co. v. Vas & Sons Corp.*, 17 Civ. 5392, 2018 WL 4804656, at *2 (E.D.N.Y. Sept. 30, 2018); *Robbins v. City of N.Y.*, 254 F. Supp. 3d 434, 437 (E.D.N.Y. 2017). Specifically, the Second Circuit has instructed that *Harvey*'s assertion that Rule 41 provides for the voluntary dismissal of an action, not a claim, was dicta, *see Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985), and that the case should be limited to its "extreme facts"—an attempted voluntary dismissal without prejudice following a lengthy preliminary injunction hearing in which the court concluded that the claim was unlikely to

prevail on the merits—to the extent it is followed at all. *See Johnson Chem.*, 823 F.2d at 30; *Thorp*, 599 F.2d at 1175 ("[S]ubsequent cases have almost uniformly either distinguished *Harvey Aluminum*, limiting the case to its particular factual setting, or forthrightly rejected it as poorly reasoned."); *see also ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 116 (2d Cir. 2012) ("[W]e note our skepticism that *Harvey Aluminum* is still good law, even confined to the exceedingly narrow compass allowed by our precedent."). Thus, even if the Voluntary Dismissal did not address the entire action (and functionally it did), that notice was still effective under the better reasoned law in this Circuit.

Alix purported to withdraw the Voluntary Dismissal two days after filing it. But because the Court retained no jurisdiction over the State-Law Claims following the Voluntary Dismissal, Alix could not withdraw or amend the notice or seek Court permission to do so. Except for certain collateral issues like sanctions, the notice alone removes the court's jurisdiction over the dismissed claims. *See U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 134 (2d Cir. 2014) (noting that a "voluntary dismissal without prejudice . . . terminates jurisdiction"); *Johnson Chem. Co. v. Home Care Prods.*, 823 F.2d 28, 31 (2d Cir. 1987) (after dismissal under Rule 41(a)(1)(i), "the court lost all jurisdiction over the action"). Hence, the Second Circuit has held that Rule 41 notices of dismissal "are not subject to vacatur." *Thorp*, 599 F.2d at 1176; *see also, e.g.*, *Luv N' Care, Ltd. v. Jackel Int'l Ltd.*, 13 Civ. 1565, 2013 WL 5726052, at *4 (W.D. La. Oct. 21, 2013) ("Once filed, Plaintiff could not unilaterally withdraw the Notice, and the Court could not enforce the withdrawal."); *Shlikas v. Wake Forest Univ.*, 97 Civ. 1188, 1999 WL 1939241, at *2 (M.D.N.C. May 26, 1999) ("Plaintiff cannot attempt to withdraw his voluntary dismissal, since the dismissal was effective upon filing.").

Because the Voluntary Dismissal was automatic, Alix's motion to withdraw the notice is more akin to a request for relief from a judgment under Rule 60(b). Of course, Alix did not file a Rule 60(b) motion. But if he had, that rule would not help Alix because it does not save litigants from their strategic mistakes. The Second Circuit has "consistently declined to relieve a client under [Rule 60(b)(1)] of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law" or "[m]ere dissatisfaction in hindsight with choices deliberately made by counsel." *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) (internal quotation marks omitted) (adding that "an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment"); *e.g.*, *Benton v. Vinson, Elkins, Weems & Searls*, 255 F.2d 299, 300–01 (2d Cir. 1958) (plaintiff's request to vacate notice of dismissal due to ignorance of statute of limitations was not "the kind of 'mistake, inadvertence, surprise, or excusable neglect' contemplated by Rule 60(b)"); *Shlikas*, 1999 WL 1939241, at *2 (finding no basis under Rule 60 to set aside plaintiff's voluntary dismissal after plaintiff attempted to withdraw it one week later). Nor could Alix obtain a Rule 54(b) certification for the dismissed RICO claims (even assuming it were warranted, which it would not be), as his Voluntary Dismissal of all remaining claims ended the Court's jurisdiction over the action. *See Ritchie Capital Mgmt., LLC v. Coventry First LLC*, 07 Civ. 3494, 2016 WL 6952248, at *5 (S.D.N.Y. Nov. 28, 2016).

As a result of Alix's Voluntary Dismissal of all remaining claims, the current action (*i.e.*, 18-cv-4141) should be closed, and Alix's refiling of the State-Law Claims (*see* Dkt. 110) should be properly characterized as a new, related action with a new case number. *See Rest. Teams Int'l, Inc. v. Dominion Capital Fund Ltd.*, 99 Civ. 4138, 2002 WL 1603150, at *1 (S.D.N.Y. July 18, 2002) ("No provision exists in the Federal Rules of Civil Procedure for 'reinstating'

previously dismissed claims. Rather, where a claim has been dismissed without prejudice, the plaintiff is entitled to commence a new action."). The McKinsey Defendants do not object to this Court addressing those claims (beginning with the question of diversity jurisdiction, *see* Section II), but the refiling of the State-Law Claims does not alter the consequences that flow from Alix's voluntary dismissal, including: (i) the divestiture of the Second Circuit's jurisdiction over any future attempt to appeal the dismissal of the RICO claims; (ii) Alix's inability to dismiss the State-Law Claims without prejudice again, *see* Fed. R. Civ. P. 41(a)(1)(B); (iii) the McKinsey Defendants' ability to seek the costs of defending against the State-Law Claims in the first action, *see* Fed. R. Civ. P. 41(d); and (iv) the potential untimeliness of certain of the State-Law Claims because the statute of limitations is not tolled during the pendency of an action that has been dismissed voluntarily, *see, e.g.*, *Barlow v. Sun Chem. Co.*, 838 N.Y.S.2d 387, 394 (N.Y. Sup. Ct. 2007), which should be the subject of additional briefing, if the Court determines it has diversity jurisdiction over the State-Law Claims.

## II. Jurisdictional Discovery Is Required on Alix's State-Law Claims.

The McKinsey Defendants respectfully submit that limited jurisdictional discovery is necessary in order to determine whether this Court has diversity jurisdiction over Alix's State-Law Claims. Such discovery is required to answer questions that are directly relevant to whether diversity jurisdiction exists in this case.

The Court must better ascertain whether AlixPartners' assignment of claims to Alix was "collusive" under 28 U.S.C. § 1359—that is, whether it was done for the primary purpose of creating complete diversity where it otherwise might not have existed. *See Airlines Reporting Corp. v. S & N Travel, Inc.*, 58 F.3d 857, 862–64 (2d Cir. 1995). Similarly, the Court must ascertain whether Alix's purpose in prosecuting this case is to enrich AlixPartners, thereby making AlixPartners the "real and substantial part[y] to the dispute." *Id.* at 862. In either

7

instance—if the assignment was collusive or Alix is not the real party—the Court must consider AlixPartners' citizenship instead of Alix's, in which case complete diversity surely would be lacking because the Court would need to consider the citizenship of each of AlixPartners' partners. *See, e.g.*, *Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001).

The assignment of claims from AlixPartners to Alix is presumptively collusive. Courts "give careful scrutiny to assignments which might operate to manufacture diversity jurisdiction" and apply a presumption of collusion where the assignor and assignee have close ties. *See Airlines Reporting*, 58 F.3d at 862–63 (applying presumption to assignment between corporation and its shareholders); *Prudential Oil Corp. v. Phillips Petrol. Co.*, 546 F.2d 469, 475–76 (2d Cir. 1976) (same for assignment between corporation and wholly-owned subsidiary). The Second Circuit has explained that where the "transfer of legal title to the claims . . . can be easily arranged," it "increas[es] the potential for collusion and compound[s] the difficulty in detecting the true purpose for the assignment." *Airlines Reporting*, 58 F.3d at 863. The close connection between Alix and AlixPartners—Alix founded the company, serves on its board, and retains 35% ownership (*see* Am. Compl. ¶ 45)—raises the same concerns and warrants a presumption of collusion. *Cf. Mehmet v. Thompson*, 05 Civ. 7739, 2007 WL 2728742, at *2–3 (S.D.N.Y. Sept. 13, 2007) (holding that assignment from corporation to sole owner was presumptively collusive); *Falow v. Cucci*, 00 Civ. 4754, 2003 WL 22999458, at *6 (S.D.N.Y. Dec. 19, 2003) (applying presumption to assignment from corporation to one of corporation's two shareholders).

To rebut the presumption of collusion, a party must not only provide evidence of a business reason for the assignment, but "demonstrate that the reason given for the assignment is legitimate, not pretextual." *Airlines Reporting*, 58 F.3d at 863; *Prudential Oil*, 546 F.2d at 476 (party must "provide a basis for the inference that a legitimate business reason, unconnected with

[the] acquisition of diversity jurisdiction, existed for the assignment"). Alix attempts to sidestep this inquiry by arguing that the assignment cannot be collusive because, per his declaration, it is absolute. But Second Circuit cases make clear that a court must inquire into an assignment's primary aim and that the "remittance by the assignee to the assignor of any recovery" is merely one non-dispositive factor in the analysis. *See Airlines Reporting*, 58 F.3d at 863.

The inquiry into the purpose of an assignment is fact-specific, and the assessment of whether a party is the real party in interest is similarly highly contextual. Where jurisdictional facts are disputed, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings. *See APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003). Alix concedes that the inquiry must go beyond the pleadings by providing a short declaration in support of his supplemental brief. But the conclusory factual assertions in that declaration must be tested to ensure that this Court has subject matter jurisdiction. *Cf. BH99 Realty, LLC v. Qian Wen*, 10 Civ. 693, 2011 WL 1838568, at *2 (E.D.N.Y. May 13, 2011) (ordering discovery into whether court had diversity jurisdiction because it could not "credit the declaration submitted by plaintiff without giving defendants the opportunity to engage in discovery"). Alix's short declaration characterizes his and AlixPartners' motivations without contemporaneous support and does not attach the actual assignment agreement. Nor does Alix state what, if anything, he paid for the assignment, *cf. Airlines Reporting*, 58 F.3d at 83 (noting "lack of any meaningful consideration for the assignment" as a relevant factor in an assignment's collusiveness); Alix's supplemental brief suggests that AlixPartners' only consideration is relief from litigation costs. (*See* Dkt. 105 at *9.) Further, Alix's declaration acknowledges that AlixPartners stands to benefit from this litigation for years to come in its competition against McKinsey—a company that AlixPartners stated has "formidable presence in the restructuring field," Aff. of Jay

9

Marshall, Managing Director & Chief Learning Officer of AlixPartners, LLP, ¶ 7, *AlixPartners, LLP v. Thompson*, Del. Ch. No. 9523-VCZ (May 22, 2019) [D.I. 311]—underscoring that AlixPartners may be the real party in interest in this litigation. *See* Alix Decl. ¶ 22 (noting intent to "benefit" AlixPartners through litigation).

Jurisdictional discovery is necessary to assess the assignment, its purpose and circumstances, and whether this litigation is part of an overarching strategy to impede McKinsey's competition with AlixPartners. *E.g.*, *Castillo Grand LLC v. Sheraton Operating Corp.*, 09 Civ. 7197, 2009 WL 4667104, at *2 (S.D.N.Y. Dec. 9, 2009) (noting that defendant was permitted to take limited discovery on subject matter jurisdiction); *New Canaan Capital Mgmt., LLC v. Ozado Partners LLC*, 16 Civ. 1395, 2017 WL 1157153, at *3 (S.D.N.Y. Mar. 25, 2017) (same). Specifically, the Court should order jurisdictional discovery of Alix and AlixPartners, including its board, relating to: (i) the assignment agreement itself; (ii) the compensation paid by Alix for the assignment, including any ongoing financial agreements or arrangements between AlixPartners and Alix relating thereto; (iii) communications between Alix and AlixPartners about the assignment and its purpose; (iv) communications between Alix and AlixPartners regarding the initiation and purpose of this litigation; and (v) any consideration by AlixPartners of pursuing the litigation itself, including any plan to use litigation against McKinsey as a competitive strategy to benefit AlixPartners.

This Court "retains considerable latitude in devising the procedures it will follow to ferret out the facts pertinent to jurisdiction." *APWU*, 343 F.3d at 627. We respectfully request that the Court exercise that discretion by ordering discovery on the issues delineated above, followed by the opportunity to submit a supplemental brief on the issue of diversity jurisdiction.

Dated: September 19, 2019
New York, New York

| SELENDY & GAY PLLC | DEBEVOISE & PLIMPTON LLP |
|---|---|
| By: /s/ Faith E. Gay<br>Faith E. Gay<br>Jennifer M. Selendy<br>David S. Flugman<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 390-9000<br>E-mail: fgay@selendygay.com | By: /s/ John Gleeson<br>John Gleeson<br>Andrew J. Ceresney<br>Erica S. Weisgerber<br>Nathan S. Richards<br>919 Third Avenue<br>New York, New York 10022<br>Telephone: (212) 909-6000<br>E-mail: jgleeson@debevoise.com |