UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAY ALIX,<br><br>               *Plaintiff*,<br><br>-against-<br><br>MCKINSEY & CO., INC.; MCKINSEY HOLDINGS, INC.; MCKINSEY & COMPANY INC. UNITED STATES; MCKINSEY RECOVERY & TRANSFORMATION SERVICES U.S., LLC; DOMINIC BARTON; KEVIN CARMODY; JON GARCIA; SETH GOLDSTROM; ALISON PROSHAN; ROBERT STERNFELS; and JARED YERIAN,<br><br>               *Defendants*. | Case No. 18-cv-04141 (JMF) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR RULE 54(b) CERTIFICATION AND IN SUPPORT OF CONTINGENT
MOTION FOR LEAVE TO AMEND PURSUANT TO RULE 15(a) OR,
<u>ALTERNATIVELY, FOR ENTRY OF ORDER OF PRECLUSION</u>**

Sean F. O'Shea
Michael E. Petrella
Amanda L. Devereux
**CADWALADER, WICKERSHAM & TAFT, LLP**
200 Liberty Street
New York, New York 10281
Tel (212) 504-6000
Fax (212) 504-6666

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................... 1

FACTS ................................................................................................................................... 2

LEGAL ARGUMENT ........................................................................................................... 3

   I. THE COURT SHOULD CERTIFY ITS DISMISSAL OF THE RICO CLAIMS AS FINAL PURSUANT TO RULE 54(b). ................................................................... 3

   II. IF (AND ONLY IF) THE COURT FINDS THE NOTICE EFFECTIVE, THE COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND THE COMPLAINT TO REASSERT THE STATE LAW CLAIMS. ................................... 9

      A. The Court Has Jurisdiction to Grant Leave to Amend. ....................................... 9

      B. The Requirements for Leave to Amend Are Met. ............................................. 10

   III. IF (AND ONLY IF) THE COURT BOTH FINDS THE NOTICE EFFECTIVE AND DENIES PLAINTIFF LEAVE TO AMEND TO REASSERT THE STATE CLAIMS, IT SHOULD ENTER AN ORDER ON PLAINTIFF'S CONSENT PRECLUDING PLAINTIFF FROM RE-FILING THE STATE LAW CLAIMS IN FEDERAL COURT. ...................................................................... 13

CONCLUSION ..................................................................................................................... 14

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Banco Central Del Paraguay v. Paraguay Humanitarian Found'n*,
   2006 WL 3456521 (S.D.N.Y. Nov. 30, 2006) .............................................................................. 6

*Banco Central Del Paraguay v. Paraguay Humanitarian Found'n*,
   2008 WL 2951681 (S.D.N.Y. July 28, 2008) ........................................................................... 6, 7

*Bell v. Hood*,
   327 U.S. 678 (1946) .................................................................................................................... 9

*Black Diamond Sportswear, Inc. v. Black Diamond Equip., Ltd.*,
   2006 WL 2585103 (D. Vt. July 12, 2006) ............................................................................... 6, 7

*Cement Masons Health & Welfare Tr. Fund for N. Cal.*,
   197 F.3d 1003 (9th Cir. 1999) .................................................................................................... 9

*Certain Underwriters at Lloyd's v. Milberg LLP*,
   2010 WL 1838886 (S.D.N.Y. May 4, 2010) ................................................................... 5, 7, 8, 9

*Cullen v. Margiotta*, 811 F.2d 698 (2d Cir.), *overruled on other grounds*,
   *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*,
   483 U.S. 143 (1987) .................................................................................................................... 4

*Da Hing, 68 Inc. v. Golden Wok Ohio, LLC*,
   2008 WL 11417189  (D.N.M. Feb. 20, 2008) .......................................................................... 13

*Foman v. Davis*,
   371 U.S. 178 (1962) .................................................................................................................. 11

*Ginett v. Computer Task Grp., Inc.*,
   962 F.2d 1085 (2d Cir. 1992) .................................................................................................. 3, 5

*H.L. Hayden Co. v. Siemens Med. Sys.*,
    112 F.R.D. 417 (S.D.N.Y. 1986) .............................................................................................. 12

*Katz v. Warner-Lambert Co.*,
    9 F. Supp. 2d 363 (S.D.N.Y. 1998) .......................................................................................... 11

*Krumme v. Westpoint Stevens Inc.*,
   143 F.3d 71 (2d Cir. 1998) ........................................................................................................ 11

*Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*,
   767 F. Supp. 1220 (S.D.N.Y. 1991) ............................................................................................ 4

**Page(s)**

*Marconi Wireless Tel. Co. of Am. v. U.S.*,
  320 U.S. 1 (1942) .............................................................................................................. 10

*Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*,
  908 F.2d 1363 (7th Cir. 1990) ............................................................................................ 4

*Rest. Teams Int'l, Inc. v. Dominion Capital Fund Ltd.*,
  2002 WL 1603150 (S.D.N.Y. July 18, 2002) ............................................................. 12, 13

*Ritchie Capital Mgmt., LLC v. Coventry First LLC*,
  2016 WL 6952248 (S.D.N.Y. Nov. 28, 2016) .............................................................. 7, 8

*S.E.C. v. Gonzalez de Castilla*,
  184 F. Supp. 2d 365 (S.D.N.Y. 2011) ............................................................................... 10

*Sneller v. City of Bainbridge Island*,
  606 F.3d 636 (9th Cir. 2010) ............................................................................................ 11

*Transaero, Inc. v. La Fuerza Aerea Boliviana*,
  99 F.3d 538 (2d Cir. 1996) ................................................................................................. 9

*U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*,
  775 F.3d 128 (2d Cir. 2014) ............................................................................................... 8

**Statutes**

N.Y. CPLR § 205(a) .................................................................................................................. 13

**Rules**

*Fed. R. Civ. P.* 15(a)(2) ............................................................................................................ 11

*Fed. R. Civ. P.* 15(c)(1) ............................................................................................................ 12

*Fed. R. Civ. P.* 41(a)(2) .............................................................................................................. 5

*Fed. R. Civ. P.* 54(b) .................................................................................................................. 3

**Treatises**

6 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1488 (3d ed.) ....... 10

iv

**Page(s)**

9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367 (3d ed.) ......... 8

**PRELIMINARY STATEMENT**

Plaintiff Jay Alix ("**Alix**" or "**Plaintiff**"), by his attorneys, respectfully submits this Memorandum of Law In Support of Plaintiff's Motion for Rule 54(b) Certification and in Support of Contingent Motion for Leave to Amend Pursuant to Rule 15(a) or, Alternatively, for Entry of Order of Preclusion.  The corporate Defendants ("**McKinsey**") argue that Plaintiff's vacated Rule 41(a)(1)(A)(i) notice (ECF 108) (the "**Notice**") purporting to dismiss his breach of contract, promissory estoppel, and tortious interference with business expectancy claims (the "**State Law Claims**") without prejudice is irrevocable and renders the Court's dismissal of Plaintiff's substantive RICO and RICO conspiracy claims (the "**RICO Claims**") a non-final ruling from which an appeal does not lie.  ECF 119, at 1-2, 3-7.  Even if (indeed, especially if) this position is correct,[1] the Court can and should certify its RICO ruling as final pursuant to Federal Rule of Civil Procedure 54(b), as at least two other courts in this district have done to avoid unjustly depriving a plaintiff of appellate rights after a partial withdrawal of claims without prejudice.  *See* Point I, *infra*.

In addition, if the Court finds that the Notice was effective to withdraw the State Law Claims, it should grant Plaintiff leave to amend to reassert those claims.  *See* Point II, *infra*.  The Court has the power to grant leave to amend because final judgment has not been entered, as McKinsey has repeatedly admitted by arguing that there is no final judgment, and thus no appellate jurisdiction.  *See* Point II.A, *infra*.

Alternatively, if, and only if, the Court finds the Notice effective *and* denies Plaintiff leave to amend to reassert the State Law Claims, the Court should enter an order on Plaintiff's consent precluding Plaintiff from re-filing the those claims in any federal court.  This will facilitate

---

[1]  For purposes of this motion only, Plaintiff assumes, *arguendo*, that his attempted voluntary dismissal, if effective, defeats appellate jurisdiction until final judgment is entered.

1

appellate review by establishing that Plaintiff is not trying to split claims in federal court or obtain federal appeals beyond those to which he would have been entitled had his original complaint asserted only the RICO Claims.

## FACTS

The Court's August 19, 2019 Opinion and Order (ECF 104) (the "**Order**") dismissed with prejudice the RICO Claims for failure to state a claim upon which legal relief can be granted. The Order reserved decision concerning the sufficiency of the State Law Claims pending determination of whether the court has diversity jurisdiction. Order at 23. On September 3, 2019, Plaintiff filed the Notice, seeking to dismiss the State Law Claims without prejudice to refiling in state court. ECF 108. Simultaneously, Plaintiff submitted a letter to the Court explaining that the Notice was of questionable validity because it sought to dismiss fewer than all of Plaintiff's claims. ECF 107 at 1-2. Plaintiff further stated that he sought to withdraw the State Law Claims in order to pursue them solely in state court while appealing the dismissal of the RICO Claims. *Id.* at 1.

On September 4, 2019, the Court ordered supplemental briefing regarding the effectiveness of the Notice. ECF 109. On September 5, 2019, Plaintiff withdrew the Notice, having concluded that it was ineffective. ECF 110. That same day, the Court issued an Order deeming the Notice withdrawn and vacated. ECF 113. On September 19, 2019, McKinsey filed a memorandum of law arguing that the Notice was, in fact, effective, and that this action is now in a state of non-finality, with implications for Plaintiff's right to appeal the dismissal of the RICO Claims. ECF 119. at 1-2, 3-7. Plaintiff's response to McKinsey's argument regarding the effectiveness of the Notice is addressed in a separate supplemental memorandum of law filed simultaneously herewith.

**LEGAL ARGUMENT**

## I. THE COURT SHOULD CERTIFY ITS DISMISSAL OF THE RICO CLAIMS AS FINAL PURSUANT TO RULE 54(B).

Irrespective of whether the Court finds the Notice effective, Plaintiff requests that the Court certify its ruling dismissing the RICO Claims as final pursuant to *Fed. R. Civ. P.* 54(b). Courts consider three factors in determining whether a Rule 54(b) certification is appropriate: 1) whether multiple claims or multiple parties are present; 2) whether at least one claim or the rights and liabilities of at least one party, has been finally decided; and 3) whether there is no just reason for delay of an appeal. *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992). The first two factors are questions of law, while the third factor is committed to the Court's discretion. *Id.* at 1092.

All three factors warrant certification here. As to the first, the Order dismissed the RICO Claims, which are based on a distinctly different theory and fact set than the State Law Claims. Specifically, the RICO Claims focus on Defendants' wrongful failure to disclose connections pursuant to Bankruptcy Rule 2014, whereas the State Law Claims focus almost entirely on a contractual agreement between the parties (excluding the individual Defendants). The degree of legal and factual overlap between the two sets of claims is negligible: the state law contract and promissory estoppel claims concern McKinsey's October 2014 agreement to wind down its restructuring business and its ensuing breach of that promise in early 2015, while the RICO Claims predominantly concern the Defendants' specific disclosure failures and other unlawful activities in connection with thirteen bankruptcy proceedings spanning from 2001 to the present. While Plaintiff's Seventh Cause of Action alleges that McKinsey tortiously interfered with AlixPartners LLC's business expectancies under Virginia law (ECF 73 ¶¶ 583-588), the claim concerns only

two of the thirteen bankruptcy proceedings at issue in this action and therefore represents only a small subset of the RICO Claims.

This minute factual congruity does not preclude a Rule 54(b) judgment. *See Cullen v. Margiotta*, 811 F.2d 698, 712-13 (2d Cir.) (holding that plaintiffs' RICO claims were separate from their 42 U.S.C. § 1983 claims despite arising from same underlying facts, because the two claims had separate elements and RICO claim offered treble damages, unlike § 1983), *overruled on other grounds*, *Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143 (1987); *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1237 (S.D.N.Y. 1991) (holding that tender offeror's claims against Lehman and certain employees, alleging that insider trading increased stock price of target and seeking purchase-related damages and disgorgement, were distinct from claims for breach of fiduciary duty by Lehman notwithstanding that all claims arose from same transaction and therefore had some factual overlap), *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992); *see also Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1363, 1368 (7th Cir. 1990) (Posner, J.) ("[I]t is not a decisive consideration . . . either that [the claims] are one claim for purposes of res judicata or that there is considerable but not complete factual overlap between them.  If the claims are legally distinct and involve at least some separate facts, the district court has the *power* to enter a Rule 54(b) judgment, and it becomes a matter of the district judge's *discretion* . . . whether to exercise the power"). As set forth in Point II.B, *infra*, if the Court finds the Notice effective, it may decide to grant Plaintiff leave to reassert the contract and promissory estoppel claims, but not the tortious interference claims.  If the Court opted to do so, the RICO Claims would be completely distinct from the State Law Claims, and Plaintiff requests that the Court adopt that approach if necessary to grant Rule 54(b) relief. *See* footnote 5, *infra*. (And if the Court were to find the Notice effective but decline to permit the requested

4

amendment, the State Law Claims will have been removed from the case entirely, leaving the RICO Claims distinct.)  In addition, the RICO Claims are distinct because the individual Defendants are parties to those claims, but not the State Law Claims.

The second factor is met because the RICO Claims have been dismissed with prejudice. *Ginett*, 962 F.2d at 1091.

With respect to the third factor, there is no just reason for delay of an appeal.  To the contrary, Rule 54(b) relief is particularly appropriate where, as here, a defendant claims that a voluntary dismissal could be used to compromise Plaintiff's appellate rights.  For example, in *Certain Underwriters at Lloyd's v. Milberg LLP*, 2010 WL 1838886 (S.D.N.Y. May 4, 2010) ("***Milberg***"), after the court dismissed most of the plaintiffs' claims, one of the plaintiffs, Illinois Union, moved pursuant to Rule 41(a)(2) to dismiss its remaining claims without prejudice.  *Id.* at *1.  The court granted the motion and directed entry of judgment in the defendants' favor pursuant to Rule 58.  *Id.*  The plaintiffs then moved for Rule 54(b) certification to permit them to appeal the claims dismissed by the court.  *Id.*  The defendants argued in opposition that the court's entry of judgment, coupled with the plaintiffs' failure to file a notice of appeal therefrom, deprived the court of jurisdiction to award Rule 54(b) relief.  *Id.* at *2.  The court, however, ruled that the judgment was not final because Illinois Union's claims had been dismissed without prejudice and could be reinstated.  *Id.* at *2-*3.  Because a district "[c]ourt retains jurisdiction until it renders a final judgment," the court "had jurisdiction to adjudicate Plaintiffs' Rule 54(b) motion." *Id.* at *4. Thus, the court granted the plaintiffs' Rule 54(b) motion, noting that no just reason for delay existed and that "[w]ere the Court not to grant Plaintiffs' motion, Plaintiffs may be permanently denied an appeal of the Court's determination of the claims that formed the gravamen of this action." *Id.*

Other courts in this Circuit have also granted Rule 54(b) relief where (as McKinsey argues here) a dismissal without prejudice could deny the plaintiff a right to appeal. *See Black Diamond Sportswear, Inc. v. Black Diamond Equip., Ltd.*, 2006 WL 2585103, at *1, *3-*4 (D. Vt. July 12, 2006) (Rule 54(b) certification granted where court dismissed all of plaintiff's claims on summary judgment, parties stipulated to dismissal without prejudice of defendant's counterclaim, and parties agreed that dismissal without prejudice deprived plaintiff of its right to appeal: "Even if this is a borderline case for certification as to the separability of the claims, the judgment should be heard on immediate appeal because the practical consequence of events in this case is the likely permanent denial of BDS's appeal. Therefore, the equities favor certification for immediate appeal.").

*Banco Central Del Paraguay v. Paraguay Humanitarian Found'n*, 2008 WL 2951681 (S.D.N.Y. July 28, 2008) also supports Rule 54(b) certification here. In that case, after entering summary judgment in the plaintiff's favor on one count, the court granted the plaintiff's motion to dismiss its remaining counts without prejudice pursuant to Rule 41(a)(2). 2008 WL 2951681 at *1; *Banco Central Del Paraguay v. Paraguay Humanitarian Found'n*, 2006 WL 3456521, at *8 (S.D.N.Y. Nov. 30, 2006). Although the defendants appealed from the entry of summary judgment, the parties stipulated to a withdrawal of the appeal as premature, in view of the without-prejudice withdrawal of the plaintiff's other claims. *Banco Central*, 2008 WL 2951681 at *1. The court then granted the defendants' motion for Rule 54(b) certification, noting that "there is no just reason for delay of an appeal: the without-prejudice voluntary dismissal of the remaining claims has rendered those claims essentially dormant." *Id.* Notably, the court rejected the defendants' request that the plaintiff be required to "fully and finally abandon" the claims that were dismissed without prejudice. *Id.*

McKinsey argues that the Court is precluded from making a Rule 54(b) certification because Plaintiff's "[v]oluntary [d]ismissal of all remaining claims ended the Court's jurisdiction over the action." ECF 119 at 6 (citing *Ritchie Capital Mgmt., LLC v. Coventry First LLC*, 2016 WL 6952248, at *5 (S.D.N.Y. Nov. 28, 2016)). Defendants misperceive the relevant law and the import of *Ritchie Capital*. *First*, the *Milberg* decision, together with *Banco Central*, eviscerates McKinsey's contention that courts lack jurisdiction to grant Rule 54(b) relief after some claims have been adjudicated and others have been voluntarily dismissed pursuant to Rule 41(a). Those precise facts were presented in *Milberg* and *Banco Central*. Similarly, in *Black Diamond Sportswear*, the court granted Rule 54(b) certification after entering summary judgment dismissing the plaintiff's claims and after the parties stipulated to a without-prejudice withdrawal of the defendant's counterclaim. 2006 WL 2585103 at *1.

*Second*, *Ritchie Capital* is plainly distinguishable because this Court still has jurisdiction over this case. The *Ritchie Capital* plaintiffs asserted RICO, tort, and breach of contract claims. 2016 WL 6952248 at *1. After the court dismissed the RICO and tort—but not contract—claims pursuant to Rule 12(b)(6), the plaintiffs dismissed ***all*** of their claims (including those involuntarily dismissed by the court) without prejudice pursuant to Rule 41(a)(1)(A)(i). The plaintiffs then filed a new, separate federal lawsuit asserting only their contract claim. 2016 WL 6952248, at *1-*2. By that time, the plaintiffs had notice of the finality problem created by the without-prejudice withdrawal of their claims and the requisite need for Rule 54(b) certification. *Id.* at *2, *5. **Eight years later**, the plaintiffs moved to vacate their Rule 41(a) dismissal in the original case pursuant to Rule 60(b) and for entry of a Rule 54(b) certification. *Id.* at *4. The court ruled that the motion was untimely under Rules 60(b)(1) and 60(b)(6) and that the plaintiffs' decision not to file a timely

7

Rule 60(b)(1) motion did not constitute the requisite extraordinary circumstances or hardship warranting relief under Rule 60(b)(6). *Id.* at *4-*5.

*Ritchie Capital* does not support McKinsey's proposition that dismissal of the RICO Claims, coupled with the voluntary dismissal of the State Law Claims, "ended the Court's jurisdiction." ECF 119 at 6. For one thing, the *Ritchie Capital* plaintiffs withdrew **all** of their claims, including the RICO and tort claims that the court had dismissed on the defendants' motion. *Id.* at *1. By so doing, the district court immediately and automatically lost jurisdiction over the case. *See U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, 775 F.3d 128, 134 (2d Cir. 2014) (voluntary dismissal without prejudice terminates jurisdiction over case for reason that case has become moot); *see also* 9 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2367 (3d ed.) ("voluntary dismissal without prejudice under Rule 41(a) leaves the situation as if the action never had been filed."). Here, however, Plaintiff has *not* withdrawn his RICO Claims, and nothing in *Ritchie Capital* holds that, under such circumstances, the Court's jurisdiction over this action has ended so as to bar Rule 54(b) or other relief. To the contrary, the law is crystal clear that the Court has jurisdiction until final judgment is entered (*see* Point II, *infra*), no Rule 58 judgment has been entered, and even McKinsey argues that there has been no final judgment in the case—it insists Plaintiff cannot appeal for that very reason (ECF 119 at 1, 7). Indeed, *Ritchie Capital* supports *Plaintiff's* motion, because that court only denied Rule 54(b) certification because the plaintiffs' motion was untimely under Rule 60, and it therefore lacked jurisdiction to grant relief. *Id.* at *5. In contrast, final judgment has not been entered in this case, and therefore Rule 60—a *post*-judgment remedy[2]—does not apply.

---

[2]   *E.g., Milberg*, 2010 WL 1838886 at *5 ("Rule 60(b) expressly applies only to final judgments…. The Rule 58 judgment in this case is not final, so there is no reason to construe Plaintiffs' motions as having been made pursuant to Rule 60(b).")

8

## II. IF (AND ONLY IF) THE COURT FINDS THE NOTICE EFFECTIVE, THE COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND THE COMPLAINT TO REASSERT THE STATE LAW CLAIMS.

Should the Court deem the Rule 41(a) Notice effective, rather than adopt McKinsey's strained and tactical suggestion of a new action (ECF 119 at 6-7),[3] it should simply grant Plaintiff leave to amend the Amended Complaint to 1) reassert the State Law Claims; and 2) amend the jurisdictional allegations as contemplated by the August 19, 2019 Order so as to demonstrate diversity jurisdiction over the reinstated claims.

### A. The Court Has Jurisdiction to Grant Leave to Amend.

This Court has jurisdiction to grant Plaintiff leave to amend. McKinsey falsely suggests that if Plaintiff's Notice was effective, the Court no longer has any jurisdiction over this case. ECF 119 at 6. But even if the Notice *did* dismiss the State Law Claims, the RICO Claims were explicitly excluded from the Notice, and the Court's Rule 12(b)(6) dismissal of the RICO Claims does not deprive it of jurisdiction over this case. *See*, *e.g.*, *Bell v. Hood*, 327 U.S. 678, 682 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action"); *Cement Masons Health & Welfare Tr. Fund for N. Cal.*, 197 F.3d 1003, 1008 (9th Cir. 1999) ("Any non-frivolous assertion of a federal claim suffices to establish federal question jurisdiction, even if that claim is later dismissed on the merits."). Indeed, this Court "retains jurisdiction until it renders a final judgment," *Milberg*, 2010 WL 1838886 at *4, and the Court is even "vested with the power to revisit its decisions before the entry of final judgment and is free from the constraints of Rule 60 in so doing[.]" *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir. 1996); *see also Marconi Wireless Tel. Co. of Am. v. U.S.*, 320 U.S. 1, 47

---

[3] McKinsey suggests that Plaintiff has already re-filed the State Law Claims. That is false. The Court rejected the actual filing of the Proposed Second Amended Complaint pending further order. *See* ECF 112 and Docket Entry following ECF 113.

9

(1942) (district court had power to "reconsider any portion of its decision and reopen any part of the case" prior to final judgment). Here, McKinsey repeatedly argues that Plaintiff cannot appeal because *there is no final judgment in the case*. ECF 119 at 1, 7. And, indisputably, no Rule 58 judgment has been entered. Therefore, this Court unquestionably has ongoing jurisdiction over this case.

This Court has the power to grant leave to amend, at a minimum, until final judgment is entered. *See, e.g.*, 6 Wright & Miller, *supra*, § 1488 ("Rule 15(a) does not prescribe any time limit within which a party may apply to the court for leave to amend. . . . Quite appropriately, the courts have not imposed any arbitrary timing restrictions on requests for leave to amend and permission has been granted under Rule 15(a) at various stages of the litigation. These include: . . . after a judgment has been entered; and even on remand after an appeal"); *S.E.C. v. Gonzalez de Castilla*, 184 F. Supp. 2d 365, 383-84 (S.D.N.Y. 2011) (granting plaintiff leave to amend complaint to add insider trading charges concerning second transaction after having awarded defendants summary judgment on all claims concerning first transaction). Again, McKinsey admits that there has been no final judgment here, and clearly no Rule 58 judgment has been entered. Accordingly, the Court has full authority to grant leave to amend.

### B. The Requirements for Leave to Amend Are Met.

Turning to the merits of the Rule 15 request, leave to amend a pleading is to be given freely, there are no extenuating circumstances militating against amendment, and (according to McKinsey) denial of leave might deprive Plaintiff—unjustly—of the right of appeal. *See* ECF 119 at 1 (arguing Plaintiff lacks the ability to appeal because of his voluntary dismissal). Accordingly, the Court should exercise its discretion and grant leave to amend. Indeed, leave to amend will simply put the case back in the same posture it was in as of the Court's August 19 Order.

"The court should freely give leave [to amend] when justice so requires." *Fed. R. Civ. P.* 15(a)(2).  Leave should be given in the absence of factors "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  None of the factors warranting denial of leave to amend are present here.

This action is in its early stages.  No discovery has taken place and Defendants have not answered the Amended Complaint.  *See Krumme v. Westpoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (prejudice is most acute where amendment is requested after discovery completed).  Plaintiff has not engaged in undue delay: he even withdrew the Notice within one day of filing it.  Nor has Plaintiff acted in bad faith.  Clearly, it is not bad faith to seek expedition on all fronts (*see* ECF 107 at 1); or to seek to relieve this Court of the burden of adjudicating diversity jurisdiction and the State Law Claims;[4] or to merely seek the federal appeal to which Plaintiff would have been entitled had his original complaint asserted only the RICO Claims.  *See Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638 (9th Cir. 2010) (plaintiff's voluntary dismissal of state law claims to pursue them in state court was "legitimate" and did not prevent district court order dismissing remaining claims from being final for purposes of appeal).

Defendants also cannot plausibly claim that the requested amendment will unduly prejudice them.  One of the most important considerations in determining prejudice is the degree to which it would delay final disposition of the action.  *H.L. Hayden Co. v. Siemens Med. Sys.*, 112

---

[4] Indeed, this Court has acknowledged that it would dismiss the State Law Claims unless compelled to retain them because of diversity jurisdiction (Order at 21-22), which exists for ***Plaintiff's*** benefit.  *See, e.g., Katz v. Warner-Lambert Co.*, 9 F. Supp. 2d 363, 364 n.2 (S.D.N.Y. 1998) (diversity jurisdiction serves to protect nonresidents from local prejudices of state courts).

11

F.R.D. 417, 419 (S.D.N.Y. 1986). The requested amendment will not significantly delay the proceeding. Should the State Law Claims be reinstated by amendment, briefing on the question of diversity jurisdiction is already complete, as is briefing on the legal sufficiency of those claims. Granting Plaintiff's motion for leave to amend would do nothing more than restore the case to its identical status immediately following this Court's recent August 19 Order.

Considerations of futility or of repeated failures to cure previously-identified deficiencies are irrelevant here. Plaintiff is not seeking to reassert any claims previously ruled insufficient, but rather to reassert claims that have yet to be adjudicated. Because leave to amend should be given freely and there are no mitigating factors, the Court should exercise its discretion to permit Plaintiff to amend his complaint to reinstate the State Law Claims.

In support of the proposition that the Court cannot grant a Rule 15 motion permitting reassertion of the State Law Claims, McKinsey relies on a single unpublished magistrate opinion that cites nothing in support of its conclusion. *See Rest. Teams Int'l, Inc. v. Dominion Capital Fund Ltd.*, 2002 WL 1603150 (S.D.N.Y. July 18, 2002) (cited in ECF 119 at 6-7). To the extent that case can be read to support McKinsey's position, it is simply wrong. Nothing in Rule 15 prevents a district court from permitting an amendment to reassert previously dismissed claims.

Moreover, the considerations that led to the *Restaurant Teams* outcome were timeliness and prejudice. The court was concerned that "reinstating" the plaintiff's claims would create "ambiguity with respect to their timeliness." *Id.* at *1. That is not the case here. If the Court grants Plaintiff leave to amend, the reasserted State Law Claims would be filed as of the date of the amendment, and those claims would either relate back to the original filing date of this action for statute of limitations purposes pursuant to Rule 15(c)(1) or they would not. In either event, there would be no "ambiguity." Further, assuming that the reasserted state claims *would* relate

12

back, that would simply leave McKinsey in the same position from a statute of limitations perspective that it was in mere weeks ago. There is no prejudice in that. *See Da Hing, 68 Inc. v. Golden Wok Ohio, LLC*, 2008 WL 11417189, at *2 n.4 (D.N.M. Feb. 20, 2008) (allowing reinstatement of previously dismissed claims to avoid inefficiency; rejecting *Restaurant Teams* as based on inapplicable statute of limitations concerns).[5] Finally, the plaintiff's request in *Restaurant Teams* sought to revive claims against defendants that had been dismissed and had not participated in the litigation for **three years**. *Id*. at *2. No such unfairness is presented by Plaintiff's request here.

### III. IF (AND ONLY IF) THE COURT BOTH FINDS THE NOTICE EFFECTIVE AND DENIES PLAINTIFF LEAVE TO AMEND TO REASSERT THE STATE CLAIMS, IT SHOULD ENTER AN ORDER ON PLAINTIFF'S CONSENT PRECLUDING PLAINTIFF FROM RE-FILING THE STATE LAW CLAIMS IN FEDERAL COURT.

In the alternative, if, *and only if*, the Court finds the Notice valid *and* denies Plaintiff leave to amend to reassert the State Law Claims, the Court should exercise its ongoing jurisdiction over this case to enter an order on Plaintiff's consent prohibiting the re-filing of the State Law Claims in federal court. (A copy of a proposed order is annexed to the accompanying Notice of Motion as Exhibit A thereto.) Such an order would establish, for purposes of appellate jurisdiction, that Plaintiff is not attempting to split his claims in federal court or obtain any federal appeals beyond

---

[5] Notably, the timeliness issue is irrelevant as to Plaintiff's contract and promissory estoppel claims, which would be timely, even if filed today for the first time. The contract was formed and the promises made on or about October 16, 2014, and breached in or about March 2015. ECF 73, ¶¶ 128-133. Both dates were less than six years ago. Although Plaintiff's tortious interference claim would likely be time-barred if filed today for the first time, Plaintiff's defunct Rule 41(a) Notice demonstrates that he was willing to abandon that claim; the attempted voluntary dismissal meant that Plaintiff would lose the benefit of N.Y. CPLR § 205(a). For that reason, if necessary to avoid timeliness concerns, the Court could enter an order permitting amendment to reassert the contract and promissory estoppel claims, but not the tortious interference claim.

those he would have been entitled to take had his original complaint asserted only the RICO Claims.

As noted above, for purposes of this motion only, Plaintiff assumes *arguendo* that McKinsey is correct that the Notice, if effective, would prevent a final judgment for purposes of (*inter alia*) appeal. Plaintiff reserves any contrary argument for either later in these proceedings, the Circuit Court, or both. Plaintiff further reserves the right to take any further action with respect to his State Law Claims that the Circuit Court may deem necessary to create or preserve appellate jurisdiction.

## CONCLUSION

For all of the foregoing reasons, the Court should:

1) enter judgment on the RICO Claims and certify the judgment as final for purposes of appeal pursuant to Rule 54(b);

2) if, *and only if,* the Court rules that the Notice was effective, grant Plaintiff leave to amend his Amended Complaint to reassert the State Law Claims;

3) if, *and only if*, the Court rules that the Notice was effective *and* the Court denies Plaintiff leave to amend to reassert the State Law Claims, enter an order on Plaintiff's consent precluding Plaintiff from re-filing the State Law Claims in federal court; and

4)   award such other or further relief as the Court deems just and proper.

Dated: New York, New York
       October 3, 2019

                                    CADWALADER, WICKERSHAM & TAFT, LLP

                        By:   /s/ *Sean F. O'Shea*
                                    Sean F. O'Shea
                                    Michael E. Petrella
                                    Amanda L. Devereux
                                    200 Liberty Street
                                    New York, New York 10281
                                    Tel (212) 504-6000
                                    Fax (212) 504-6666

                                    *Attorneys for Plaintiff Jay Alix*