September 12, 2022

**BY ECF**
Hon. Jesse M. Furman
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

*Plaintiff shall respond to this letter motion by no later than **September 16, 2022**.  SO ORDERED.*

*September 13, 2022*

Re: *Jay Alix v. McKinsey & Co., Inc. et al.*, 18-CV-04141 (JMF)

Dear Judge Furman:

Defendants respectfully request that the Court stay all discovery pending resolution of Defendants' Motion to Dismiss the Second Amended Complaint ("SAC"). A stay is warranted in light of Defendants' substantial arguments for dismissal, the breadth of discovery implicated by the sprawling claims alleged in the 289-page SAC, and the absence of unfair prejudice to Plaintiff from such a stay. If, however, the Court orders that discovery proceed, Defendants respectfully request in the alternative that the Court prioritize and expedite discovery concerning whether Plaintiff Jay Alix—who asserts claims purportedly assigned by AlixPartners LLP—is the real party in interest to this litigation.

## Background

The 707-paragraph SAC asserts sweeping claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"), alleging dozens of predicate acts relating to fourteen bankruptcy proceedings spanning a nearly twenty-year period, against four McKinsey entities and nine individuals currently or formerly employed by McKinsey.[1]

Defendants moved to dismiss the SAC on September 9, 2022. Dkt. 200 (the "Motion to Dismiss"). The Motion to Dismiss presents grounds for complete dismissal of this case. It also presents grounds to significantly narrow the scope of the case, even if some portion survives. As just one example, Defendants demonstrate that claims relating to eight of the fourteen bankruptcies at issue are barred as to all Defendants by RICO's four-year statute of limitations, and thirteen of those bankruptcies are untimely as to the two newly added Individual Defendants. Dismissal of those claims would significantly limit the scope of discovery, for instance by eliminating the need to take discovery into both McKinsey's and AlixPartners' connections with the interested parties in those bankruptcies, as well as other factors that may have foreclosed the retention of AlixPartners.

Prior to moving to dismiss, Defendants informed the Court that they intend to seek discovery concerning whether AlixPartners, pursuant to Rule 17, is the real party in interest in

---

[1] Defendants McKinsey & Company, Inc., McKinsey Holdings, Inc., McKinsey & Company Inc. United States, and McKinsey Recovery & Transformation Services U.S., LLC are referred to collectively as the "Corporate Defendants." Dominic Barton, Kevin Carmody, Jon Garcia, Seth Goldstrom, Mark Hojnacki, Virginia Molino, Alison Proshan, Robert Sternfels, and Jared Yerian are referred to collectively as the "Individual Defendants."

The Honorable Jesse M. Furman                                             September 12, 2022

this case.  Dkt. 183.  The Court subsequently ordered that "a discovery and briefing schedule for Rule 17 motion practice is contingent on discovery proceeding in general," and deferred decision on an expedited schedule until discovery is set to proceed, if at all.  Dkt. 189.

## Argument

### I.   There Is Good Cause to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss.

Discovery may be stayed upon a showing of "good cause."  *Negrete v. Citibank, N.A.*, 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015).  Here, good cause exists to stay discovery pending resolution of Defendants' Motion to Dismiss because (i) Defendants have raised "substantial arguments" for dismissal; (ii) conducting discovery into Plaintiff's sprawling allegations prior to ruling on Defendants' motion would be unduly burdensome, waste judicial and party resources, and impose unnecessary burdens on third parties, particularly when it remains to be seen what, if anything, will be left of the SAC after the Court rules; and (iii) a stay will not unfairly prejudice Plaintiff.  *See id.*; *see also In re Term Comms. Cotton Futures Litig.*, 2013 WL 1907738, at *5 (S.D.N.Y. May 8, 2013) (Fox, M.J.).

#### A.   Defendants Have Raised Substantial Arguments for Dismissal.

Defendants' Motion to Dismiss demonstrates that Plaintiff's claims should be dismissed entirely—or, at a minimum, substantially narrowed—for numerous reasons, including:

- ***Plaintiff fails to adequately plead that McKinsey's disclosures were false or misleading.***  The SAC claims that McKinsey's disclosures fell short of what Rule 2014 supposedly requires.  But because McKinsey's disclosures openly stated what was—and was not—being disclosed, any supposed deficiency is not nearly sufficient to plead a fraud claim.  This compels dismissal of the claims against all Defendants related to those disclosures and Defendants' bankruptcy court conduct.  *See* Motion to Dismiss § I.A.

- ***Plaintiff fails to plead facts supporting a strong inference of scienter.***  McKinsey's detailed and transparent disclosures defeat any inference of fraud.  And while the crux of the SAC is that Defendants supposedly violated Rule 2014, Alix has not adequately pled a knowing violation of Rule 2014—much less actions taken with the intent to defraud.  This compels dismissal of the claims against all Defendants related to those disclosures and Defendants' bankruptcy court conduct.  *See* Motion to Dismiss § I.B.

- ***RICO's statute of limitations bars Plaintiff's claims in their entirety as to certain Individual Defendants, and in large part as to all other Defendants.***  The limitations period has expired as to the earliest eight bankruptcies for all Defendants, as to all bankruptcies for Defendants Goldstrom, Yerian, and Garcia, and as to all but one bankruptcy for Defendants Molino and Hojnacki, who were only added as defendants in the SAC.  *See* Motion to Dismiss § II.

- ***Plaintiff has not adequately alleged a RICO enterprise distinct from McKinsey and its corporate affiliates, or an association-in-fact enterprise comprised of McKinsey and its debtor clients.***  This compels dismissal of all claims against the Corporate Defendants,

2

The Honorable Jesse M. Furman											September 12, 2022

including the "pay-to-play" allegations, and the dismissal of Count 3 against all Defendants. *See* Motion to Dismiss § IV.

- ***Plaintiff fails to adequately plead that the Individual Defendants committed any racketeering acts or operated or managed any of the alleged RICO enterprises.*** Alix fails to allege facts sufficient to establish that any Individual Defendant committed any acts of racketeering or played a part in directing, operating, or managing any of the alleged RICO enterprises. This requires dismissal of all claims against all Individual Defendants. *See* Motion to Dismiss §§ I.A, I.B, I.C, I.D, I.E, V.

- ***Plaintiff's alleged injury is not within the applicable zone of interests for his statutory claim.*** Plaintiff is not a victim protected by the bankruptcy disclosure provisions that form the basis of the alleged predicate acts underlying his RICO claims. This compels dismissal of the RICO claims against all Defendants related to those disclosures and Defendants' bankruptcy court conduct. *See* Motion to Dismiss § VI.

- ***Plaintiff fails to adequately plead that AlixPartners was actually injured or lost profits as a result of McKinsey's alleged conduct.*** Alix makes only conclusory allegations that McKinsey's allegedly omitted connections were disqualifying and fails to allege that, in such case, the bankruptcy courts would have approved AlixPartners' retention. (In fact, public filings make clear that AlixPartners had a disqualifying conflict in *SunEdison* that would have precluded its retention.) This requires dismissal of all claims, including the "pay-to-play" allegations, against all Defendants. *See* Motion to Dismiss § VII.

- ***Plaintiff's claims related to ANR are barred by collateral estoppel***. This requires dismissal of claims based on *ANR* against all Defendants. *See* Motion to Dismiss § III.

- ***Plaintiff fails to plead any details of a conspiracy agreement***. This compels dismissal of the § 1962(d) conspiracy claim against all Defendants. *See* Motion to Dismiss § VIII.

Defendants' motion clearly raises "substantial arguments" for dismissal, *Negrete*, 2015 WL 8207466, at *1, and will likely either be dispositive or render the SAC a shadow of its former self. This weighs heavily in favor of a stay. *See, e.g.*, *Alpha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (granting stay based on "potentially dispositive" motion); *HAHA Global, Inc. v. Barclays*, 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (where "disposition of the dismissal motions may significantly narrow, if not eliminate, the issues remaining in this case . . . proceeding with discovery while the motion is pending would waste the parties' resources" (citations omitted)); *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) ("[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or . . . 'do[es] not appear to be without foundation in law.'" (citation omitted)).

### B.    Discovery Would Impose Considerable Burdens on Defendants and Third Parties and Waste Judicial Resources.

A stay is also warranted because the anticipated discovery is, to say the least, "significant in scope and expensive to comply with." *Negrete*, 2015 WL 8207466, at *2; *see Alpha View*, 2021 WL 1893316, at *2 (stay of discovery is especially appropriate where the alleged conduct

3

The Honorable Jesse M. Furman                                          September 12, 2022

in a case spans "multiple years," numerous parties, and "countless transactional documents"). Plaintiff is likely to seek wide-ranging and expensive discovery. His allegations span two decades, fourteen corporate bankruptcies, and 43 declarations submitted on behalf of McKinsey in those cases. Discovery on Plaintiff's full allegations could implicate enormous amounts of information and voluminous privileged materials, particularly because Plaintiff has sued attorneys, including McKinsey's former General Counsel. Such discovery would impose substantial burden and expense on Defendants and third parties. These third parties include the still-unidentified professionals and law firms that are necessarily implicated by Plaintiff's fraud and pay-to-play allegations; the interested parties in the fourteen bankruptcies at issue; and AlixPartners' own leaders, investors, and employees.

Defendants and third parties should not incur the substantial expense and burden of discovery where the RICO claims fail as a matter of law or, at a minimum, should be significantly narrowed. *See, e.g.*, *HAHA*, 2020 WL 832341, at *1 (where disposition of motion will "significantly narrow" scope of discovery, "proceeding with discovery . . . would constitute an undue burden on Defendants"); *Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (granting stay because resolution of motion could "simplify[] and shorten[]" discovery on remaining claims). Indeed, given that Plaintiff's allegations center on 14 distinct bankruptcy cases, even a partial dismissal could narrow discovery significantly.[2]

Finally, discovery in this case—both between the parties and on third parties—will undoubtedly result in disputes requiring the attention of this Court (and where third parties are implicated, potentially other courts). If Defendants are successful on their Motion to Dismiss, or even partially successful, a stay will promote judicial economy as it will obviate or reduce the need for judicial resolution of discovery disputes in this case.

### C.   Plaintiff Will Suffer No Unfair Prejudice If Discovery Is Stayed.

By contrast, Plaintiff will not suffer any unfair prejudice if the Court stays discovery. "[W]ith the viability of [a c]omplaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice." *Spinelli*, 2015 WL 7302266, at *2. And where, as here, Defendants have already filed their Motion to Dismiss, "any stay would last briefly" and "would not unfairly prejudice [the] Plaintiff." *See HAHA*, 2020 WL 832341, at *1.

That is particularly true here, where Alix principally seeks monetary damages and makes no credible allegations of ongoing harm or imminent loss of evidence. *See Straight Path IP Grp., Inc. v. Verizon Commc'ns Inc.*, 2016 WL 6094114, at *3 (S.D.N.Y. Oct. 18, 2016) (no prejudice to plaintiff from a stay where there is no "ongoing harm" and "monetary damages" are available); *Term Comms. Cotton Futures Litig.*, 2013 WL 1907738, at *7 (fact that "the potential exists" for evidence to be lost is a "usual litigation risk" and does not constitute "unfair prejudice" to the party opposing a stay pending outcome of motion to dismiss).

---

[2] Defendants' pending petition for certiorari could also ultimately obviate any need for discovery.

**II.     If a Stay Is Denied, Rule 17 Discovery Should Be Prioritized.**

If the Court nevertheless concludes that discovery should proceed, Defendants request that, as a matter of sound case management, the Court expedite Rule 17-related discovery and briefing before the Rule 26(f) conference and the commencement of full case discovery.

Requests for expedited discovery are considered under a flexible standard of "reasonableness" and "good cause." *Ayyash v. Bank Al-Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005) (collecting cases). Where (as here) good cause exists, such expedited discovery should proceed on a targeted and limited basis before the Rule 26(f) conference and "full and normal discovery" in the case. *Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007). There is good cause here to expedite discovery to determine whether Alix is authorized to pursue this suit *before* proceeding with full and normal discovery. Doing so will protect Defendants from incurring the unnecessary expense and delay of litigating against a person without authority to bring this action in the first place. *Cf.* Fed. R. Civ. P. 1 (providing that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action"). Moreover, Defendants and third parties should not incur the expense and burden of responding to Alix's merits-based discovery unless the Court finds that he is authorized to proceed as the plaintiff.

Staging discovery in this manner is particularly appropriate here because the existing record already strongly supports a finding that the purported assignment was improper. *See Stern*, 246 F.R.D. at 457 (finding good cause for expedited discovery where documents already before the court supported underlying motion). In a declaration filed in this case, Alix stated that AlixPartners assigned him these claims to avoid "the risk, burden, and expense of litigation" while enabling it "at the same time [to] benefit from" the suit. Dkt. 106 (Alix Decl.), ¶ 22. In other words, Alix has admitted, under penalty of perjury, that this assignment was designed to convert AlixPartners from a party (subject to party-specific discovery obligations and evidentiary rules) to a non-party, while still trying to achieve for AlixPartners the "benefit" of the litigation. This is not a legitimate business purpose, *see* Dkt. 139 at 17, and cannot convert Alix into the real party in interest. *See* Dkt. 183 at 2.

Accordingly, if the Court declines to stay discovery in its entirety, Defendants respectfully request that the Court order expedited discovery on whether Alix is the real party in interest to proceed before full case discovery, pursuant to the schedule proposed in Defendants' July 20, 2022 letter to the Court, *see* Dkt. 188, and set forth again below:

- **Document discovery regarding real party in interest**: 8 weeks, starting from the start of any Court-ordered discovery; and
- **Fact depositions (including under Fed. R. Civ. P. 30(b)(6)) regarding real party in interest**: 4 weeks, starting from the close of Rule 17-related document discovery.

**Conclusion**

For the foregoing reasons, Defendants respectfully request that the Court stay all discovery pending disposition of the Motion to Dismiss. If a stay is denied, Defendants respectfully request that the Court order expedited discovery on and briefing of Defendants' Rule 17 motion prior to the Rule 26(f) conference and the commencement of full case discovery.

The Honorable Jesse M. Furman                                    September 12, 2022

Respectfully submitted,[3]

/s/ John Gleeson
John Gleeson
Mark P. Goodman
Andrew J. Ceresney
Erica S. Weisgerber
Nathan S. Richards
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000
jgleeson@debevoise.com

*Counsel for McKinsey & Company, Inc., McKinsey Holdings, Inc., McKinsey & Company Inc. United States, and McKinsey Recovery & Transformation Services U.S., LLC*

/s/ Jonathan D. Cogan
Matthew I. Menchel
Jonathan D. Cogan
Danielle L. Rose
Benjamin Sirota
Christen M. Martosella
Benjamin F. Cooper
Kobre & Kim LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200
jonathan.cogan@kobrekim.com

/s/ Ariel N. Lavinbuk
Ariel N. Lavinbuk
Jennifer S. Windom
Brandon L. Arnold
Kramer Levin Naftalis & Frankel LLP
2000 K Street NW, 4th Floor
Washington, D.C. 20006
(202) 775-4500
alavinbuk@kramerlevin.com

*Counsel for Jon Garcia, Alison Proshan, and Robert Sternfels*

/s/ Reid M. Figel
Reid M. Figel
Bradley E. Oppenheimer
Robert C. Klipper
Kellogg, Hansen, Todd, Figel & Frederick P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7968
rfigel@kellogghansen.com

*Counsel for Kevin Carmody and Seth Goldstrom*

/s/ Catherine L. Redlich
Catherine L. Redlich
Driscoll & Redlich
110 West 40th Street, Suite 1900
New York, New York 10018
(212) 986-4030
CRedlich@driscollredlich.com

*Counsel for Dominic Barton*

/s/ Micah E. Marcus
Micah E. Marcus
Christopher Dean
McDonald Hopkins LLP
300 North LaSalle Street, Suite 1400
Chicago, Illinois 60654
(312) 280-0111
mmarcus@mcdonaldhopkins.com

*Counsel for Jared D. Yerian*

---

[3] All signatories have authorized the use of their e-signatures.

The Honorable Jesse M. Furman                                                                    September 12, 2022

| | |
|---|---|
| /s/ Linda Imes | /s/ Jed I. Bergman |
| Linda Imes | Jed I. Bergman |
| Christopher W. Dysard | Olga Lucia Fuentes-Skinner |
| Reed M. Keefe | Richard C. Ramirez |
| Spears & Imes LLP | Glenn Agre Bergman & Fuentes LLP |
| 767 Third Avenue | 1185 Avenue of the Americas, 22nd Floor |
| New York, New York 10017 | New York, New York 10036 |
| (212) 213-6996 | (212) 970-1600 |
| limes@spearsimes.com | |
| | |
| *Counsel for Mark Hojnacki* | *Counsel for Virginia "Jean" Molino* |