November 30, 2023

**VIA ECF**
The Honorable Jesse M. Furman
United States District Court, S.D.N.Y.
40 Foley Square
New York, NY 10007-1312

Re:     *Jay Alix v. McKinsey & Co., Inc., et al.*, No. 18-CV-4141(JMF)

Dear Judge Furman:

In accordance with the *Notice of Initial Pretrial Conference* (ECF No. 240), the parties jointly submit this letter and the attached proposed Civil Case Management Plan (the "CMO").

1. **Necessity of a pretrial conference**:  The conference is scheduled for December 5, 2023.

2. **Brief statement of the nature of the action and the principal defenses thereto**:

Jay Alix's Claims:

Alix alleges Defendants have engaged in a decades-long racketeering scheme involving failing to disclose, misrepresenting, and otherwise concealing disqualifying conflicts of interest in connection with 14 different Chapter 11 bankruptcies across the United States.  In the course of this scheme, Defendants filed dozens of materially false and misleading disclosures that are required under Federal Rule of Bankruptcy Procedure 2014 and furthered their racketeering endeavors through numerous supporting acts, including mail and wire fraud, bankruptcy fraud, and obstruction of justice, and otherwise conspiring and aiding and abetting one another in support of the racketeering effort.  In doing so, Defendants deprived Alix and his assignor of tens of millions in profits and valuable business opportunities.  The SAC asserts civil claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(c) and (d).

Defendants' Principal Defenses:

Defendants anticipate that their principal defenses will include, but are not limited to, the following: (1) Alix is not the real party in interest because, among other things, AlixPartners' purported assignment (which Alix has never produced) lacks any legitimate business purpose and is invalid, and Alix appears to be acting in a representative capacity for AlixPartners; (2) Defendants did not engage in fraud, let alone with the requisite fraudulent intent; (3) no causal link can be shown between Defendants' conduct and AlixPartners' alleged injuries; and (4) the four-year statute of limitations bars claims relating to eight of the 14 bankruptcies.

Seth Goldstrom's Counterclaim:

Goldstrom alleges (ECF No. 244) that Alix and AlixPartners defamed him through an unlawful campaign to inflict reputational and economic damage on McKinsey and McKinsey professionals.  Alix and AlixPartners defamed Goldstrom repeatedly, impugning his integrity and falsely accusing him of committing crimes.

The Honorable Jesse M. Furman
November 30, 2023
Alix's Principal Defenses to Goldstrom's Counterclaim

       As set forth in Alix's pending motion to dismiss Goldstrom's counterclaim (*see* ECF No. 251), the counterclaim fails for numerous reasons, including the 1-year statute of limitations, absolute and qualified privilege, and because the allegedly defamatory statements do not concern Goldstrom, are substantially true, and/or are non-actionable statements of opinion.

AlixPartners' Principal Defenses to Goldstrom's Counterclaim

       AlixPartners' answer or motion to dismiss is due by December 7, 2023.  AlixPartners has identified dispositive flaws in the defamation counterclaim and plans to file a motion to dismiss.

    **3.**  **Brief explanation of jurisdiction and venue**:  The Court presently has subject matter jurisdiction over Alix's claims under 28 U.S.C. § 1331 and 18 U.S.C. § 1964(c), and over Goldstrom's counterclaims under 28 U.S.C. §§ 1367, 1332.  Venue is proper pursuant to 18 U.S.C. § 1391(b)(2) because events giving rise to Alix's claims occurred within this District.  Venue is also proper under 18 U.S.C. § 1965(a) because Defendants transact their affairs in this District.[1]

    **4.**  **Existing deadlines**:  Answers to the SAC are due January 5, 2024.  (ECF No. 258.) Defendant Seth Goldstrom filed his answer and counterclaim on October 2, 2023.  (ECF No. 244.) AlixPartners' deadline to file a response to Goldstrom's counterclaim is December 7, 2023. Goldstrom's deadline to amend his counterclaim or oppose any motions to dismiss is January 12, 2024.  Alix's and AlixPartners' deadline to file reply briefs, answers, or renewed motions to dismiss, as applicable, is February 9, 2024.  If a renewed motion to dismiss is filed, Goldstrom's deadline to oppose is March 1, 2024, and replies are due March 15, 2024.  (ECF No. 256.)

    **5.**  **Outstanding motions**:  On November 14, 2023, Alix moved to dismiss Goldstrom's counterclaim (ECF No. 250).

    **6.**  **Discovery status**:  The Court stayed discovery, pending resolution of Defendants' motion to dismiss the SAC (ECF No. 206).  At that time, the Parties had not served any discovery requests. The Parties (other than Goldstrom) agree that no discovery is currently necessary to facilitate settlement negotiations.  Goldstrom believes discovery, including discovery relevant to the Rule 17 affirmative defense asserted in his answer, has the potential to advance settlement discussions.

    **7.**  **Prior settlement discussions**:  The Parties respectfully request that they be permitted to provide this information to the Court in a manner that preserves its confidentiality.  Defendants Carmody and Goldstrom state that they have not participated in any settlement discussions with Alix.  Goldstrom and AlixPartners have not participated in any settlement discussions.

---

[1] Defendant McKinsey & Co., Inc. is a New York corporation with its principal place of business in New York, New York.  Defendant McKinsey & Co., Inc. United States ("McKinsey US") is a Delaware corporation with its principal place of business in New York, New York.  Defendant McKinsey Recovery & Transformation Services U.S., LLC is a limited liability company organized under the laws of Delaware with its principal place of business in New York, New York.  Its sole member is McKinsey US.

The Honorable Jesse M. Furman
November 30, 2023

**8.** <u>**Use of alternate dispute resolution ("ADR") mechanisms**</u>:  The Parties have discussed ADR and do not believe that additional ADR mechanisms would be appropriate at this time.

**9.** <u>**Other information that the parties believe may assist the Court**</u>:

**Length of Discovery Period.**  As outlined in the CMO (*see* Exhibit A), the Parties have agreed on a proposed 15-month fact discovery schedule, which is longer than the default period prescribed under the form CMO.  The Parties believe the proposed discovery schedule is an appropriate timeline for resolution of this case given the complexity and scope of the issues (which cover, *inter alia*, fourteen different bankruptcy proceedings over approximately twenty years).

**Timing of Summary Judgment and Expert Discovery Motions.**  The Parties propose to adjust the default rule reflected in Item 13 of the CMO so that any summary judgment and *Daubert* motions are filed within 90 days of the close of expert discovery; opposition briefs are filed within 60 days of opening briefs; and reply briefs are filed within 30 days of opposition briefs.

<u>**Defendants' Additional Response**</u>:

**A. Rule 17 Discovery and Motion**

As Defendants previously indicated, Defendants intend to seek an Order under Federal Rule of Civil Procedure 17 that AlixPartners LLP is the real party in interest and that, accordingly, Alix cannot pursue this case.  *See supra* at 1; ECF Nos. 183, 201.

For important reasons, real-party-in-interest issues should be resolved early in the litigation.  *See* Fed. R. Civ. P. 17(a)(3).  *First*, the Rule 17 issues here may implicate the Court's subject matter jurisdiction.  *See, e.g., Fund Liquidation Holdings LLC v. Bank of Am. Corp*., 991 F.3d 370, 386 (2d Cir. 2021) (if the real party of interest fails to materialize within a reasonable time after objection, the case may be dismissed for lack of subject matter jurisdiction).  *Second*, for effective and fair case management, it is important to resolve promptly whether AlixPartners is subject to party-specific discovery (such as initial disclosures, interrogatories, and requests for admission) and party-specific evidentiary rules.

Accordingly, Defendants (other than Goldstrom) propose that the CMO include an early deadline to complete targeted discovery pertinent to Defendants' Rule 17 objection—*e.g.*, as to the assignment from AlixPartners to Alix, communications related thereto, and arrangements with respect to this litigation.  *See, e.g., Nastasi & Assocs., Inc. v. Bloomberg, L.P.*, No. 18-CV-12361 (JMF), 2021 WL 3541153, at *4 (S.D.N.Y. Aug. 11, 2021) (recognizing that document discovery and testimony may be appropriate for addressing Rule 17 objections); *see also Blauinsel Stiftung v. Sumitomo Corp.*, 99-CV-1108 (BSJ), 2001 WL 1602118, at *1-*2 (S.D.N.Y. Dec. 14, 2001) (allowing expedited Rule 17 discovery to address objection).  Defendants are *not* requesting that the Court "stage" or otherwise stay general merits discovery.  Rather, Defendants respectfully request that the Court order Rule 17 discovery to be completed expeditiously pursuant to the following proposed schedule, while merits discovery proceeds on a parallel track:

The Honorable Jesse M. Furman
November 30, 2023

- *Completion of Rule 17 document discovery*: <u>January 16</u> (6 weeks, starting from the date of the initial pretrial conference);

- *Completion of Rule 17 depositions* (including under Rule 30(b)(6)): <u>February 6</u> (3 weeks, starting from the close of Rule 17-related document discovery);

- *Rule 17 motion and opening brief*: <u>February 27</u> (3 weeks from the close of Rule 17 depositions);

- *Rule 17 opposition brief*: <u>March 19</u> (3 weeks from the filing of Rule 17 motion and opening brief); and

- *Rule 17 reply brief*: <u>March 29</u> (10 days from the filing of Rule 17 opposition brief).

Defendants expect to depose no more than 3 witnesses for Rule 17 discovery, including one or more AlixPartners personnel, and respectfully request that they be permitted to depose such witnesses again later on any non-duplicative merits topics. This, too, is within the Court's discretion and, under the circumstances, is appropriate here. *See* Fed. R. Civ. P. 30(a)(2).

<u>Defendant Goldstrom:</u> Goldstrom proposes to file a Rule 17 motion promptly, at which point the Court can determine whether additional discovery is necessary. *See Nastasi*, 2021 WL 3541153, at *4 (document discovery and testimony may be appropriate for addressing Rule 17 objections).

## B. Proposed CMO Clarifications

**Item 5 of the CMO | Further Amendment of the Pleadings.** Defendants request that item 5 of the CMO preclude any further amendments to the SAC absent good cause (*see* ECF No. 239, at 59-60), and not apply to the potential amendment contemplated in the Court's order dated November 21, 2023 (ECF No. 256) or to counterclaims filed by other defendants. Defendants request that item 5(i) permit Defendants to file their Rule 17 motion in accordance with the schedule proposed in Paragraph 9(a), above; and (ii) not preclude any relief arising from Defendants' Rule 17 motion.

**Item 9(d)(iii) of the CMO | Timing of Non-Party Depositions**. Defendants request that the default rule that party depositions proceed prior to non-party depositions not apply, including so that Defendants may depose AlixPartners personnel simultaneously with party depositions.

<u>**Plaintiff's Additional Response**</u>:

<u>**Rule 17 Motions.**</u> The Court already decided this issue in Plaintiff's favor: "the Court notes that, if or when discovery does proceed, ***it has no intention of staging discovery to prioritize the Rule 17 issue, as Defendants propose. That is the price of Defendants' request for a delay***." (ECF No. 206 at 7 (emphasis added).)

Defendants now seek an even more expedited Rule 17 schedule: completion of document discovery in 6 weeks (previously it was 8), depositions in 3 weeks (previously it was 4), and

The Honorable Jesse M. Furman
November 30, 2023

briefing in 7 weeks (previously it was 8). Such a one-sided schedule is no more appropriate now than it was when the court denied Defendants' prior request. Indeed, as a practical matter, Defendants' proposal would have the effect of "staging" discovery in favor of Defendants' preferred issue, as the parties could not reasonably be expected to make material progress on merits discovery while fast-tracking completion of Defendants' Rule 17 discovery by February. Nor would attempting to do so be efficient—as Defendants concede, their approach would require re-deposing multiple party and non-party witness.

On the merits, the cases on which Defendants' principally rely hold that the *assignee* is the real party in interest, not the assignor. *Nastasi*, 2021 WL 3541153, at *4 (plaintiff was not real party in interest where it "had assigned all of its assets to the FDN Trust"); *Fund Liquidation*, 991 F.3d at 389 ("a real party in interest who has been assigned a claim is the functional equivalent of the original plaintiff – an assignee step[s] into the shoes of the assignor" (cleaned up)). They are of no use to Defendants here in attempting to show that the assignment of claims from AlixPartners to Alix is invalid.[2] *See Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 271 (2008) ("an assignee of a legal claim for money owed has standing to pursue that claim in federal court").

Finally, even if there were a Rule 17 issue, Alix would be entitled to a "reasonable time" to cure it, including through ratification, joinder, or substitution. Fed. R. Civ. P. 17(a)(3).[3] Curing a Rule 17 defect would not require joining AlixPartners as a party, as Rule 17 permits the real party in interest to ratify the action (and agree to be bound by the result) without joinder. *See, e.g.*, *Prosperity Realty, Inc. v. Haco-Canon*, 724 F. Supp. 254, 258 (S.D.N.Y. 1989). Thus, as there is no basis to assert that AlixPartners would be subjected to "party specific" discovery.

**Other Changes to CMO.** Defendants "clarifications" to the CMO are inappropriate. Defendants' request that item 5 preclude any further amendments to the pleadings absent good cause is at best unnecessary, as the Federal Rules provide the standards for a motion to amend, and the CMO does not purport to alter those standards. Defendants' request that non-party depositions start early is also unfounded, including for the reasons stated above regarding Rule 17 discovery.

**AlixPartners' Additional Responses:**

Upon filing its motion to dismiss Mr. Goldstrom's claims, AlixPartners will timely file a motion to stay discovery pending a ruling on its motion to dismiss. That motion will meet all three elements for a stay. *See Alapaha View Ltd. v. Prodigy Network LLC*, 2021 WL 1893316, at *2 (S.D.N.Y. 2021).

Setting aside Mr. Goldstrom's counterclaim, AlixPartners is a nonparty in the lawsuit. Therefore, defendants may only seek discovery from AlixPartners pursuant to Federal Rule of Civil Procedure 45.

---

[2] In Defendants' third case, *Blauinsel Stiftung*, the parties "agreed" to expedited Rule 17 discovery, which is not the case here. 2001 WL 1602118, at *1–2.

[3] Plaintiff respectfully reserves his right to cure any such defect. *See Nastasi*, 2021 WL 3541153, at *6.

The Honorable Jesse M. Furman
November 30, 2023
Respectfully submitted,

/s/ Sean F. O'Shea

Sean F. O'Shea
Michael E. Petrella
Amanda L. Devereux
Matthew M. Karlan
Joshua P. Arnold
Cadwalader, Wickersham & Taft LLP
200 Liberty Street
New York, New York 10281
(212) 504-6000

*Counsel to Plaintiff Jay Alix*


/s/ Mark P. Goodman                          /s/ Jonathan D. Cogan

John Gleeson                                 Matthew I. Menchel
Mark P. Goodman                              Jonathan D. Cogan
Andrew J. Ceresney                           Danielle L. Rose
Erica S. Weisgerber                          Benjamin D. Sirota
Nathan S. Richards                           Christen M. Martosella
DEBEVOISE & PLIMPTON LLP                     Benjamin F. Cooper
66 Hudson Boulevard                          KOBRE & KIM LLP
New York, New York 10001                     800 Third Avenue
(212) 909-6000                               New York, New York 10022
                                             (212) 488-1200

*Counsel for McKinsey & Company, Inc.,*
*McKinsey & Company Inc. United States, and*
*McKinsey Recovery & Transformation*
*Services U.S., LLC*

The Honorable Jesse M. Furman
November 30, 2023

/s/ Ariel N. Lavinbuk

Ariel N. Lavinbuk
Jennifer S. Windom
Brandon L. Arnold
Jack A. Herman
KRAMER LEVIN NAFTALIS & FRANKEL LLP
2000 K Street NW, 4th Floor
Washington, D.C. 20006
(202) 775-4500

*Counsel for Jon Garcia, Alison Proshan,
and Robert Sternfels*

/s/ Reid M. Figel

Reid M. Figel
Bradley E. Oppenheimer
Robert C. Klipper
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7968

*Counsel for Kevin Carmody and Seth
Goldstrom*

/s/ Catherine L. Redlich

Catherine L. Redlich
DRISCOLL & REDLICH
110 West 40th Street, Suite 1900
New York, New York 10018
(212) 986-4030

*Counsel for Dominic Barton*

/s/ Micah E. Marcus

Micah E. Marcus
Christopher Dean
MCDONALD HOPKINS LLC
300 North LaSalle Street, Suite 1400
Chicago, Illinois 60654
(312) 280-0111

*Counsel for Jared D. Yerian*

/s/ Linda Imes

Linda Imes
Christopher W. Dysard
Reed M. Keefe
SPEARS & IMES LLP
767 Third Avenue
New York, New York 10017
(212) 213-6996

*Counsel for Mark Hojnacki*

/s/ Jed I. Bergman

Jed I. Bergman
Olga Lucia Fuentes-Skinner
Richard C. Ramirez
GLENN AGRE BERGMAN & FUENTES LLP
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
212.970.1600

*Counsel for Virginia "Jean" Molino*

The Honorable Jesse M. Furman
November 30, 2023
<u>/s/ Reed Brodsky</u>

Reed Brodsky
Mary Beth Maloney
Lee Crain
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY  10166-0193
Telephone:  212.351.4000
RBrodsky@gibsondunn.com
MMaloney@gibsondunn.com
LCrain@gibsondunn.com

*Attorneys for Counterclaim Defendant*
*AlixPartners, LLP*