KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

*In view of the age of this case and the nature of the discovery that is underway, among other considerations, the application for a stay of discovery is DENIED. The Court intimates no view on the motion to dismiss. The Clerk of Court is directed to terminate ECF No. 267.*

December 21, 2023

*SO ORDERED.*

*[signature]*

*December 28, 2023*

Hon. Jesse M. Furman
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Jay Alix v. McKinsey & Co., Inc. et al.*, No. 18-cv-04141 (JMF)

Dear Judge Furman:

We write on behalf of Counterclaim-Plaintiff Seth Goldstrom to oppose Counterclaim-Defendant AlixPartners, LLP's Motion to Stay all discovery (ECF No. 267) on Goldstrom's defamation counterclaim (the "Counterclaim") (ECF No. 244). The requested relief is unfounded and will result in an unnecessary diversion of party and judicial resources. A stay would not meaningfully reduce the burden on AlixPartners, which, in the RICO Action, is the real party in interest, purported assignor, and sole allegedly injured party. AlixPartners already has substantial discovery obligations that would be unaffected if the Court grants the stay. In these circumstances, there is no "good cause" to grant AlixPartners' request to partially stay discovery in this action.

"A motion to dismiss does not automatically stay discovery, except in cases covered by the [PSLRA]." *Bensmaine v. City of New York*, 2022 WL 3362188, at *1 (S.D.N.Y. Aug. 15, 2022). "The party seeking a stay of discovery bears the burden of showing good cause." *Mirra v. Jordan*, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (citation omitted).[1] The Court should determine whether "good cause" exists in the context of the "the particular circumstances and posture of each case." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677

---

[1] The elements of good cause require the Court to consider: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Kirschner v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 230183, at *2 (S.D.N.Y. Jan. 15, 2020) (citation omitted). This Court has broad discretion over what weight to give these factors. *See EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012) ("A district court has broad latitude to determine the scope of discovery and to manage the discovery process." (citation omitted)). Given the circumstances of this case, the Court should accord the second and third elements the greatest weight: given AlixPartners' central role in the RICO Action, any incremental burden on it to produce discovery on the defamation claim is *de minimis*.

Kellogg, Hansen, Todd, Figel & Frederick, p.l.l.c.

Hon. Jesse M. Furman
December 21, 2023
Page 2

(S.D.N.Y. 2018).  In this case, the requested stay would necessitate difficult judgments about disaggregating discovery on the defamation Counterclaim from the substantially overlapping (and far more extensive) discovery in the RICO Action.  Given AlixPartners' ongoing discovery obligations in the RICO Action, there is limited benefit to AlixPartners, and substantial prejudice to Goldstrom, from granting the stay.

### A. The Requested Stay Will Not Meaningfully Reduce Any Discovery Burdens

Where, as here, discovery on a claim "will not meaningfully change the scope" of discovery in the broader case, there is no good cause for issuing the stay.  *See Bennett v. Cuomo*, 2023 WL 2021650, at *4 (S.D.N.Y. Feb. 15, 2023).  AlixPartners is the real party in interest in the RICO Action and, as it acknowledges (Ltr. at 1, n.1), is required to produce discovery related to Defendants' Rule 17 discovery requests.  As importantly, AlixPartners is the purported assignor of the underlying RICO claims in this case, and the only party that allegedly suffered any RICO injury.

The existing discovery AlixPartners faces – discovery unaffected by its requested stay – pertains to AlixPartners' alleged injury in connection with fourteen bankruptcy proceedings spanning more than two decades.  ECF No. 177 ¶ 34.  Much of the defamation discovery would overlap with discovery on the RICO claims – including but not limited to discovery on the competitive threat McKinsey was perceived to pose to AlixPartners and AlixPartners' response to that threat, which included a years-long pattern of harassment and defamation of Goldstrom.  Moreover, Goldstrom alleges that Jay Alix acted on behalf of AlixPartners in falsely accusing McKinsey and Goldstrom of criminal conduct, an issue which is relevant not only to Goldstrom's Counterclaim, but also to the question of whether the putative assignment of AlixPartners' claims was collusive or otherwise invalid.  That is reason enough to deny AlixPartners' motion.  *See Cambridge Cap. LLC v. Ruby Has LLC*, 2021 WL 2413320, at *3 (S.D.N.Y. June 10, 2021) (stay on counterclaim discovery would "impede . . . the 'just' and 'speedy' imperatives of the [Federal Rules]" where there was no showing that counterclaim discovery would "be fundamentally different" from discovery on other claims as they "arise out of" same set of facts).

Any incremental discovery burden on AlixPartners will be minimal in light of the scope of discovery it faces on the claims in the RICO Action.  And any discovery unique to the Counterclaim is likely to be modest.  In this context, there is no good cause to temporarily spare AlixPartners discovery on the Counterclaim, as there is effectively no incremental burden given the unavoidable discovery it already faces in this case.  *See CT Espresso LLC v. Lavazza Premium Coffees Corp.*, 2022 WL 1639485, at *2 (S.D.N.Y. May 24, 2022) (denying a stay where "discovery will largely be the same regardless of how" the court resolves the motion to dismiss); *see also Mirra*, 2016 WL 889559, at *1 (denying motion to stay discovery where plaintiff argued "that staying discovery in this action 'will lead to considerable inefficiencies, given that discovery remains ongoing in a parallel action.'").

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Jesse M. Furman
December 21, 2023
Page 3

AlixPartners' "vague and conclusory contentions are not sufficient to establish that the plaintiff's discovery requests are voluminous and burdensome." *Mirra*, 2016 WL 889559, at *2. AlixPartners has not identified any specific burden arising from complying with discovery on the Counterclaim, other than speculating that such discovery could cover more than a decade. Ltr. at 4. But AlixPartners already faces discovery spanning two decades on the RICO claims, so the argument that discovery on the Counterclaim may also cover a long span of time, standing alone, cannot support a stay. And AlixPartners' reference to the policy considerations underlying the limitations period for defamation claims is a non-sequitur: the Counterclaim was timely filed, and AlixPartners identifies no support for the proposition that discovery should be stayed merely because it has taken five years for the RICO Action to proceed past the motion to dismiss stage.

### B. Goldstrom Will Be Prejudiced By a Stay of Discovery

Goldstrom faces substantial prejudice from the proposed stay. The Court has cautioned that fact discovery is unlikely to exceed 15 months. Tr. of Conf. at 19:24-21:5 (Dec. 5, 2023). If the Court stays Counterclaim discovery against AlixPartners pending adjudication of AlixPartners' motion to dismiss, much of the fact discovery period may have elapsed by the time the motions to dismiss have been decided. *See Global Net Lease, Inc. v. Blackwells Cap. LLC*, 2023 WL 4421692 (S.D.N.Y. Feb. 6, 2023) (denying motion to stay discovery on counterclaims when discovery had begun on the original claims). Conversely, Jay Alix has served document requests on Goldstrom regarding the Counterclaim. AlixPartners will enjoy the benefits of the discovery Alix obtains regarding the Counterclaim, while it simultaneously argues that it should be excused from any reciprocal discovery obligations to Goldstrom. This would result in substantial prejudice to Goldstrom.

AlixPartners is wrong that Goldstrom faces no prejudice from a stay because his claims are based on conduct that occurred several years ago. "The fact that plaintiffs' claimed losses are longstanding, rather than recent, does not . . . diminish the prejudice to plaintiffs of further delay." *Association Fe Y Allegria v. Republic of Ecuador*, 1999 WL 147716, at *1 (S.D.N.Y. Mar. 16, 1999). Delaying discovery on the Counterclaim prejudices Goldstrom by undermining his ability to prepare his claims and defenses. Goldstrom brought his defamation claim shortly after his third motion to dismiss was denied, precisely because he wishes to avoid any "further delay" in vindicating his rights.

### C. Goldstrom's Claim is Meritorious

AlixPartners faces liability for falsely accusing an individual of criminal activity for its commercial advantage. It should not be permitted to avoid accountability for that conduct – including postponing its discovery obligations – merely because it filed a motion to dismiss. *See Barrett v. Forest Labs., Inc.*, 2015 WL 4111827, at *4 (S.D.N.Y. July 8, 2015) ("It, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay.") (citation omitted)). Instead, this Court looks

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Jesse M. Furman
December 21, 2023
Page 4

to whether AlixPartners made a strong showing that its motion to dismiss arguments are "likely to succeed on the merits" such that the Counterclaim is "unmeritorious." *Kirschner*, 2020 WL 230183, at *2. Even a cursory review of AlixPartners' motion to dismiss the Counterclaim establishes that AlixPartners cannot meet this burden. Goldstrom will fully brief the deficiencies in AlixPartners' motion to dismiss in his forthcoming opposition, but at this juncture, the Court cannot conclude that it is "likely" AlixPartners' motion to dismiss will succeed.

On a motion to dismiss, this Court need only decide whether the defamatory statements are "*reasonably susceptible* to the defamatory meaning imputed to it." *Jewell v. NYP Holdings, Inc.*, 23 F. Supp. 2d 348, 360 (S.D.N.Y. 1998) (emphasis in original). A statement is "reasonably susceptible" of a defamatory meaning when it "tend[s] to expose a person to . . . unsavory opinion[s] of him in the minds of a substantial number in the community." *Id.* (citations omitted). Goldstrom alleges that AlixPartners' founder, director, and authorized representative falsely proclaimed, on a podcast with a global audience, that McKinsey and Goldstrom intentionally "ignor[ed] federal laws just to make more money for themselves." *See, e.g.*, Counterclaim ¶¶ 65-69. That false statement, among others, directly concerned Goldstrom's "business or profession," and constitutes defamation *per se*. *See Geraci v. Probst*, 61 A.D.3d 717, 718 (2009).[2] A "reasonable juror" may "fairly" interpret, *Sharon v. Time, Inc.*, 575 F. Supp. 1162, 1165 (S.D.N.Y. 1983), false statements that Goldstrom was a "rogue" employee who deserved to be fired for engaging in illegal activity as inducing an "unsavory" opinion about Goldstrom. Accordingly, Goldstrom is entitled to recover for AlixPartners' tortious conduct.

None of AlixPartners' arguments demonstrate that it is *likely* that Goldstrom's claim will be dismissed. First, Goldstrom has strong arguments that the Counterclaim is not time-barred. Under New York law, the statute of limitations for a counterclaim is tolled from the time when Alix asserted claims in his May 9, 2018 complaint. N.Y. C.P.L.R. § 203(d) (McKinney 2023). Additionally, under New York's borrowing statute, a New York court will apply the shorter of (a) New York's statute of limitations or (b) the statute of limitations of the state "where the cause of action accrued." N.Y. C.P.L.R. § 202 (McKinney 2023). For purposes of § 202, "a cause of action accrues at the time and in the place of the injury." *Global Fin. Corp. v. Triarc Corp.*, 715 N.E.2d 482, 485 (N.Y. 1999). Alix injured Goldstrom in Georgia. Goldstrom's professional life was based in Georgia – his McKinsey office was in Georgia and he was a member in good standing of the Georgia bar. Counterclaim ¶ 8. Thus, Alix's statements accusing Goldstrom of criminal conduct in his profession injured him in Georgia. Georgia, like New York, tolls the

---

[2] AlixPartners' motion invokes New York law to discuss the merits of Goldstrom's claim. Goldstrom's usage of New York law in this opposition demonstrates that even under AlixPartners' preferred choice of law, Goldstrom's claim is meritorious. But Goldstrom's reliance on New York law in this opposition in no way waives or forecloses any argument that Goldstrom may make (in his forthcoming opposition to the motions to dismiss) that a proper choice of law analysis dictates application of another state's law to resolve the merits.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Hon. Jesse M. Furman
December 21, 2023
Page 5

limitations period for counterclaims as of the date a complaint is filed. Ga. Code Ann. S 9-3-97 (2023).[3] Because the limitations period for counterclaims is tolled under both New York and Georgia law, Goldstrom's Counterclaim is timely.

      Second, even if Alix and AlixPartners defaming a private citizen like Goldstrom involved a "public interest" – which it did not – Goldstrom has pleaded that Alix and AlixPartners acted with actual malice. Goldstrom alleges facts supporting the reasonable inference that Alix and AlixPartners knowingly made demonstrably false statements about Goldstrom, or otherwise acted with reckless disregard for the truth of those statements. For example, in litigation brought by AlixPartners, Goldstrom testified that he relied on counsel to ensure he was fully compliant with the law. Counterclaim ¶¶ 50, 70. These allegations, among others, demonstrate actual malice. *See Belya v. Hilarion*, 2021 WL 1997547, at *6 (S.D.N.Y. May 19, 2021) (actual malice established if communication made with "knowledge of [its] falsity"); *see also Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 183 (2d Cir. 2000) ("reckless disregard of the truth or falsity of a defamatory statement" also establishes actual malice).

      Finally, the defamatory statements were not protected opinions but rather actionable statements of fact "capable of being proven true or false." *Davis v. Boeheim*, 24 N.Y.3d 262, 270 (2014). For example, the "reasonable listener," would likely have understood Alix's false statement that Goldstrom has "actively gone about ignoring federal laws" in order to "make more money" as "conveying facts" about Goldstrom. *Gross v. New York Times Co.*, 82 N.Y.2d 146, 152-54 (1993). AlixPartners has not established that Goldstrom's pleading is unmeritorious. This Court should deny AlixPartners' request to stay discovery pending the resolution of the motions to dismiss Goldstrom's single defamation claim.

      Respectfully submitted,

      /s/ *Reid M. Figel*

      *Counsel for Seth Goldstrom*

cc: All Counsel of Record (via ECF)

---

[3] Goldstrom's Counterclaim invokes Georgia law, AlixPartners applies New York law, and Jay Alix points to North Carolina law. The choice of law question presented is reason enough to deny AlixPartners' motion to stay discovery. "When an assessment of the merits of a plaintiff's case involves a fact-intensive analysis such as a choice of law assessment, courts have declined to conclude that a plaintiff's claims are unmeritorious." *See Bennett*, 2023 WL 2021560, at *2 (collecting cases declining to stay discovery given fact-intensive nature of choice of law analysis).