**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

JAY ALIX,

*Plaintiff*,

-against-

Case No. 18-cv-04141 (JMF)

MCKINSEY & CO., INC.; MCKINSEY
HOLDINGS, INC.; MCKINSEY &
COMPANY INC. UNITED STATES;
MCKINSEY RECOVERY &
TRANSFORMATION SERVICES U.S.,
LLC; DOMINIC BARTON; KEVIN
CARMODY; JON GARCIA; SETH
GOLDSTROM; MARK HOJNACKI;
VIRGINIA MOLINO; ALISON PROSHAN;
ROBERT STERNFELS; and JARED
YERIAN,

*Defendants.*

## VIRGINIA MOLINO'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Virginia Molino ("Molino") by her undersigned counsel, answers Plaintiff's Second Amended Complaint (the "SAC") as follows:

## GENERAL RESPONSES TO THE SAC'S ALLEGATIONS

Molino has set forth responses to each numbered paragraph in the SAC and has responded to every allegation therein. However, the SAC contains many instances in which multiple and distinct factual allegations are stated together in a single paragraph. This manner of pleading contravenes Federal Rule of Civil Procedure 10(b), which requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." [1]

Unless specifically admitted herein, Molino denies each and every allegation in the SAC, including the exhibits and attachments thereto. The use of headings and subheadings from the SAC herein is solely for the benefit of the reader. Molino denies that the headings and subheadings in the SAC are allegations to which a response is required. To the extent a response is required, Molino denies all allegations in the headings and subheadings in the SAC.

Except as otherwise defined herein, the defined terms in the SAC are incorporated herein by reference. Molino uses such terms for convenience and expressly does not adopt any characterization implicit therein.

---

[1] Beyond these 707 paragraphs (consisting of 289 pages), Alix has filed an exhibit purporting to list "false or misleading" McKinsey statements and purported "omitted" connections he is targeting, as well as another exhibit in which purported bankruptcy experts share their views on how to interpret bankruptcy law. Including these exhibits, the SAC is well over 600 pages.

Molino does not concede the truthfulness of third-party articles and news sources quoted or referenced in the SAC. To the extent a response is required, Molino denies all the allegations based on third-party articles and news sources quoted in or referenced in the SAC.

Molino reserves the right to amend and/or supplement this Answer at a later stage of the proceedings as permitted by the Rules.

Each paragraph below corresponds to the same-numbered paragraph in the SAC.

## NATURE OF THE CASE

1. Molino denies the allegations in paragraph 1 of the SAC. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." Order and Opinion re: Joint Motion to Dismiss the Second Amended Complaint, dated August 18, 2023 ("MTD Op."), at 12.

2. Molino denies the allegations in paragraph 2 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 2. Molino further states that the Court held that "Alix's claims    against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

As to Exhibit B itself, Molino states that Exhibit B—comprised of nearly 250 pages of charts listing thousands of alleged "false or misleading statements"—does not require a response. *See United States v. Erie Cnty.*, NY, 724 F. Supp. 2d 357, 367 (W.D.N.Y. 2010) ("[A] defendant is not required to admit or deny the content of an exhibit, as it must the pleading to which the exhibit is attached."); *see also, e.g., Smith v. Hogan*, 794 F.3d 249, 255 (2d Cir. 2015) (treating a plaintiff's affidavit as part of the complaint "would do considerable damage to Rule 8(a)'s notice

requirement" and "severely compromise the ability of defendants and courts to test the legal viability of complaints at the pleading stage"). To the extent a response is required, Molino denies the allegations in Exhibit B that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in Exhibit B.

3.      Paragraph 3 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 3 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 3.

4.      Molino denies the allegations in paragraph 4 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 4.

5.      Molino denies the allegations in paragraph 5 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 5, except admits the allegation in footnote 2 in paragraph 5 that "MIO" stands for "McKinsey Investment Office."

6.      Molino denies the allegations in paragraph 6 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 6.

7.      Molino denies the allegations in paragraph 7 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 7.

8.      Paragraph 8 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 8.

9.       Paragraph 9 of the SAC and the footnote thereto contain legal conclusions that do not require a response. To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 9 and the footnote thereto, and respectfully refers the Court to the statute and rule referenced therein for a full and fair statement of their contents.

10.      Molino denies the allegations in paragraph 10 of the SAC that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 10, and respectfully refers the Court to the disclosure declarations referenced therein for a full and fair statement of their contents.

11.      Paragraph 11 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in the first sentence of paragraph 11 that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations paragraph 11, and respectfully refers the Court to the statute cited therein for a full and fair statement of its contents.

12.       Molino lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 12 of the SAC, and respectfully refers the Court to the news article referenced therein for a full and fair statement of its contents.

13.      Molino denies the allegations in paragraph 13 of the SAC that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 13, and respectfully refers the Court to the declarations and news article referenced therein for a full and fair statement of its contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

14.     Paragraph 14 of the SAC contains hypothetical factual conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 14 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 14. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

15.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 15 of the SAC, except admits that McKinsey's Rule 2014 disclosures were the subject of attention from Congress and the Department of Justice and respectfully refers the Court to the press release and SEC Order and Complaint referenced in paragraph 15 for a full and fair statement of their contents.

16.     Paragraph 16 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 16 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 16. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

17.     Molino denies the allegations in paragraph 17 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 17. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

18.      Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 18 of the SAC, and respectfully refers the Court to the declarations referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

19.      Molino denies the allegations in paragraph 19 of the SAC that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 19, and respectfully refers the Court to the declarations referenced therein for a full and fair statement of their contents.

### A.   *Alpha Natural Resources*

20.      Molino denies the allegations in paragraph 20 of the SAC that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 20, and respectfully refers the Court to the declarations referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

21.      Paragraph 21 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 21.

22.      Molino denies the allegations in the first sentence of paragraph 22 of the SAC that are against her personally, otherwise lacks knowledge and information sufficient to admit or deny the allegations in paragraph 22, and respectfully refers the Court to the legal filing referenced therein for a full and fair statement of its contents.

23.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 23 of the SAC, and respectfully refers the Court to the legal filing referenced therein for a full and fair statement of its contents.

24.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 24 of the SAC, and respectfully refers the Court to the legal filing referenced therein for a full and fair statement of its contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

25.     Molino denies the allegations in the first sentence paragraph 25 of the SAC, lacks knowledge or information sufficient to admit or deny the allegation in the second sentence of paragraph 25 and the footnote thereto, and respectfully refers the Court to the policy and SEC Order referenced therein for a full and fair statement of their contents.

26.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 26 of the SAC, and respectfully refers the Court to the order or transcript referenced therein for a full and fair statement of its contents.

**B. *SunEdison***

27.     Molino denies the allegations in paragraph 27 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 27. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

28.     Paragraph 28 of the SAC and the footnote thereto contain legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge and

information sufficient to admit or deny the allegations in paragraph 28 and the footnote thereto. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

### C. *GenOn*

29.     Molino denies the allegations in paragraph 29 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 29. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

30.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 30 of the SAC, except admits that: (1) Barton was the Managing Partner of McKinsey & Co. for a period of time; and (2) Sternfels was or is a Senior Partner at McKinsey & Co. and has served as McKinsey's Managing Partner since 2021.

31.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 31 of the SAC.

32.     Molino denies the allegation in paragraph 32 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 32, except admits that McKinsey sought employment in additional bankruptcy cases before and after Barton was re-elected. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

33.     Molino denies the allegations in paragraph 33 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the

allegations in paragraph 33.

## THE PARTIES

34.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 34 of the SAC.

35.     Molino lacks knowledge and information sufficient to admit or deny the allegations in paragraph 35 of the SAC.

36.     Molino lacks knowledge and information sufficient to admit or deny the allegations in paragraph 36 of the SAC.

37.     Molino admits the allegations in paragraph 37 of the SAC.

38.     Molino lacks knowledge and information sufficient to admit or deny the allegations in paragraph 38 of the SAC.

39.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 39 of the SAC, except admits that Barton was the Managing Partner at McKinsey & Co. for a period of time.

40.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 40 of the SAC, except admits that Kevin Carmody was or is a Senior Partner of McKinsey & Co.

41.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 41 of the SAC, except admits that Jon Garcia was or is a Senior Partner at McKinsey & Co. who served as a member of the board of directors of MIO.

42.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 42 of the SAC, except admits that Seth Goldstrom was or is a Senior Partner at McKinsey & Co., and a former Vice President, Practice Leader, and board member of

McKinsey RTS.

43.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 43 of the SAC, except admits that Mark Hojnacki was or is a Partner at McKinsey & Company.

44.     Molino denies the allegations in paragraph 44 of the SAC, except admits that: 1) from 1985 until 2019 she was General Counsel of McKinsey & Co., Inc., and all its subsidiaries; (2) from 1991 to 2019 she was a Partner at McKinsey & Co. Inc., and (3) she was involved in certain of McKinsey's bankruptcy disclosures.

45.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 45 of the SAC, except admits that Alison Proshan worked or works in McKinsey's in-house legal department, worked as Associate General Counsel, was promoted to Managing Counsel, and provided legal services to McKinsey RTS and managed the McKinsey RTS legal team.

46.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 46 of the SAC, except admits that Robert Sternfels was or is a Senior Partner at McKinsey & Co. and has served as McKinsey's global Managing Partner since 2021.

47.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 47 of the SAC, except admits that Jared D. Yerian was a Partner at McKinsey & Co.

## JURISDICTION AND VENUE

48.     Paragraph 48 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino denies the allegations in paragraph 48.

49.     Paragraph 49 of the SAC contains legal conclusions that do not require a

response. To the extent a response is required, Molino denies the allegations in paragraph 49.

50.      Paragraph 50 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino denies the allegations in paragraph 50 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 50.

## FACTS

51.      Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 51 of the SAC.

52.      Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 52 of the SAC.

## II.      Bankruptcy Consulting Services Is a Multi-Billion Dollar Industry

53.      Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 53 of the SAC.

54.      Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 54 of the SAC, except admits that McKinsey entered the field of bankruptcy consulting at some point in time, later formed McKinsey RTS, and has been engaged as a bankruptcy consultant in multiple bankruptcies.

55.      Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 55 of the SAC.

56.      Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 56 of the SAC, and respectfully refers the Court to the report referenced therein for a full and fair statement of its contents.

**III.**     **As the World's Largest Consulting Firm, McKinsey Knows that Professionals Providing Bankruptcy Consulting Services Must Be Transparent about Their Connections and Have Undivided Loyalty to Their Debtor-Clients**

57.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 57 of the SAC, except admits that McKinsey US and McKinsey RTS has sought and obtained employment as bankruptcy professionals for some period of time.

58.     Paragraph 58 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 58 and the footnote thereto and respectfully refers the Court to the statutes referenced therein for a full and fair statement of their contents.

59.     Paragraph 59 of the SAC and the footnotes thereto contain legal conclusions that do not require a response. To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 59 and the footnotes thereto and respectfully refers the Court to the authorities referenced therein for a full and fair statement of their contents.

60.     Paragraph 60 of the SAC contains legal definitions or conclusions that do not require a response. To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 60, and respectfully refers the Court to the statute referenced therein for a full and fair statement of its contents.

61.     Paragraph 61 of the SAC and the footnotes thereto contain legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 61 and the footnotes thereto and respectfully refers the Court to the authorities referenced therein for a full and fair statement of their contents.

62.     Paragraph 62 of the SAC and the footnote thereto contain legal conclusions that

13

do not require a response. To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 62 and the footnote thereto and respectfully refers the Court to the statute and authorities referenced therein for a full and fair statement of their contents.

63.     Paragraph 63 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 63, and respectfully refers the Court to the statute referenced therein for a full and fair statement of its contents.

64.     Paragraph 64 of the SAC and the footnotes thereto contain legal conclusions that do not require a response. To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 64 and the footnotes thereto and respectfully refers the Court to the authorities referenced therein for a full and fair statement of their contents.

65.     Paragraph 65 of the SAC contains hypothetical factual and legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 65.

66.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 66 of the SAC, except admits that McKinsey & Co. is a large business management consulting firm that has served many of the world's largest corporations and respectfully refers the Court to McKinsey's website for full and fair statement of its contents.

67.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 67 of the SAC.

68.     Molino lacks knowledge or information sufficient to admit or deny the

allegations in paragraph 68 of the SAC, except admits that MIO was or is a wholly-owned subsidiary of McKinsey & Co. and managed or manages investments on behalf of McKinsey's current and former employees and partners, and respectfully refers the Court to the SEC forms referenced in paragraph 68 for a full and fair statements of their contents.

69.      Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 69 of the SAC, and respectfully refers the Court to the SEC order referenced therein for a full and fair statement of its contents.

70.      Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 70 of the SAC.

71.      Molino denies the allegations in paragraph 71 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 71.

72.      Paragraph 72 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 72 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 72.

73.      Molino denies the allegations in paragraph 73 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 73.

## IV.      The Features of Defendants' Disclosure Practiced and Methodologies Have Shifted Throughout McKinsey's Involvement in Bankruptcies, but Have Always Been and Continue to be Insufficient to Disclose All Connections Required by Law

74.      Molino denies the allegations in paragraph 74 of the SAC.

## A. Lack of Conflicts-Checking Software

75.     Paragraph 75 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge and information sufficient to admit or deny the allegations in paragraph 75, except admits that McKinsey's "FPIS" database was or is a database of client engagements and that it was or is not a conflicts-checking database, respectfully refers the Court to the transcript of the testimony referenced in paragraph 75 for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

76.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 76 of the SAC, respectfully refers the Court to the transcript of the testimony referenced therein for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

77.     Molino denies the allegations in paragraph 77 of the SAC, except admits that she testified in the Westmoreland case, respectfully refers the Court to the transcript of the testimony referenced in paragraph 77 for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

## B. Pretextual Client Confidential Obligations

78.     Paragraph 78 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 78, except admits that McKinsey's responsibility to maintain client confidentiality is or was not limitless and that certain client confidentiality provisions in McKinsey's client contracts permit or permitted McKinsey to make disclosures where necessary to comply with the law.

### C. Direct Commercial Relationship or Transaction Test

79.      Paragraph 79 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in the first sentence of paragraph 79.  Molino denies the allegations in the second sentence of paragraph 79, except admits that McKinsey's connection-checking process included, among other things, a survey of McKinsey partners who served as Directors of Client Service for the relevant clients. Molino denies the allegations in the third and fourth sentence of paragraph 79 and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 79.

80.      Molino denies the allegations in paragraph 80 of the SAC, except admits that she testified in the Westmoreland case, respectfully refers the Court to the transcript of the testimony referenced in paragraph 80 for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

### D. Disclosure by Category

81.      Paragraph 81 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge and information sufficient to admit or deny the allegations in paragraph 81, and respectfully refers the Court to the filings referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

82.      Molino denies the allegations of paragraph 82 of the SAC, except admits that she testified in the Westmoreland case, respectfully refers the Court to the transcript of the testimony referenced in paragraph 82 for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

### E. SunEd Protocol

83.        Molino lacks knowledge and information sufficient to admit or deny the allegations in paragraph 83 of the SAC. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

84.        Molino denies the allegations in paragraph 84 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 84, except admits that: (1) McKinsey's connection-checking process for its Rule 2014 disclosures included an examination of the interested parties list, a search of the FPIS database, email surveys and employed lookback periods; and (2) McKinsey did not make disclosures about MIO. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

85.        Molino denies the allegations in paragraph 85 of the SAC, except admits that she testified in the Westmoreland case, respectfully refers the Court to the transcript of the testimony referenced in paragraph 85 for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

**V.        From 2001 through 2013, Defendants Engaged in a Pattern of Racketeering Activity that Involved Crimes Related to Submitting False Statements in Order to Evade Disqualification as Bankruptcy Professionals**

86.        Paragraph 86 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 86 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 86. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."

MTD Op. at 12.

87.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 87 of the SAC, except admits that McKinsey US and/or McKinsey RTS accepted bankruptcy assignments. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

88.     Paragraph 88 of the SAC and the footnote thereto contain legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge and information sufficient to admit or deny the allegations in paragraph 88 and the footnote thereto. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

### A.  Defendants Unlawfully Concealed McKinsey's Connections and Affirmatively Misrepresented that McKinsey Was Disinterested

89.     Molino denies the allegations in paragraph 89 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 89. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

90.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 90 of the SAC, and respectfully refers the Court to the disclosure declarations referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

91.     Paragraph 91 of the SAC and the footnote thereto contain legal conclusions that

do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 91, except lacks knowledge or information sufficient to admit or deny the allegations in the footnote thereto.

### i. *Hayes Lemmerz*

92.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 92 of the SAC, except denies the allegations in the last sentence of paragraph 92, and respectfully refers the Court to the order referenced in paragraph 92 for a full and fair statement of its contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

93.     Paragraph 93 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations paragraph 93, and respectfully refers the Court to the referenced filings for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

94.     Paragraph 94 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 94. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

95.     Paragraph 95 of the SAC contains hypothetical factual and legal conclusions that do not require a response. To the extent a response is required, Molino denies the allegations in

paragraph 95. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

96.    Molino denies the allegations in paragraph 96 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 96, except admits: (1) Molino was General Counsel for McKinsey; (2) Molino was involved in certain of McKinsey's Rule 2014 disclosures and had ultimate legal responsibility for McKinsey's compliance with the bankruptcy laws; (3) Molino understood the bankruptcy laws required that a proposed bankruptcy professional be disinterested in order to be retained; and (4) Molino understood that Rule 2014 required disclosure of connections of that proposed bankruptcy professional. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

97.    Molino denies the allegations in paragraph 97 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 97. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

### ii.  UAL (United Airlines)

98.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 98 of the SAC, except admits that McKinsey submitted a disclosure affidavit or affidavits in the *UAL (United Airlines)* case and denies the allegations in the last sentence of paragraph 98. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

99.      Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 99 of the SAC, and respectfully refers the Court to the legal filing quoted in paragraph 99 for a full and fair statement of its contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

100.    Molino denies the allegations in the first sentence of paragraph 100 of the SAC, except admits that she testified in the Westmoreland case, respectfully refers the Court to the transcript of the testimony referenced in paragraph 100 for a full and fair statements of its contents, and states that no further response is required because the testimony speaks for itself. Molino lacks knowledge and information sufficient to admit or deny the allegations in the second sentence of paragraph 100. Molino denies the allegations in the third sentence of paragraph 100, except admits that she was involved in certain of McKinsey's bankruptcy disclosures, including reviewing certain draft disclosures, and reviewed the disclosures in UAL. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

101.    Molino denies the allegations in paragraph 101 of the SAC, except admits that she testified in the Westmoreland case, respectfully refers the Court to the transcript of the testimony referenced therein for a full and fair statements of its contents, and states that no further response is required because the testimony speaks for itself. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

102.    Paragraph 102 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 102

that are against her personally, except admits: (1) McKinsey's responsibility to maintain client confidentiality was or is not limitless; (2) certain of McKinsey's client agreements contained exceptions to the confidentiality requirements; and (3) Molino was aware that certain law firms have used conflicts-identifying databases. Molino otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 102. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

103.     Molino denies the allegations in paragraph 103 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 103. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

104.     Molino denies the allegations in paragraph 104 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 104. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

### iii.     Mirant

105.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 105 of the SAC, except admits that Mirant filed for bankruptcy and McKinsey submitted a disclosure affidavit or affidavits in the Mirant bankruptcy case, denies the allegations in the last sentence of paragraph 105, and respectfully refers the Court to the filing and order referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than

Westmoreland are time barred."  MTD Op. at 12.

106.    Paragraph 106 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations that are against her personally in paragraph 106, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 106, and respectfully refers the Court to the affidavit referenced therein for a full and fair statement of its contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

107.    Paragraph 107 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 107 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 107. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

108.    Molino lacks knowledge and information sufficient to admit or deny the allegations in the first and third sentences of paragraph 108, and respectfully refers the Court to the affidavit and engagement agreements referenced therein for a full and fair statement of their contents.  Molino denies the allegations in the second sentence of paragraph 108, except admits that certain of McKinsey's client agreements contained exceptions of the confidentiality requirements.  Molino admits the allegations in the fourth sentence of paragraph 108 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in the fourth sentence of paragraph 108.  Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are

time barred." MTD Op. at 12.

109.     Paragraph 109 of the SAC contains hypothetical factual conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 109 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 109. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

110.     Molino denies the allegations in paragraph 110 of the SAC that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 110, and respectfully refers the Court to the affidavit referenced therein for a full and fair statement of its contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

### iv.     Lyondell Chemical

111.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 111 of the SAC, except admits that Lyondell filed for bankruptcy and McKinsey submitted a disclosure affidavit or affidavits in the Lyondell bankruptcy case, denies the allegations in the last sentence of paragraph 111, and respectfully refers the Court to the affidavits and order referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

112.     Molino denies the allegations that are against her personally in paragraph 112 of the SAC, otherwise lacks knowledge or information sufficient to admit or deny the allegations in

paragraph 112, and respectfully refers the Court to the affidavits referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

113.     Paragraph 113 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 113 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 113. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

114.     Paragraph 114 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 114 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 114. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

115.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 115 of the SAC, and respectfully refers the Court to the legal filing referenced therein for a full and fair statement of its contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

116.     Paragraph 116 of the SAC contains hypothetical factual conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in

paragraph 116 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 116. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

117.    Molino denies the allegations in paragraph 117 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 117. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

### v.    Harry & David

118.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 118 of the SAC, except admits that Harry & David filed for bankruptcy and McKinsey submitted a disclosure declaration or declarations in the Harry & David bankruptcy case, denies the allegations in the last sentence of paragraph 118, and respectfully refers the Court to the affidavits and order referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

119.    Molino denies the allegations in paragraph 119 of the SAC that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 119 and the footnote thereto, and respectfully refers the Court to the affidavits referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

120.     Molino denies the allegations in paragraph 120 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 120. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

### vi.     AMR (American Airlines)

121.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 121 of the SAC, except admits that AMR filed for bankruptcy and McKinsey submitted a disclosure declaration or declarations in the AMR bankruptcy case, denies the allegations in the last sentence of paragraph 121, and respectfully refers the Court to the filings and order referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

122.     Molino denies the allegations in the first sentence of paragraph 122 of the SAC that are against her personally, except admits that she testified in the Westmoreland case, respectfully refers the Court to the transcript of the testimony and fee applications referenced in paragraph 122 for a full and fair statement of its contents, states that no further response is required because the testimony speaks for itself, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 122. Molino lacks knowledge or information sufficient to admit or deny the allegations in the second sentence of paragraph 122, and respectfully refers the Court to the fee applications referenced therein for a full and fair statement of their contents. Molino denies the remaining allegations in paragraph 122, except admits that she testified in the Westmoreland case, respectfully refers the Court to the transcript of

the testimony referenced in paragraph 122 for a full and fair statements of its contents, and states that no further response is required because the testimony speaks for itself.  Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

123.    Paragraph 123 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 123 that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 123, and respectfully refers the Court to the disclosure declarations referenced therein for a full and fair statement of their contents.  Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

124.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 124 of the SAC, and respectfully refers the Court to the declarations referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

125.    Molino denies the allegation in paragraph 125 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 125.  Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

126.    Paragraph 126 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 126

that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 126. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

127.    Paragraph 127 of the SAC contains hypothetical factual conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 127 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 127. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

### vii.    AMF Bowling

128.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 128 of the SAC, except admits that AMF Bowling filed for bankruptcy and McKinsey submitted a disclosure declaration or declarations in the AMF Bowling bankruptcy case, denies the allegations in the last sentence of paragraph 128, and respectfully refers the Court to the disclosure declaration and order referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

129.    Molino denies the allegations in the first sentence of paragraph 129 of the SAC that are against her personally, except admits that she was involved in reviewing certain draft disclosures as part of McKinsey's retention applications in bankruptcy cases, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 129.  Molino lacks knowledge or information sufficient to admit or deny the allegations

in the second sentence of paragraph 129, and respectfully refers the Court to the fee applications referenced therein for a full and fair statement of their contents. Molino denies the allegations in the last sentence of paragraph 129, except admits that she was involved in reviewing certain draft disclosures as a part of McKinsey's retention applications in bankruptcy cases. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

130.     Paragraph 130 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 130 that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 130, and respectfully refers the Court to the disclosures referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

<em>viii.     <strong>Edison Mission Energy</strong></em>

131.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 131 of the SAC, except admits that Edison Mission filed for bankruptcy and McKinsey submitted a disclosure declaration or declarations in the Edison Mission bankruptcy case, denies the allegations in the last sentence of paragraph 131, and respectfully refers the Court to the declarations and order referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

132.     Molino lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 132 of the SAC, and respectfully refers the Court to

the fee applications referenced therein for a full and fair statement of their contents. Molino denies the allegations in the last sentence of paragraph 132, except admits that she was involved in reviewing certain draft disclosures as a part of McKinsey's retention applications in bankruptcy cases. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

133.     Molino denies the allegations in paragraph 133 that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 133, and respectfully refers the Court to the disclosures referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

134.     Paragraph 134 of the SAC contains hypothetical factual and legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 134 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 134. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

135.     Paragraph 135 of the SAC contains hypothetical factual and legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 135 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 135. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

136.     Paragraph 136 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 136 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 136. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

### B. Defendants Have Unlawfully Concealed All of McKiney's Connections to Interested Parties through Its Investment Arm, MIO

137.     Paragraph 137 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 137 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 137. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

138.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 138 of the SAC.

139.     Paragraph 139 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 139, except admits that MIO is or was governed by a board of directors, that Garcia is or was a partner at McKinsey & Co. and was involved in certain of the bankruptcies listed in paragraph 139.

140.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 140 of the SAC.

141.     Molino lacks knowledge or information sufficient to admit or deny the

allegations in paragraph 141 of the SAC, and respectfully refers the Court to the forms filed with Department of Labor and the disclosures referenced therein for a full and fair statement of their contents.

142.     Paragraph 142 of the SAC contains hypothetical factual and legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 142 that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 142, respectfully refers the Court to the transcript of the testimony referenced therein for a full and fair statements of its contents, and states that no further response is required because the testimony speaks for itself.

**VI.     Alix Confronts Barton and Sternfels, and McKinsey and AP Reach an Agreement**

143.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 143 of the SAC.

144.     Paragraph 144 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 144.

145.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 145 of the SAC.

146.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 146 of the SAC.

147.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 147 of the SAC.

148.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 148 of the SAC.

149.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 149 of the SAC.

150.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 150 of the SAC.

151.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 151 of the SAC.

152.     Molino denies the allegations in the first sentence of paragraph 152 of the SAC that are against her personally, except admits that she testified in the Westmoreland case, respectfully refers the Court to the transcript of the testimony referenced in paragraph 152 for a full and fair statements of its contents, states that no further response is required because the testimony speaks for itself, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 152. Molino lacks knowledge or information sufficient to admit or deny the allegations in the second sentence of paragraph 152, except admits that Barton discussed with her the fact of his communications with Alix.

### A.  Barton Admits McKinsey's Pay-to-Play Scheme

153.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 153 of the SAC.

### B.  McKinsey and AP Agree to a Resolution

154.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 154 of the SAC.

155.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 155 of the SAC.

156.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 156 of the SAC.

157.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 157 of the SAC, except admits that Barton was re-elected as managing partner of McKinsey.

158.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 158 of the SAC, except admits that Garcia and Goldstrom held leadership positions at RTS.

159.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 159 of the SAC.

160.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 160 of the SAC.

## VII.     Despite Barton's Representations to Alix, Defendants Unlawfully Conceal McKinsey's Disqualifying Connections in *NII Holdings*

161.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 161 of the SAC, except admits that McKinsey RTS was retained in the NII Holdings (Nextel) bankruptcy. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

162.     Molino lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 162 of the SAC, except admits that McKinsey RTS filed a disclosure affidavit or affidavits in the *NII Holdings* case.  Molino denies the allegation in the second sentence of paragraph 162 that is alleged against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in that sentence.  Molino

denies the allegations in the third sentence of paragraph 162. Molino lacks knowledge or information sufficient to admit or deny the allegations in the last sentence of paragraph 162, and respectfully refers the Court to the order referenced therein for a full and fair statement of its contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

163.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 163 of the SAC, and respectfully refers the Court to the disclosure declarations referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

164.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 164 of the SAC, respectfully refers the Court to the transcript of the testimony referenced therein for a full and fair statement of its contents, and states that no further response is necessary because the testimony speaks for itself.

165.    Paragraph 165 of the SAC contains hypothetical factual and legal conclusions which do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 165, and respectfully refers the Court to the disclosure declarations and the Department of Labor form referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

166.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 166 of the SAC. Molino further states that the Court held that "Alix's

claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

167.     Paragraph 167 of the SAC contains hypothetical factual and legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 167 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 167. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

168.     Molino denies the allegations in paragraph 168 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 168. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

169.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 169 of the SAC.

170.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 170 of the SAC. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

## VIII.     Defendants Continue Their Racketeering Activity in *Standard Register*

171.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 171 of the SAC, except admits that Standard Register filed for bankruptcy and McKinsey submitted a disclosure declaration or declarations in the Standard Register

bankruptcy case, denies the allegations in the last sentence of paragraph 171, and respectfully refers the Court to the declarations referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

172.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 172 of the SAC, and respectfully refers the Court to the fee applications referenced therein for a full and fair statement of their contents.

173.    Molino denies the allegations in paragraph 173 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 173. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

174.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 174 of the SAC.

175.    Molino denies the allegation in paragraph 175 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 175 and the footnote thereto. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

176.    Paragraph 176 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 176. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time

barred." MTD Op. at 12.

177.     Paragraph 177 of the SAC contains hypothetical factual and legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 177 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 177. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

178.     Molino denies the allegations in paragraph 178 of the SAC that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 178, and respectfully refers the Court to the disclosures referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

179.     Paragraph 179 of the SAC contains hypothetical factual conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 179, and respectfully refers the Court to the declarations referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

180.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 180 of the SAC, and respectfully refers the Court to the disclosures referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland

are time barred."  MTD Op. at 12.

181.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 181 of the SAC, and respectfully refers the Court to the declarations referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

182.     Molino denies the allegations in paragraph 182 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 182. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

183.     Paragraph 183 of the SAC contains hypothetical factual and legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 183 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 183. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

184.     Molino denies the allegations in paragraph 184 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 184. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

185.     Paragraph 185 of the SAC contains hypothetical factual conclusions that do not

require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 185. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

186.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 186 of the SAC.

187.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 187 of the SAC.

## IX.    Defendants' Racketeering Activity Continues in Alpha Natural Resources

188.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 188 of the SAC, and respectfully refers the Court to the disclosures and statements by counsel referenced therein for a full and fair statement of their contents, except admits that Alpha Natural Resources filed for bankruptcy and McKinsey RTS filed a disclosure declaration or declarations in the Alpha Natural Resources bankruptcy. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

189.    Paragraph 189 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 189 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 189. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

### A. McKinsey RTS's Failure to Disclose Its Connections in Alpha Natural Resources

190.    Molino denies the allegations in paragraph 190 of the SAC that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 190, and respectfully refers the Court to the declarations referenced therein for a full and fair account of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

191.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 191 of the SAC. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

192.    Paragraph 192 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 192. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

193.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 193 of the SAC.

194.    Paragraph 194 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 194 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 194. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

195.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 195 of the SAC and the footnote thereto.

196.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 196 of the SAC.

197.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 197 of the SAC and the footnotes thereto. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

198.     Paragraph 198 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 198 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 198. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

199.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 199 of the SAC, and respectfully refers the Court to the disclosures referenced therein for a full and complete statement of their contents.

200.     Paragraph 200 of the SAC contains hypothetical factual and legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 200 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 200. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

201.     Paragraph 201 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino denies the allegations in paragraph 201 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 201. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

202.     Molino denies the allegations in paragraph 202 of the SAC. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

203.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 203 of the SAC, and respectfully refers the Court to the declaration referenced therein for a full and fair statement of its contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

204.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 204 of the SAC, and respectfully refers the Court to the declarations referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

205.     Paragraph 205 contains legal conclusions that do not require a response. To the extent a response is required, Molino denies the allegations in paragraph 205 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 205. Molino further states that the Court held that "Alix's claims

against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

206. Paragraph 206 of the SAC contains hypothetical factual and legal conclusions that do not require a response. To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 206. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

207. Paragraph 207 of the SAC contains hypothetical factual and legal conclusions that do not require a response. To the extent a response is required, Molino denies the allegations in paragraph 207 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 207. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

### B. McKinsey Simultaneously Represents the Debtor and United States Steel, a Concealed McKinsey Client, in Contract Negotiations

208. Paragraph 208 of the SAC contains hypothetical factual and legal conclusions that do not require a response. To the extent a response is required, Molino denies the allegations in paragraph 208 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 208. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

209. Paragraph 209 of the SAC contains hypothetical factual conclusions that do not require a response. To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 209.

210.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 210 of the SAC, and respectfully refers the Court to the declarations referenced therein for a full and fair statement of their contents.

211.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 211 of the SAC.

212.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 212 of the SAC, and respectfully refers the Court to the declarations referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

### C. Defendants Mislead and Fraudulently Induce the U.S. Trustee to Withdraw Two Separate Motions Challenging McKinsey RTS's Disclosure Declarations

213.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 213 of the SAC, and respectfully refers the Court to the legal filing referenced therein for a full and fair statement of its contents.

214.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 214 of the SAC.

215.     Paragraph 215 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 215, and respectfully refers the Court to the declaration referenced therein for a full and fair statement of its contents.

216.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 216 of the SAC, and respectfully refers the Court to the motion referenced

therein for a full and fair statement of its contents.

217.     Molino lacks knowledge or information sufficient to admit or deny the allegations in sentences one through four in paragraph 217 of the SAC, and respectfully refers the Court to the transcript from the legal proceeding referenced therein for a fair and full statement of its contents. Molino denies the allegations in the last sentence of paragraph 217 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 217. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

218.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 218 of the SAC and the footnote thereto and respectfully refers the Court to the order referenced therein for a full and fair statement of its contents.

219.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 219 of the SAC and the footnote thereto and respectfully refers the Court to the disclosures referenced therein for a full and fair statement of their contents.

220.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 220 of the SAC, and respectfully refers the Court to the declaration referenced therein for a full and fair statement of its contents.

221.     Molino denies the allegations in paragraph 221 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 221, and respectfully refers the Court to the declarations referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time

barred." MTD Op. at 12.

222.     Molino denies the allegations in paragraph 222 of the SAC that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 222, and respectfully refers the Court to the declarations referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

223.     Molino denies the allegations in paragraph 223 of the SAC that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 223, and respectfully refers the Court to the disclosure referenced therein for a full and fair statement of its contents.

224.     Paragraph 224 of the SAC contains hypothetical factual and legal conclusions that do not require a response. To the extent a response is required, Molino denies the allegations in paragraph 224 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 224. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

### D. Defendants Fail to Disclose McKinsey's Direct Financial Interest in the Outcome of the *Alpha Natural Resources* Bankruptcy

225.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 225 of the SAC.

226.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 226 of the SAC.

227.     Molino lacks knowledge or information sufficient to admit or deny the

allegations in paragraph 227 of the SAC.

228.     Paragraph 228 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 228 that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 228, and respectfully refers the Court to the order referenced therein for a full and fair statement of its contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

229.     Paragraph 229 contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 229 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 229. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

230.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 230 of the SAC, respectfully refers the Court to the transcript of the testimony referenced in paragraph 230 for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

231.     Paragraph 231 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 231.

232.     Paragraph 232 of the SAC contains hypothetical factual and legal conclusions that do not require a response. To the extent that a response is required, Molino denies the

allegations in paragraph 232 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 232. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

233.     Molino denies the allegations in paragraph 233 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 233. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

234.     Molino denies the allegations in paragraph 234 of the SAC that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 234, and respectfully refers the Court to the legal filing referenced therein for a full and fair statement of its contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

235.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 235 of the SAC, and respectfully refers the Court to the legal filing referenced therein for a full and fair statement of its contents.

236.     Molino lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 236 of the SAC, and respectfully refers the Court to the legal filing referenced therein for a full and fair statement of its contents. No response is required to the last sentence in paragraph 236 but to the extent a response is required, Molino denies the allegations in paragraph 236. Molino further states that the Court held that "Alix's

claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

## X.        Defendants Commit Bankruptcy Fraud and Other Crimes in SunEdison

237.        Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 237 of the SAC, except admits that Sun Edison filed for bankruptcy and McKinsey submitted a disclosure declaration or declarations in the Sun Edison bankruptcy case, denies the allegations in the last sentence of paragraph 237, and respectfully refers the Court to the declarations and order referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

238.        Molino denies the allegations in paragraph 238 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 238. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

239.        Molino lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 239 of the SAC, and respectfully refers the Court to the fee applications referenced therein for a full and fair statement of their contents. Molino denies the remaining allegations in paragraph 239 that are against her personally, except admits she was involved in certain of McKinsey's bankruptcy disclosures, including reviewing certain draft disclosures, respectfully refers the Court to the transcript of the testimony referenced therein for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself. Molino further states that the Court held that "Alix's claims against. .

. Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

240.      Molino denies the allegations in paragraph 240 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 240. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

**A. Defendants Unlawfully Conceal McKinsey's Connections in SunEdison**

241.      Paragraph 241 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 241 against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 241, and respectfully refers the Court to the declarations referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

242.      Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 242 of the SAC, and respectfully refers the Court to the legal filing referenced therein for a full and fair statement of its contents.

243.      Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 243 of the SAC, and respectfully refers the Court to the legal filing referenced therein for a full and fair statement of its contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

244.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 244 of the SAC, and respectfully refers the Court to the legal filing referenced therein for a full and fair statement of its contents.

245.     Paragraph 245 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 245 that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 245, and respectfully refers the Court to the statements referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

246.     Molino denies the allegations in paragraph 246 of the SAC that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 246, and respectfully refers the Court to the declarations referenced therein for a full and fair statement of its contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

247.     Molino denies the allegations in paragraph 247 of the SAC that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 247, and respectfully refers the Court to the disclosures referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

248.     Molino denies the allegations in paragraph 248 of the SAC and the footnote

thereto that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 248 and the footnote thereto. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

249.    Molino denies the allegations in paragraph 249 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 249. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

250.    Molino denies the allegations in paragraph 250 of the SAC that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 250, and respectfully refers the Court to the disclosures referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

251.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 251 of the SAC. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

252.    Paragraph 252 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 252, and respectfully refers the Court to the declaration referenced therein for a full and fair statement of its contents. Molino further states that

the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

253.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 253 of the SAC. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

254.     Paragraph 254 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 254 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 254. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

### B.  McKinsey Unlawfully Conceals Fraudulent Pre-Petition Payments That It Orchestrated from SunEdison Affiliates

255.     Paragraph 255 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 255.

256.     Paragraph 256 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 256.

257.     Paragraph 257 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 257.

258.     Molino lacks knowledge or information sufficient to admit or deny the

allegations in paragraph 258 of the SAC, and respectfully refers the Court to the declaration, application and report referenced therein for a full and fair statement of their contents.

259.    Paragraph 259 of the SAC contains hypothetical factual and legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 259.

260.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 260 of the SAC.

261.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 261 of the SAC.

262.    Paragraph 262 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 262.

263.    Paragraph 263 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 263.

264.    Paragraph 264 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 264.

265.    Paragraph 265 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 265 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 265. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."

MTD Op. at 12.

266.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 266 of the SAC, and respectfully refers the Court to the declarations referenced therein for a full and fair statement of their contents.

267.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 267 of the SAC, and respectfully refers the Court to the declaration referenced therein for a full and fair statement of its contents.

268.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 268 of the SAC.

269.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 269 of the SAC, and respectfully refers the Court to the report referenced therein for a full and fair statement of its contents.

270.     Paragraph 270 of the SAC contains hypothetical factual conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 270.

271.     Paragraph 271 of the SAC contains hypothetical factual conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 271. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

### C.  McKinsey Unlawfully Conceals Pertinent Facts Regarding its "Business Arrangement" with SunEdison's Former CEO

272.     Molino denies the allegations in paragraph 272 of the SAC against her personally, except admits that McKinsey RTS was retained in the SunEdison case and submitted

a declaration or declarations therein, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 272, and respectfully refers the Court to the declaration referenced therein for a full and fair statement of its contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

273.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 273 of the SAC.

274.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 274 of the SAC, and respectfully refers the Court to the declaration referenced therein for a full and fair statement of its contents.

275.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 275 of the SAC.

276.     Paragraph 276 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 276, and respectfully refers the Court to the declaration referenced therein for a full and fair statement of its contents.

277.     Paragraph 277 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 277 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 277. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

278.     Molino denies the allegations in paragraph 278 of the SAC that are against her

personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 278, and respectfully refers the Court the declaration referenced therein for a full and complete statement of its contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

279.      Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 279 of the SAC.

280.      Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 280 of the SAC, and respectfully refers the Court to the referenced SEC filings for a full and fair statement of their contents.

281.      Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 281 of the SAC.

282.      Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 282 of the SAC, and respectfully refers the Court to the SEC Order referenced therein a full and fair statement of its contents.

## XI.      Defendants Unlawfully Conceal McKinsey's Connections and Commit Bankruptcy Fraud in GenOn

283.      Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 283 of the SAC, except admits that GenOn filed for bankruptcy and McKinsey submitted a disclosure declaration or declarations in the GenOn bankruptcy case, and respectfully refers the Court to the declarations referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

284.      Molino lacks knowledge or information sufficient to admit or deny the

allegations in paragraph 284 of the SAC, and respectfully refers to the Court to the declarations and order referenced therein for a full and fair statement of their contents.

285.     Molino denies the allegations in paragraph 285 of the SAC that are against her personally, except admits that she was involved in reviewing certain draft disclosures as a part of McKinsey's retention applications in bankruptcy cases, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 285. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

286.     Paragraph 286 of the SAC contains hypothetical factual and legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 286 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 286. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

287.     Paragraph 287 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 287 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 287. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

>   **A. Defendants Unlawfully Conceal that NRG Energy is a Current or Former McKinsey Client While McKinsey RTS Is Investigating GenOn's Claims against NRG Energy**

288.     Paragraph 288 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information

sufficient to admit or deny the allegations in paragraph 288, and respectfully refers the Court to the declarations referenced therein for a full and fair statements of their contents.

289.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 289 of the SAC.

290.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 290 of the SAC.

291.     Paragraph 291 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 291 that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 291, and respectfully refers the Court to the declaration referenced therein for a full and fair statement of its contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

292.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 292 of the SAC, and respectfully refers the Court to the legal filings referenced therein for a full and fair statement of their contents.

293.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 293 of the SAC.

294.     Paragraph 294 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 294 that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 294, and respectfully refers the Court to the declaration referenced therein for a full and fair statement of its contents. Molino further states that the Court

held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

295.     Paragraph 295 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 295, and respectfully refers the Court to the declaration referenced therein for a full and fair statement of its contents.

296.     Paragraph 296 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 296.

### B. Defendants Unlawfully Conceal that NRG Energy Is a McKinsey Client While McKinsey RTS Is Negotiating on Behalf of GenOn for GenOn's Separation from NRG Energy

297.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 297 of the SAC.

298.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 298 of the SAC, and respectfully refers the Court to the fee application referenced therein for a full and fair statement of its contents.

### C. Defendants Unlawfully Conceal the Depth of McKinsey's Connections to NRG Energy and the Transactions and Bankruptcies that Created GenOn

299.     Paragraph 299 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 299 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 299. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."

MTD Op. at 12.

300.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 300 of the SAC.

301.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 301 of the SAC.

302.     Paragraph 302 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 302 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 302. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

303.     Molino denies the allegations in paragraph 303 of the SAC that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 303, and respectfully refers the Court to the declaration referenced therein for a full and fair statement of its contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

304.     Paragraph 304 of the SAC contains hypothetical factual and legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 304.

### D.  McKinsey Receives Avoidable Preference Payments from GenOn to Avoid Disqualification as GenOn Creditor, thereby Concealing an Interest Adverse to the Bankruptcy Estate

305.     Paragraph 305 of the SAC contains hypothetical factual and legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge

or information sufficient to admit or deny the allegations in paragraph 305.

306.     Paragraph 306 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 306.

307.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 307 of the SAC and the footnote thereto, and respectfully refers the Court to the application referenced therein for a full and fair statement of its contents.

308.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 308 of the SAC, and respectfully refers the Court to the application referenced therein for a full and fair statement of its contents.

309.     Paragraph 309 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 309.

310.     Paragraph 310 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 310.

311.     Paragraph 311 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 31l and respectfully refers the Court to the declaration referenced therein for a full and fair statement of its contents.

### E.  Carmody's Declarations on Behalf of McKinsey in *GenOn* Unlawfully Concealed Numerous Connections in GenOn, Including GenOn Creditors and Possibly Competitors

312.     Paragraph 312 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 312 that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 312, and respectfully refers the Court to the declarations referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

313.     Paragraph 313 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 313 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 313. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

314.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 314 of the SAC, and respectfully refers the Court to the declaration referenced therein for a full and fair statement of its contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

315.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 315 of the SAC, and respectfully refers the Court to the declaration referenced therein for a full and fair statement of its contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

316.     Molino denies the allegations in paragraph 316 of the SAC that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 316, and respectfully refers the Court to the declaration referenced therein for a full and fair statement of its contents, except admits that McKinsey's "FPIS database was or is a database of client engagements and that it was or is not a conflicts-checking database." Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

317.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 317 of the SAC and the footnote thereto. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

318.     Paragraph 318 of the SAC contains hypothetical factual and legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 318.

319.     Molino denies the allegations in paragraph 319 that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 319 of the SAC, and respectfully refers the Court to declarations referenced therein for a full and fair statement of their contents. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

320.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 320 of the SAC.

321.     Paragraph 321 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations paragraph 321, and respectfully refers the Court to the application referenced therein for a full and fair statement of its contents.

322.     Paragraph 322 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations paragraph 321, and respectfully refers the Court to the application referenced therein for a full and fair statement of its contents.

323.     Paragraph 323 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations paragraph 323, and respectfully refers the Court to the application referenced therein for a full and fair statement of its contents.

324.     Paragraph 324 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations paragraph 324.

325.     Paragraph 325 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to accept or deny the allegations paragraph 325.

## XII.     Defendants Continue Their Unlawful Scheme in *Westmoreland*

## A. The Hojnacki Declarations

326.     Molino lacks knowledge and information sufficient to admit or deny the allegation in the first sentence of paragraph 326 of the SAC.  Molino denies the allegation in the second sentence of paragraph 326, except admits she testified in the Westmoreland case, respectfully refers the Court to the transcript of the testimony referenced in paragraph 326 for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.  Molino admits the allegations in the third sentence of paragraph 326 as to herself and otherwise lacks knowledge or information sufficient to admit or deny the allegations in the third sentence of paragraph 326. Molino denies the allegation in the fourth sentence of paragraph 326, except admits she testified in the Westmoreland case, respectfully refers the Court to the transcript of the testimony referenced in paragraph 326 for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

327.     Molino denies the allegations in paragraph 327 of the SAC, except admits she testified in the Westmoreland case, respectfully refers the Court to the transcript of the testimony referenced in paragraph 327 for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

328.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 328 of the SAC and the footnote thereto, except admits that Westmoreland filed for bankruptcy.

329.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 329 of the SAC, except admits that McKinsey RTS submitted a declaration or declarations in the Westmoreland case, and respectfully refers the Court to the referenced declarations for a full and fair statement of their contents.

330.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 330 of the SAC, and respectfully refers the Court to the declaration cited therein for a full and fair statement of its contents.

331.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 331 of the SAC, except admits that Mar-Bow filed an objection or objections in the Westmoreland case, and respectfully refers the Court to the referenced filings for a full and fair statement of their contents.

332.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 332 of the SAC, and respectfully refers the Court to the order referenced therein for a full and fair statement of its contents.

333.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 333 of the SAC, except admits that the U.S. Trustee filed an objection in the Westmoreland case, and respectfully refers the Court to the objection for a full and fair statement of its contents.

334.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 334 of the SAC, and respectfully refers the Court to the declarations referenced therein for a full and fair statement of their contents.

335.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 335 of the SAC, respectfully refers the Court to the comments referenced therein for a full and fair statement of their contents.

336.     Molino denies the allegations in paragraph 336 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 336.

337.     Molino denies the allegations in paragraph 337 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 337.

338.     Molino lacks knowledge or information sufficient admit or deny the allegations in paragraph 338 of the SAC, respectfully refers the Court to a transcript the testimony referenced therein for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

339.     Molino lacks knowledge or information sufficient to admit or deny the allegations in the first sentence of paragraph 339 of the SAC, and respectfully refers the Court to the transcript of the testimony referenced therein for a full and fair statement of its contents. Molino denies the allegations in the second sentence of paragraph 339, except admits she testified in the Westmoreland case, respectfully refers the Court to the transcript of the testimony referenced in paragraph 339 for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

340.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 340 of the SAC. Molino lacks knowledge or information sufficient to admit or deny the allegations in the footnote to paragraph 340, except admits that Laurie Basch was or is a member of McKinsey's in-house legal department.

341.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 341of the SAC, except admits that Gary Pinkus: (1) was the corporate representative for McKinsey RTS in the Westmoreland case; (2) is or was a Partner at McKinsey & Co.; (3) is or was a member of the Shareholders Council; and (4) was at one point the Chairman of McKinsey North America or the Americas.

342.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 342 of the SAC, and respectfully refers this Court to a transcript of the hearing referenced therein for a full and fair statement of its contents.

343.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 343 of the SAC, except admits that Hojnacki was deposed in the Westmoreland case, and respectfully refers the Court to the order referenced in paragraph 343 for a full and fair statement of its contents.

344.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 344 of the SAC, and respectfully refers the Court to the transcript of the hearing referenced therein for a full and fair statement of its contents.

345.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 345 of the SAC, except admits that McKinsey was ordered to participate in a joint mediation before Judge Isgur, and respectfully refers the Court to the order referenced in paragraph 345 for a full and fair statement of its contents.

346.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 346 of the SAC, except admits that Mar-Bow moved to re-open the SunEdison bankruptcy, and respectfully refers the Court to the order referenced in paragraph 346 for a full and fair statement of its contents.

347.     Molino denies the allegations in the first sentence of paragraph 347 of the SAC, except admits that a joint mediation was held in Houston, Texas on February 7, 2019, with Jay Alix attending for Mar-Bow and Michael Silber attending for McKinsey RTS.  Molino denies the allegations in the second sentence of paragraph 347 of the SAC, except admits that Silber is or was a Senior Partner of McKinsey & Co. and employee of McKinsey US.

348.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 348 of the SAC, except admits that McKinsey settled with the U.S. Trustee in the Westmoreland case.

349.     Molino admits the allegations in the first sentence in paragraph 349 of the SAC, otherwise lacks knowledge and information sufficient to admit or deny the allegations in paragraph 349, and respectfully refers the Court to the press release and settlement referenced therein for a full and fair statement of their contents.

350.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 350 of the SAC, and respectfully refers the Court to the certification referenced therein for a full and fair statement of its contents.

351.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 351 of the SAC, and respectfully refers the Court to the settlement referenced therein for a full and fair statement of its contents.

352.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 352 of the SAC, and respectfully refers the Court to the Plan of Reorganization referenced therein for a full and fair statement of its contents.

353.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 353 of the SAC, and respectfully refers the Court to the transcript of the hearing referenced therein for a full and fair statement of its contents.

### B. The Krivin Declarations

354.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 354 of the SAC, and respectfully refers the Court to the declaration referenced therein for a full and fair statement of its contents.

355.     Molino denies the allegations in paragraph 355 of the SAC, except admits that from 1985 until 2019 Molino was General Counsel of McKinsey & Co., Inc., and all of its subsidiaries.

356.     Molino denies the allegations in paragraph 356 of the SAC that are against her personally, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 356, and respectfully refers the Court to the declarations referenced therein for a full and fair statement of their contents.

357.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 357 of the SAC, and respectfully refers the Court to the declaration referenced therein for a full and fair statement of its contents.

358.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 358 of the SAC, respectfully refers the Court to the declaration and testimony referenced therein for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

359.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 359 of the SAC, and respectfully refers the Court to the declaration referenced therein for a full and fair statement of its contents.

360.     Paragraph 360 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 360.

361.     Paragraph 361 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 36, respectfully refers the Court to the transcript of the testimony referenced therein for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

362.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 362 of the SAC, respectfully refers the Court to the transcript of the testimony referenced therein for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

363.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 363 of the SAC, respectfully refers the Court to the transcript of the testimony referenced therein for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

364.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 364 of the SAC.

365.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 365 of the SAC.

366.    Paragraph 366 of the SAC contains hypothetical factual and legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge and information sufficient to admit or deny the allegations in paragraph 366.

367.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 367 of the SAC, respectfully refers the Court to the transcript of the testimony referenced therein for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

368.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 368 of the SAC, respectfully refers the Court to the transcript of the testimony referenced therein for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

369.    Molino denies the allegations in paragraph 369 of the SAC, respectfully refers the Court to the transcript of the testimony referenced therein for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

370.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 370 of the SAC, respectfully refers the Court to the transcript of the testimony referenced therein for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

371.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 371 of the SAC, respectfully refers the Court to the transcript of the testimony referenced therein for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

372.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 372 of the SAC.

373.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 373 of the SAC, and respectfully refers the Court to the transcript of the proceeding referenced therein for a full and fair statement of its contents.

374.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 374 of the SAC, except admits that Mar-Bow and McKinsey engaged in discovery in Westmoreland.

375.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 375 of the SAC, except admits that she testified in the Westmoreland case, and respectfully refers the Court to the transcript of the proceeding referenced therein for a full and fair statement of its contents.

376.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 376 of the SAC, and respectfully refers the Court to the transcript of the proceeding referenced therein for a full and fair statement of its contents.

377.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 377 of the SAC, and respectfully refers the Court to the transcript of the proceeding referenced therein for a full and fair statement of its contents.

378.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 378 of the SAC.

379.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 379 of the SAC, and respectfully refers the Court to the transcript of the proceeding referenced therein for a full and fair statement of its contents.

## XIII.     Censure of MIO by the SEC

380.     Molino denies the allegation in the first sentence of paragraph 380 of the SAC, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 380, and respectfully refers the Court to the transcript of the proceeding referenced therein for a full and fair statement of its contents.

381.     Molino lacks knowledge or information sufficient to admit or deny the allegations paragraph 381 of the SAC, otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 381, and respectfully refers the Court to the transcript of the proceeding referenced therein for a full and fair statement of its contents.

382.     Paragraph 382 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph the allegations in paragraph 382.

383.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 383, and respectfully refers the Court to the SEC Order referenced therein for a full and fair statement of its contents.

384.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 384 of the SAC, and respectfully refers the Court to the SEC Order referenced therein for a full and fair statement of its contents.

385.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 385 of the SAC, and respectfully refers the Court to the SEC Order referenced therein for a full and fair statement of its contents.

386.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 386 of the SAC, and respectfully refers the Court to the SEC Order referenced therein for a full and fair statement of its contents.

387.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 387 of the SAC, and respectfully refers the Court to the SEC Order referenced therein for a full and fair statement of its contents.

388.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 388 of the SAC, and respectfully refers the Court to the SEC Order referenced therein for a full and fair statement of its contents.

389.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 389 of the SAC, and respectfully refers the Court to the SEC Order referenced therein for a full and fair statement of its contents.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF RICO, 18 U.S.C. § 1962(C)
*Against All Defendants Except McKinsey RTS*

390.     Molino incorporates by reference her response to paragraphs 1 through 389 of the SAC as if fully restated herein.

391.     Paragraph 391 of the SAC consists of allegations that do not require a response. To the extent a response is required, Molino denies the allegations in paragraph 391.

392.     Paragraph 392 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino lacks knowledge or information sufficient

to admit or deny the allegations set forth in paragraph 392, and respectfully refers the Court to the statute cited therein for a full and fair statement of its contents.

393.     Paragraph 393 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 393.

394.     Paragraph 394 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 394.

**A. The Count 1 RICO Enterprise and Its Effects on Interstate Commerce**

395.     Paragraph 395 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 395.

396.     Molino lacks knowledge or information sufficient to either admit or deny the allegations in paragraph 396 of the SAC and the footnotes thereto. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

397.     Paragraph 397 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge and information sufficient to admit or deny the allegations in paragraph 397.

398.     Paragraph 398 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge and information sufficient to admit or deny the allegations in paragraph 398.

399.     Paragraph 399 of the SAC contains legal conclusions that do not require a

response.  To the extent a response is required, Molino denies the allegations of paragraph 399 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 399.

**B. Pattern of Racketeering Activity**

400.    Paragraph 400 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations of paragraph 400 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 400. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

401.    Paragraph 401 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her response to the allegations in paragraphs 1 through 400 as if fully stated herein.  Molino further denies the allegations in paragraph 401 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 401, except admits that: (1) Barton was the Managing Partner at McKinsey & Co. for a period of time; (2) Sternfels was or is a Senior Partner at McKinsey & Co. and served as McKinsey's global Managing Partner beginning in 2021; (3) Garcia is a founder and was or is a Senior Partner at McKinsey & Co. who served as a member of the board of directors of MIO; (4) Goldstrom was or is a Senior Partner at McKinsey & Co., and a former Vice President, Practice Leader, and board member of McKinsey RTS; (5) Proshan worked or works in McKinsey's in-house legal department, worked as Associate General Counsel, was promoted to Managing Counsel, and provided legal services to McKinsey RTS and managed the McKinsey RTS legal team; (6) Carmody was or is a Senior Partner of McKinsey &

Co; (7) from 1985 until 2019 Molino was General Counsel of McKinsey & Co., Inc., and all of its subsidiaries; (8) from 1991 to 2019 Molino was a Partner at McKinsey & Co. Inc., and she was involved in certain of McKinsey's bankruptcy disclosures; (9) Hojnacki was or is a Partner at McKinsey & Company;  (10) Yerian was a Partner at McKinsey & Co.; and (11) Molino testified in the Westmoreland case, respectfully refers the Court to the transcript of the testimony referenced in paragraph 401 for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

402.      Molino denies the allegations in paragraph 402 of the SAC that are against her personally, and otherwise lacks knowledge and information sufficient to admit or deny the allegations in paragraph 402. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

## C. RICO Predicate Acts

403.      Paragraph 403 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge and information sufficient to admit or deny the allegations in paragraph 403 of the SAC.

404.      Molino denies the allegations in paragraph 404 of the SAC. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

405.      Paragraph 405 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge and information sufficient

to admit or deny the allegations in paragraph 405 of the SAC.

406.    Paragraph 406 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino lacks knowledge and information sufficient to admit or deny the allegations in paragraph 406 of the SAC.

407.    Paragraph 407 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino lacks knowledge and information sufficient to admit or deny the allegations in paragraph 407 of the SAC.

408.    Paragraph 408 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino lacks knowledge and information sufficient to admit or deny the allegations in paragraph 408 of the SAC.

409.    Paragraph 409 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino lacks knowledge and information sufficient to admit or deny the allegations in paragraph 409 of the SAC.

410.    Paragraph 410 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino lacks knowledge and information sufficient to admit or deny the allegations in paragraph 410 of the SAC.

411.    Paragraph 411 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino lacks knowledge and information sufficient to admit or deny the allegations in paragraph 411 of the SAC.

***i. False Declarations, Certifications, Verifications, or Statements under Penalty of Perjury in Violation of 18 U.S.C. §§ 152(2) and 152(3)***

412.    Molino incorporates by reference her response to the allegations in paragraphs 1 through 411 of the SAC as if fully stated herein.  Paragraph 412 contains legal conclusions that do not require a response. To the extent a response is required, Molino denies the allegations in

paragraph 412 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 412. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

413.     Paragraph 413 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino denies the allegations in paragraph 413 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 413. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

414.     Paragraph 414 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino denies the allegations in paragraph 414 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 414. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

415.     Paragraph 415 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 415.

416.     Paragraph 416 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 416.

417.     Paragraph 417 of the SAC contains legal conclusions that do not require a

response. To the extent a response is required, incorporates by reference her responses to the allegations in paragraphs 1 through 416 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 417.

418. Paragraph 418 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 1 through 417 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 418.

419. Paragraph 419 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 1 through 418 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 419.

420. Paragraph 420 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 1 through 419 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 420.

421. Paragraph 421 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 1 through 420 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 421.

422. Paragraph 422 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 1 through 421 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 422.

423.    Paragraph 423 contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her response to the allegations in paragraphs 1 through 422 of the SAC as if fully stated herein. Molino further denies the allegations in paragraph 423, except admits that: (1) from 1985 until 2019 Molino was General Counsel of McKinsey & Co., Inc., and all of its subsidiaries; (2) from 1991 to 2019 Molino was a Partner at McKinsey & Co. Inc., (3) she was involved in certain of McKinsey's bankruptcy disclosures; and (4) she testified in the Westmoreland case, respectfully refers the Court to the transcript of the testimony referenced in paragraph 423 for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

424.    Paragraph 424 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her response to the allegations in paragraphs 1 through 424 of the SAC as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 424.

425.    Paragraph 425 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her response to the allegations in paragraphs 1 through 424 of the SAC as if fully stated herein.  Molino further denies the allegations in paragraph 425 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 425. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

### ii. Mail and Wire Fraud in Violation of 18 U.S.C. §§ 1341 and 1343

426.     Paragraph 426 contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 426 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 426. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

427.     Molino denies the allegations in paragraph 427 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 427. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

428.     Paragraph 428 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 428 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 428. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

429.     Molino states that Exhibit B—comprised of nearly 250 pages of charts listing thousands of alleged "false or misleading statements"—does not require a response. *See United States v. Erie Cnty.*, NY, 724 F. Supp. 2d 357, 367 (W.D.N.Y. 2010) ("[A] defendant is not required to admit or deny the content of an exhibit, as it must the pleading to which the exhibit is attached."); *see also, e.g., Smith v. Hogan*, 794 F.3d 249, 255 (2d Cir. 2015) (treating a plaintiff's affidavit as part of the complaint "would do considerable damage to Rule 8(a)'s notice

requirement" and "severely compromise the ability of defendants and courts to test the legal viability of complaints at the pleading stage"). To the extent a response is required, Molino denies the allegations in paragraph 429 of the SAC and Exhibit B that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 429. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

430.     Paragraph 430 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino denies the allegations in paragraph 430 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 430. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

431.     Paragraph 431 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 431, and respectfully refers the Court to the transcript of the testimony referenced therein for a full and fair statement of its contents.

432.     Paragraph 432 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 432.

433.     Paragraph 433 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino denies the allegations in paragraph 433 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 433. Molino further states that the Court held that "Alix's claims

against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

434.    Paragraph 434 contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 434 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 434. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

435.    Paragraph 435 contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 435 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 435. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

436.    Paragraph 436 contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 436 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 436. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

437.    Paragraph 437 contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 437 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or

deny the allegations in paragraph 437. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

### iii. Obstruction of Justice in Violation of 18 U.S.C. § 1503(a)

438.      Paragraph 438 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 438 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 438. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

439.      Paragraph 439 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 439.

440.      Paragraph 440 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 440.

441.      Molino denies the allegations in paragraph 441 of the SAC that are against her personally, except admits that: (1) Alpha Natural Resources filed for bankruptcy, (2) McKinsey RTS filed a disclosure declaration or declarations in the Alpha Natural Resources bankruptcy, (3) and Molino was the General Counsel for McKinsey and was involved in certain of McKinsey's bankruptcy disclosures. Molino otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 441. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD

Op. at 12.

442.     Paragraph 442 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 442 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 442. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

443.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 443 of the SAC.

444.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 444 of the SAC and the footnotes thereto, and respectfully refers the Court to the motion referenced therein for a full and fair statement of its contents.

445.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 445 of the SAC and the footnotes thereto, and respectfully refers the Court to motion referenced therein for a full and fair statement of its contents.

446.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 446 of the SAC, and respectfully refers the Court to the disclosures referenced therein for a full and fair statement of their contents.

447.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 447 of the SAC, and respectfully refers the Court to the order referenced therein for a full and fair statement of its contents.

448.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 448 of the SAC, and respectfully refers the Court to the order referenced

therein for a full and fair statement of its contents.

449.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 449 of the SAC, and respectfully refers the Court to the disclosure referenced therein for a full and fair statement of its contents.

450.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 450 of the SAC.

451.     Molino denies the allegations in paragraph 451 of the SAC.

452.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 452 of the SAC.

453.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 453 of the SAC.

454.     Molino denies the allegations in paragraph 454 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 454, except admits she testified in the Westmoreland case, respectfully refers the Court to the transcript of the testimony referenced in paragraph 423 for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

455.     Paragraph 455 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 455 of the SAC.

456.     Molino denies the allegations in paragraph 456 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the

allegations in paragraph 456. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

457.     Paragraph 457 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 457 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 457. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

458.     Paragraph 458 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 458 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 458. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

459.     Paragraph 459 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 459 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 459. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

460.     Paragraph 460 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 460 that

are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 460. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

### iv. Witness Tampering in Violation of 18 U.S.C. § 1512(b)

461.     No response is required to the allegations in paragraph 461 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. § 1512(b). MTD Op. at 42-43. Further, paragraph 461 contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 461 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 461.

462.     No response is required to the allegations in paragraph 462 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. § 1512(b). MTD Op. at 42-43. Further, paragraph 462 contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 462 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 462.

463.     No response is required to the allegations in paragraph 463 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. § 1512(b). MTD Op. at 42-43. To the extent a response is required, Molino denies the allegations in paragraph 463 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 463.

464.     No response is required to the allegations in paragraph 462 of the SAC because

the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. § 1512(b). MTD Op. at 42-43. Further, paragraph 464 contains legal conclusions that do not require a response. To the extent a response is required, Molino denies the allegations in paragraph 464 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 464.

465.      No response is required to the allegations in paragraph 465 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. § 1512(b). MTD Op. at 42-43. Further, paragraph 465 contains legal conclusions that do not require a response. To the extent a response is required, Molino denies the allegations in paragraph 465 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 465.

466.      No response is required to the allegations in paragraph 466 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. § 1512(b). MTD Op. at 42-43. Further, paragraph 466 contains legal conclusions that do not require a response. To the extent a response is required, Molino denies the allegations in paragraph 466 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 466.

467.      No response is required to the allegations in paragraph 467 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. § 1512(b). MTD Op. at 42-43. Further, paragraph 467 contains legal conclusions that do not require a response. To the extent a response is required, Molino denies the allegations in paragraph 467 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 467.

468.    No response is required to the allegations in paragraph 468 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. § 1512(b). MTD Op. at 42-43. Further, paragraph 468 contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 468 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 468.

### v. Obstruction of Justice in Violation of 18 U.S.C. § 1512(c)

469.    Paragraph 469 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 469 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 469. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

470.    Paragraph 470 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 470 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 470.  Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

### vi. Unlawful Offers of Remuneration, Compensation, Reward, or Advantage in Violation of 18 U.S.C. § 152(6) and Felony Commercial Bribery under State Law

471.    Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 471 of the SAC.

96

472.      Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 472 of the SAC.

473.      Paragraph 473 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 473.

474.      Paragraph 474 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 474.

475.      Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 475 of the SAC.

476.      Paragraph 476 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 476 of the SAC.

477.      Paragraph 477 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 477 of the SAC.

**vii. Inducement to Interstate or Foreign Travel in Violation of 18 U.S.C.  § 2314**

478.      No response is required to the allegations in paragraph 478 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. § 2314. MTD Op. at 42. Further, paragraph 478 contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 478 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 478.

479.     No response is required to the allegations in paragraph 479 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. § 2314. MTD Op. at 42. Further, paragraph 479 contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 479 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 479.

480.     No response is required to the allegations in paragraph 480 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. § 2314. MTD Op. at 42. To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 480.

### viii. Money laundering in Violation of 18 U.S.C. § 1957

481.     No response is required to the allegations in paragraph 481 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. § 1957. MTD Op. at 44-45. Further, paragraph 481 contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 481 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 481.

482.     No response is required to the allegations in paragraph 482 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. § 1957. MTD Op. at 44-45. Further, paragraph 482 contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 482 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 482.

483.     No response is required to the allegations in paragraph 483 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. § 1957. MTD Op. at 44-45. Further, paragraph 483 contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 483 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 483.

484.     No response is required to the allegations in paragraph 484 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. § 1957. MTD Op. at 44-45. Further, paragraph 484 contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 484 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 484.

485.     No response is required to the allegations in paragraph 485 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. § 1957. MTD Op. at 44-45. Further, paragraph 485 contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 485 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 485.

**D. Scienter**

486.     Paragraph 486 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 486 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 486.

487.     Paragraph 487 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 487 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 487.

488.     Molino denies the allegations in paragraph 488 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 488.

489.     Paragraph 489 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 1-488 as if fully stated herein. Molino otherwise denies the allegations in paragraph 489 that are against her personally, except admits that: (1) from 1985 until 2019 Molino was General Counsel of McKinsey & Co., Inc., and all of its subsidiaries; and (2) she testified in the Westmoreland case, respectfully refers the Court to the transcript of the testimony referenced in paragraph 489 for a full and fair statement of its contents, states that no further response is required because the testimony speaks for itself, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 489.

490.     Paragraph 490 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 490 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 490.

**E. Vicarious Liability**

491.     Paragraph 491 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 491

of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 491.

492.     Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 492 of the SAC.

**F. Causation and Damages**

493.     Paragraph 493 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 493 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 493.

494.     Paragraph 494 of the SAC contains hypothetical factual conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 494 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 494.

495.     Paragraph 495 of the SAC contains hypothetical factual conclusions that do not require a response. To the extent that a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 495 of the SAC. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

496.     Molino denies the allegations in paragraph 496 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 496.

497.     Paragraph 497 of the SAC contains legal conclusions that do not require a response. To the extent that a response is required, Molino denies the allegations in paragraph 497

of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 497.

498.     Paragraph 498 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 498.

### SECOND CAUSE OF ACTION
### VIOLATIONS OF RICO, 18 U.S.C. § 1962(C)
*Against Barton, Sternfels, Proshan, Garcia, Carmody, Goldstrom, Molino, Hojnacki, and Yerian*

499.     Molino incorporates by reference her response to paragraphs 1 through 498 as if fully restated herein.

500.     Paragraph 500 of the SAC consists of allegations that do not require a response. To the extent a response is required, Molino denies the allegations in paragraph 500.

501.     Paragraph 501 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 501.

502.     Paragraph 502 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 502.

**A. The Count 2 RICO Enterprise and Its Effect on Interstate Commerce**

503.     Paragraph 503 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 503.

504.     Paragraph 504 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 504.

505.      Molino denies the allegations in paragraph 505 of the SAC and the footnotes thereto that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 505 and the footnotes thereto. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

506.      Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 506 of the SAC.

507.      Paragraph 507 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 507.

508.      Paragraph 508 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 508 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 508. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

509.      Paragraph 509 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 509 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 509. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

**B. Pattern of Racketeering Activity**

510.     Paragraph 510 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 510 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 510. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

511.     Paragraph 511 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 511 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 511. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

512.     Paragraph 512 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 512 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 512. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

**C. RICO Predicate Acts**

513.     Paragraph 513 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 412-414, 421, 426-37, 438-70, 48-80, and 481-485 as if fully stated

herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 513.

514.     Paragraph 514 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 412-415, 426-431, 433-437, 438-470, and 481-485 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 514.

515.     Paragraph 515 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 412-414, 416, 426-431, 433-437, 438-470, and 481-485 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 515.

516.     Paragraph 516 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 412-414, 417-418, 426-431, 433-437, 438-470, and 481-485 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 516.

517.     Paragraph 517 of the SAC contains legal conclusions that do not require a response. To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 412-414, 419, 426-431, 433-437, 438-470, and 481-485 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 517.

518.     Paragraph 518 of the SAC contains legal conclusions that do not require a

response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 412-414, 420, 426-437, 438-470, 478-80, and 481-485 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 518.

519.     Paragraph 519 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 412-414, 422, 426-431, 433-437, 459, and 481-485 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 519.

520.     Paragraph 520 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 413-414, 424, 426-431, 433-437, 438-470, and 481-485 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 520.

521.     Paragraph 521 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in 412-414, 423, 426-431, 433-437, 438-70 and 481-85, and otherwise denies the allegation in paragraph 521.

### i. False Declarations, Certifications, Verifications, or Statements under Penalty of Perjury in Violation of 18 U.S.C. §§ 152(2) and 152(3)

522.     **Answer:**  Paragraph 522 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 522, except admits that: (1) certain client confidentiality provisions in McKinsey's client contracts permitted or permit McKinsey to make disclosures where necessary to the comply with the law;

and (2) she testified in the Westmoreland case, respectfully refers the Court to the transcript of the testimony referenced in paragraph 522 for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

523.    Paragraph 523 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 412-425 as if fully stated herein. Molino further denies the allegations in paragraph 523 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 523. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

524.    Paragraph 524 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 412-414 and 421 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 524. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

525.    Paragraph 525 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 412-415 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 525. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than

Westmoreland are time barred."  MTD Op. at 12.

526.      Paragraph 526 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 412-414 and 419 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 526. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

527.      Paragraph 527 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 412-414 and 420 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 527. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

528.      Paragraph 528 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 412-414 and 417-418 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 528. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

529.      Paragraph 529 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 412-414 and 422 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 529.

530.    Paragraph 530 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 412-414 and 423 as if fully stated herein.  Molino otherwise denies the allegations in paragraph 530. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

531.    Paragraph 531 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 412-414 and 424 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 531. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

### ii. Mail and Wire Fraud in Violation of 18 U.S.C. §§ 1341 and 1343

532.    Paragraph 532 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 532. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

As to Exhibit B itself, Molino states that Exhibit B—comprised of nearly 250 pages of charts listing thousands of alleged "false or misleading statements"—does not require a response. *See United States v. Erie Cnty.*, *NY*, 724 F. Supp. 2d 357, 367 (W.D.N.Y. 2010) ("[A] defendant is not required to admit or deny the content of an exhibit, as it must the pleading to which the exhibit is attached."); *see also, e.g., Smith v. Hogan*, 794 F.3d 249, 255 (2d Cir. 2015) (treating a plaintiff's affidavit as part of the complaint "would do considerable damage to Rule 8(a)'s notice

requirement" and "severely compromise the ability of defendants and courts to test the legal viability of complaints at the pleading stage"). To the extent a response to Exhibit B is warranted, Molino denies the allegations in Exhibit B.

533.     Paragraph 533 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 426-437 as if fully stated herein.  Molino further denies the allegations in paragraph 533 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 533. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

534.     Paragraph 534 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 426-431 and 433-437 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 534. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

535.     Paragraph 535 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 426-431 and 433-437 as if fully stated herein. Molino further denies the allegations in paragraph 535 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 535. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

536.    Paragraph 536 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 426-431 and 433-437 as if fully stated herein. Molino further denies the allegations in paragraph 536 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 536. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

537.    Paragraph 537 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 426-431 and 433-437 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 537. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

538.    Paragraph 538 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 426-431 and 433-437 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 538. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

539.    Paragraph 539 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 426-431 and 433-437 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 539.

540.     Paragraph 540 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 426-431 and 433-437 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 540.

541.     Paragraph 541 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her response to the allegations in paragraphs 432 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 541.

542.     Paragraph 542 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 542 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 542. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

### iii. Obstruction of Justice in Violation of 18 U.S.C. § 1503(a)

543.     Paragraph 543 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 543. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

544.     Paragraph 544 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 544. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

545.      Paragraph 545 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 545. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

546.      Paragraph 546 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 546. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

547.      Paragraph 547 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 547. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

548.      Paragraph 548 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 438-460 as if fully stated herein.  Molino further denies the allegations in paragraph 548 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 548. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

549.      Paragraph 549 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 438-459 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 549.

550.     Paragraph 550 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 438-459 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 550.

551.     Paragraph 551 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 438-459 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 551.

552.     Paragraph 552 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her response to the allegations in paragraphs 459 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 552.

553.     Paragraph 553 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 438-460 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 553.

554.     Paragraph 554 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 438-460 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 554.

555.     Paragraph 555 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 438-460 as if fully stated herein, and otherwise lacks knowledge or

information sufficient to admit or deny the allegations in paragraph 555.

556.     Paragraph 556 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 438-459 as if fully stated herein, and otherwise denies the allegations in paragraph 556. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

### iv. Witness Tampering in Violation of 18 U.S.C. § 1512(b)

557.     No response is required to the allegations in paragraph 557 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. §1512(b).  MTD Op. at 42-43.  Further, paragraph 557 contains legal conclusions that do not require a response. To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 461-468 as if fully stated herein, denies the allegations in paragraph 557 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 557.

558.     No response is required to the allegations in paragraph 558 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. §1512(b).  MTD Op. at 42-43.  Further, paragraph 558 contains legal conclusions that do not require a response. To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 461-468 as if fully stated herein, denies the allegations in paragraph 558 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 558. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred." MTD Op. at 12.

### *v. Obstruction of Justice in Violation of 18 U.S.C. § 1512(c)*

559.     Paragraph 559 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 469-470 as if fully stated herein, denies the allegations in paragraph 559 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 559. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

560.     Paragraph 560 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 469-470 as if fully stated herein, denies the allegations in paragraph 560 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 560. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

### *vi. Inducement to Interstate or Foreign Travel in Violation of 18 U.S.C. § 2314*

561.     No response is required to the allegations in paragraph 561 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. §2134.  MTD Op. at 42.  Further, paragraph 561 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 561 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 561.

562.     No response is required to the allegations in paragraph 562 of the SAC because

the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. §2134.  MTD Op. at 42.  Further, paragraph 562 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 562 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 562.

563.     No response is required to the allegations in paragraph 563 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. §2134.  MTD Op. at 42.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 563 of the SAC.

### vii. Money Laundering in Violation of 18 U.S.C. § 1957

564.     No response is required to the allegations in paragraph 564 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. §1957(a).  MTD Op. at 44-5.  Further, paragraph 564 contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 564 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 564.

565.     No response is required to the allegations in paragraph 565 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. §1957(a).  MTD Op. at 44-5. To the extent a response is required, Molino denies the allegations in paragraph 565 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 565.

566.     No response is required to the allegations in paragraph 566 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. §1957(a).  MTD

Op. at 44-5.  Further, paragraph 566 contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 566 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 566.

567.　　　No response is required to the allegations in paragraph 567 of the SAC because the Court concluded that Alix failed to plausibly allege any violation of 18 U.S.C. §1957(a).  MTD Op. at 44-5.  Further, paragraph 567 contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 567 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 567.

**D. Scienter**

568.　　　Paragraph 568 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to the allegations in paragraphs 486-490 as if fully stated herein, denies the allegations in paragraph 568 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 568.

**E. Vicarious Liability**

569.　　　Paragraph 569 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 569 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 569.

**F. Causation and Damages**

570.     Paragraph 570 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 570 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 570.

571.     Paragraph 571 of the SAC contains hypothetical factual conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 571 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 571.

572.     Paragraph 572 of the SAC contains hypothetical factual conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 572 of the SAC.

573.     Paragraph 573 of the SAC contains hypothetical factual conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 573 of the SAC. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

574.     Paragraph 574 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 574 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 574.

575.     Paragraph 575 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 575 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient

to admit or deny the allegations in paragraph 575.

576.     Paragraph 576 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge and information sufficient to admit or deny the allegations in paragraph 576.

## THIRD CAUSE OF ACTION
## VIOLATIONS OF RICO, 18 U.S.C. § 1962(C)
*Against All Defendants*

Molino does not respond to the allegations in paragraphs 577 through 678 of the SAC as the Court dismissed Count Three from the SAC. MTD Op. at 21.

## FOURTH CAUSE OF ACTION
## CONSPIRACY TO VIOLATE RICO18 U.S.C. § 1962(D)
*Against All Defendants*

679.     Molino incorporates by reference her responses to paragraphs 1 through 678 of the SAC as if fully restated herein.

680.     Paragraph 680 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 680 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 680.

681.     Paragraph 681 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 681 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 681.

682.     Paragraph 682 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 682 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient

to admit or deny the allegations in paragraph 682.

## A. Count 1: McKinsey & Co., McKinsey US, and McKinsey Holdings

683.     Paragraph 683 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 683 of the SAC.

684.     Paragraph 684 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 684 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 684.

685.     Paragraph 685 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 685 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 685. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

## B. Count 3: McKinsey & Co., McKinsey US, McKinsey Holdings, and McKinsey RTS

686.     Paragraph 686 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 686 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 686.

687.     Molino denies the allegations in paragraph 687 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the

allegations in paragraph 687, except admits that: (1) Garcia is a founder and was or is a Senior Partner at McKinsey & Co. who served as a member of the board of directors of MIO; (2) Sternfels was or is a Senior Partner at McKinsey & Co. and has served as McKinsey's global Managing Partner since 2021; (3) from 1985 until 2019 Molino was General Counsel of McKinsey & Co., Inc., and all of its subsidiaries; (4) from 1991 to 2019 Molino was a Partner at McKinsey & Co. Inc., (5) Alison Proshan worked or works in McKinsey's in-house legal department and provided legal services to McKinsey RTS and managed the McKinsey RTS legal team; and (6) Barton was the Managing Partner at McKinsey & Co. for a period of time. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

## C. Counts 1 through 3: Individual Defendants

688.      Paragraph 688 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to paragraphs 1 through 687 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 688 of the SAC.

689.      Paragraph 689 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to paragraphs 1 through 688 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 689.

690.      Paragraph 690 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to paragraphs 1 through 689 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 690 of the SAC, except admits that

Goldstrom was or is a Senior Partner at McKinsey & Co., and a McKinsey RTS board member.

691.     Paragraph 691 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to paragraphs 1 through 690 as if fully stated herein. Molino otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 691 of the SAC, except admits that she testified in the Westmoreland case, respectfully refers the Court to the transcript of the testimony referenced in paragraph 691 for a full and fair statement of its contents, and states that no further response is required because the testimony speaks for itself.

692.     Paragraph 692 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to paragraphs 1 through 691 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 692 of the SAC, except admits Sternfels was or is a Senior Partner at McKinsey & Co.

693.     Paragraph 693 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to paragraphs 1 through 692 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 693 of the SAC.

694.     Paragraph 694 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino incorporates by reference her responses to paragraphs 1 through 693 as if fully stated herein, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 694 of the SAC.

695.     Paragraph 695 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 695 of

the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 695.

696.     Paragraph 696 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 696 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 696.

697.     Molino denies the allegations in paragraph 697 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 697.

698.     Paragraph 698 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 698 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 698.

**D. Vicarious Liability**

699.     Paragraph 699 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 699 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 699.

700.     Paragraph 700 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 700 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 700.

701.     Paragraph 701 of the SAC contains legal conclusions that do not require a

response.  To the extent a response is required, Molino denies the allegations in paragraph 701 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 701.

702.      Paragraph 702 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 702.

**E. Causation and Damages**

703.      Paragraph 703 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 703 that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 703.

704.      Molino denies the allegations in paragraph 704 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 704. Molino further states that the Court held that "Alix's claims against. . . Molino arising from the bankruptcies other than Westmoreland are time barred."  MTD Op. at 12.

705.      Paragraph 705 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 705 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient to admit or deny the allegations in paragraph 705.

706.      Paragraph 706 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino denies the allegations in paragraph 706 of the SAC that are against her personally, and otherwise lacks knowledge or information sufficient

to admit or deny the allegations in paragraph 706.

707.     Paragraph 707 of the SAC contains legal conclusions that do not require a response.  To the extent a response is required, Molino lacks knowledge or information sufficient to admit or deny the allegations in paragraph 707.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof on any defenses for which the burden rests upon Alix (or the real party-in-interest, AlixPartners), regardless of how such defenses are denominated herein, or waiving defenses not raised below that she need not plead at this time, Molino asserts the following affirmative and other defenses. All of the following defenses are pleaded in the alternative, and none relieve Plaintiff from proving each and every element of the asserted claims where Plaintiff has the burden of proof.  Molino reserves the right to amend her affirmative and other defenses as this litigation develops.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

Alix's claims are barred because he fails to state any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Invalid Assignment and Improper Plaintiff)

Alix is not authorized to pursue his claims because AlixPartners, not Alix, is the real party in interest in this case.  AlixPartners' purported assignment of its legal claims to Alix is invalid, including, without limitation, because (i) the alleged assignment was undertaken without a legitimate business purpose, including because it was undertaken to allow AlixPartners to benefit from the RICO litigation, while sheltering AlixPartners from the "risk, burden, and expense" of

126

litigation, such as the procedural and evidentiary rules applicable to parties; and (ii) Alix appears to be acting in a representative capacity for AlixPartners, the company that Alix founded, still partially owns and which he serves as a director.

### THIRD AFFIRMATIVE DEFENSE

### (No Standing)

Alix's claims are barred because, among other things, the assignment of AlixPartners' claims to him is invalid for lacking a legitimate business purpose, and he otherwise lacks independent standing to pursue claims to redress alleged injuries to AlixPartners.

### FOURTH AFFIRMATIVE DEFENSE

### (No Subject Matter Jurisdiction)

AlixPartners is the real party in interest in this case under Federal Rule of Civil Procedure 17.  If AlixPartners does not substitute in to pursue these claims (whether because the Court does not permit the substitution or because AlixPartners declines to do so), the Court lacks subject matter jurisdiction.

### FIFTH AFFIRMATIVE DEFENSE

### (No Causation)

Alix's claims are barred because the alleged conduct did not cause any injury to AlixPartners, whether actual, proximate, or otherwise.  Among other factors, had McKinsey disclosed additional information as Alix alleges it was required to, such purported additional connections would not have been disqualifying and bankruptcy courts would have still approved McKinsey's retention; and AlixPartners would not have been selected for the engagements in McKinsey's stead, including, without limitation, because of AlixPartners own disqualifying conflicts, lack of availability, lack of competitive bidding, and the debtors' preferences.

## SIXTH AFFIRMATIVE DEFENSE

### (Intervening/Superseding Cause)

Alix's claims are barred because intervening and superseding causes -- including, without limitation, the decisions of the debtors not to hire AlixPartners and the decisions of AlixPartners not to compete for certain engagements -- were intervening or superseding causes of any alleged damages to Alix and broke the required chain of causation.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Damages)

Alix's claims are barred because AlixPartners did not suffer any damages.  There were no "fees from bankruptcy consulting engagements AP would have earned in the absence of" the alleged conduct, nor any "lost business opportunities," as the SAC claims.

## EIGHTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

Alix's claims are barred because he has asserted a purely speculative injury—*i.e.,* that AlixPartners would have been selected for certain bankruptcy engagements if McKinsey had disclosed additional information.

## NINTH AFFIRMATIVE DEFENSE

### (No Punitive Damage)

Alix is not entitled to punitive damages, because they are not available in a civil RICO case as a matter of law and, in any event, there is no basis for an award of punitive damages here.

## TENTH AFFIRMATIVE DEFENSE

### (No Equitable Relief)

Alix is not entitled to equitable relief because his claims are without merit and, in any event, his claims have an adequate remedy at law and RICO does not provide for private party injunctive relief, including disgorgement.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Alix and AlixPartners failed to mitigate their alleged damages by, among other things, failing to pursue and obtain alternative work to redress the reduction in fees Alix alleges AlixPartners suffered when McKinsey was retained.

## TWELTH AFFIRMATIVE DEFENSE

### (No Duty to Disclose)

Alix's claims fail because he alleges that Defendants failed to disclose information that Defendants had no duty to disclose.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Pattern of Racketeering)

Alix's claims are barred because the alleged conduct did not constitute a pattern of racketeering, including, without limitation, because McKinsey's bankruptcy disclosures were not false or misleading and did not violate any applicable rule or obligation, and Molino did not engage in a pattern of racketeering in her involvement in overseeing the disclosure process.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No RICO Standing)

Alix's claims are barred because, among other things, he lacks RICO standing because AlixPartners has not suffered any legally cognizable injury to its business or property.  Claims of lost business opportunities or expectancy interests are not recoverable in a civil RICO action.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Zone of Interests)

Alix's claims are barred because, among other things, his RICO claims based on fraud within bankruptcy proceedings fall outside the zone of interests protected by the bankruptcy disclosure provisions on which he relies.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No RICO Enterprise)

Alix's claims against Molino are barred because he does not allege a RICO enterprise distinct from McKinsey and its employees and agents.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Conspiracy to Violate 18 U.S.C. § 1962)

Alix's claim under 18 U.S.C. § 1962(d) is barred because Molino did not enter into an agreement to violate any provision of 18 U.S.C. § 1962.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Intracorporate-Conspiracy Doctrine)

Alix's claim under 18 U.S.C. § 1962(d) is barred by the intracorporate-conspiracy doctrine because he alleges a conspiracy among Molino, McKinsey and its other employees and agents.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Participation in RICO Enterprise)

Alix's claims against Molino fail because she did not participate in or conduct any RICO enterprise. Specifically, Alix is unable to prove that Molino did anything more than provide ordinary legal services to McKinsey.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Intent to Defraud)

Alix's claims are barred because Molino had no intent to defraud. Molino instead sought, among other things, to assist McKinsey in performing high-value services for clients in bankruptcy while respecting the confidentiality of other clients. Further, Molino's conduct demonstrates an objectively reasonable interpretation of applicable rules and obligations.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Good Faith and Advice of Counsel)

Alix's claims against Molino fail because they arise from a course of conduct Molino undertook in good faith and in reliance upon the advice of outside legal counsel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Noerr-Pennington, Anti-SLAPP Immunity, and Bar on RICO Claims Premised on Fraud in Court Proceedings)

Alix's claims are barred by *Noerr-Pennington* immunity and Anti-SLAPP statutes because, among other things, they are based on McKinsey's declarations filed in bankruptcy proceedings and other protected petitioning activity in the bankruptcy courts. For the same reason, Alix's claims are barred because allegations of fraudulent litigation activities cannot constitute a RICO predicate act.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Laches, Waiver, Acquiescence)

Alix's claims are barred by the doctrines of laches, waiver, and acquiescence because he delayed in bringing claims after he knew or should have known of the alleged injuries being suffered by Alix.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (*In Pari Delicto* and Unclean Hands)

Alix's claims are barred by the doctrines of *in pari delicto* and unclean hands because, among other reasons, AlixPartners has engaged in the same types of conduct that the SAC asserts constitute fraud, including, without limitation, (i) disclosing interested parties based on descriptive categories from debtors' interested parties lists, rather than by name; (ii) not disclosing the nature of the services it provided to interested parties; (iii) limiting its search for connections to stated "lookback periods," and, in recent years, shortening the length of such lookback periods; (iv) disclosing connections to interested parties in some cases but not others; (v) making supplemental disclosures identifying additional connections after it was retained; and (vi) limiting its search for connections to certain affiliates.  Alix's claims are also barred by the doctrines of *in pari delicto* and unclean hands based on, among other actions, his and AlixPartners' anticompetitive campaign to impugn and harm AlixPartners' perceived rival, McKinsey.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Collateral Estoppel, Res Judicata, Claim Preclusion, Issue Preclusion, Preemption)

Alix's claims are barred by the doctrines of collateral estoppel, res judicata, claim preclusion, issue preclusion, and preemption, because, among other reasons, they are improper collateral attacks on the rulings and authority of bankruptcy courts.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Contrary to Public Policy)

Alix's claims are barred as contrary to public policy because, among other things, they (i) intrude on the province of the bankruptcy courts to determine the requisite disclosure for applications to be retained as bankruptcy professionals under Rule 2014 and 11 U.S.C. § 327; (ii) seek to disturb the finality granted to bankruptcy professionals that precludes most post-hoc challenges to their conduct during a chapter 11 case, thereby threatening incentives for professionals to take on chapter 11 engagements going forward; (iii) improperly seek to apply the RICO statute, which was not intended to apply to disputes over the interpretation of bankruptcy rules; (iv) seek to transform reasonable disagreements regarding the interpretation of a bankruptcy rule into federal racketeering; and (v) rely on a purported assignment of claims that would allow the real party in interest, AlixPartners, to evade party-specific discovery obligations and evidentiary rules.

### ADDITIONAL DEFENSES

Molino reserves the right to assert additional defenses that may become available or appropriate, and to abandon any defenses asserted herein.  Furthermore, Molino adopts any and all additional defenses asserted by any other defendant to the extent such defenses are relevant to Molino. Molino denies that either Alix or AlixPartners is entitled to any relief whatsoever, and specifically denies that Alix is entitled to the relief sought in the wherefor clause of the SAC.

**WHEREFORE**, Molino respectfully requests judgment as follows:

A. Dismissing the SAC in its entirety with prejudice;

B. Denying any and all relief requested by Alix or AlixPartners;

C. Granting such other and further relief as the Court deems just and proper.

133

Dated: New York, New York
       January 5, 2024

GLENN AGRE BERGMAN & FUENTES LLP

By: _/s/ Olga L. Fuentes-Skinner_
     Jed I. Bergman
     Olga L. Fuentes-Skinner
     Evan McCants-Goldman

1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
T: 212-970-1600
ofuentes@glennagre.com

*Attorneys for Defendant Virginia Molino*