January 24, 2024

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007-1312

      Re: *Jay Alix v. McKinsey & Co., Inc., et al.*, No. 18-CV-4141 (JMF)

Dear Judge Furman,

      Defendants write to respectfully request that the Court compel Jay Alix and AlixPartners, LLP to produce three discrete categories of documents relevant to Defendants' forthcoming motion under Federal Rule of Civil Procedure 17. The parties have met and conferred on the contested areas of discovery and are at an impasse.

**I.    BACKGROUND**

      On December 6, 2023, the Court granted Defendants' request for expedited Rule 17-related discovery and ordered that such document discovery be completed by January 30, 2024. ECF No. 263. On December 12, 2023, Defendants served targeted Rule 17-related requests for production and a Rule 17-related subpoena on Alix and AlixPartners, respectively. *See* Exs. A and B. In each, Defendants sought, among other documents, (i) a small set of internal AlixPartners documents describing AlixPartners' strategy to respond to McKinsey's perceived competitive threat as well as documents and communications relating to the same (the "Competitive Response Documents"); (ii) communications between Alix and AlixPartners regarding this litigation and the claims asserted therein and AlixPartners' documents and board materials related to the same (the "Claim Discussion Documents"); and (iii) communications concerning AlixPartners' assignment of claims to Alix (the "Assignment Communications"). S*ee* Ex. A, Requests 2, 14, 20-21; Ex. B, Requests 2, 13, 19-20.

      On December 18, 2023, given the expedited schedule, Defendants requested to meet and confer with Alix and AlixPartners regarding the Rule 17 discovery to try to resolve any disputes as quickly as possible. Neither Alix nor AlixPartners contested the scope of discovery at that time. On January 11, 2024, Alix and AlixPartners each served responses and objections to the Rule 17 requests, which notified Defendants that they (i) would not produce the Competitive Response Documents; and (ii) would not produce either Claim Discussion Documents or Assignment Communications outside of a four-month period ending on September 1, 2017. Defendants promptly requested to meet and confer and asked Alix and AlixPartners to revisit their positions.

      On January 22, 2024, Alix and AlixPartners confirmed that they would not produce any Competitive Response Documents unless they expressly referenced the assignment. While Alix and AlixPartners agreed to expand the date range of Claim Discussion Documents and Assignment

The Honorable Jesse M. Furman
January 24, 2024
Page 2

Communications through May 9, 2018 (when Alix initiated this action), they did not agree to produce any such documents thereafter. On January 24, 2024, Defendants and AlixPartners further discussed the disputed areas of discovery, and Alix's team advised that they were further considering burden relative to relevance. But neither would commit to producing any additional documents, necessitating this submission and request for an informal conference.

**II.    ALIX AND ALIXPARTNERS SHOULD BE ORDERED TO PRODUCE THE DOCUMENTS AT ISSUE HERE.**

In Defendants' forthcoming Rule 17 motion, Defendants expect to challenge the validity of the assignment and argue that Alix is acting in a representative capacity for AlixPartners. *See* ECF No. 183 at 1-2. The contested documents are relevant to Defendants' motion, are not unduly burdensome to collect and review, and accordingly should be produced.

    A.    The Competitive Response Documents

The Competitive Response Documents will show that, since at least 2013, AlixPartners and Alix have been seeking to harm McKinsey publicly and push it out of the restructuring space. This, in turn, reinforces that the assignment was undertaken, as Alix has stated under penalty of perjury, to "benefit" AlixPartners while shielding it from the "risk, burden, and expense of litigation." Decl. of J. Alix, Sept. 3, 2019 (ECF No. 106) ¶ 22.

The Competitive Response Documents detail AlixPartners' efforts to make McKinsey's participation in restructuring work "public and painful." *See, e.g.*, Ex. C, Excerpt of Dep. Tr. of F. Crawford, former CEO of AlixPartners, Jan. 29, 2020, 68:9-16.[1] As one of AlixPartners' Managing Directors explained, those documents address "the threat McKinsey's restructuring operations pose to AlixPartners" and the strategies that "AlixPartners developed to compete with McKinsey's restructuring practice." Ex. D, Aff. of J. Marshall, Jan. 7, 2019, ¶¶ 2, 3. AlixPartners attested that this strategy was "even more relevant" after AlixPartners assigned the claims to Alix. Ex. E, Aff. of J. Marshall, May 22, 2019, ¶ 7.

There is no plausible burden argument here. The Competitive Response Documents are a discrete set of documents, some of which were *already collected and produced* in earlier litigation, including the document referenced in Mr. Marshall's May 22, 2019 affidavit as JX 866. Further, according to AlixPartners' Mr. Marshall, only a few people within AlixPartners were involved in preparing them. *Id.*, ¶ 3. Thus, related communications, board materials and later iterations of the documents should entail only limited additional burden to collect and produce. This is precisely the sort of targeted discovery the Court appeared to anticipate when it prioritized Rule 17 discovery.[2]

---

[1] The excerpted transcript annexed as Exhibit C, which contains highlighting and redactions, was filed on the public docket of *In re Westmoreland Coal Co.*, No. 18-35672 (Bankr. S.D. Tex.).

[2] Any confidentiality concerns with producing the Competitive Response Documents or related materials could be addressed by designating the documents under the proposed protective order.

The Honorable Jesse M. Furman
January 24, 2024
Page 3

B.     Communications Regarding the Litigation and Claims Asserted Therein

Likewise, the Claim Discussion Documents could also help demonstrate that Alix is acting as a representative, and for the benefit, of AlixPartners. *See* ECF No. 183 at 2; *see also Klein ex rel. Qlik Techs., Inc. v. Qlik Techs., Inc.*, 906 F.3d 215, 225-26 (2d Cir. 2018) (finding that, in derivative suit, the corporation on whose behalf the relief was sought to be the real party in interest); *cf. Airlines Reporting Corp. v. S and N Travel, Inc.*, 58 F.3d 857, 861 n.4, 862 (2d Cir. 1995) (treating assignors as "real and substantial parties" for purposes of assessing citizenship for diversity because "[w]here a party sues or is sued in a representative capacity . . . its legal status is regarded as distinct from its position when it operates in an individual capacity" and noting "'rough symmetry'" between Rule 17's real party in interest standard and the diversity analysis).

In a typical arm's-length assignment, the assignor (having conveyed its interest in the litigation to the assignee) would have no reason to consult, or be updated, on strategy or otherwise be involved in conducting the litigation. Defendants should be permitted to test the extent to which AlixPartners and Alix—who founded AlixPartners, currently serves as an AlixPartners board member, and apparently continues to hold a sizeable equity stake therein—were communicating regarding the litigation *after* Alix filed it, as this evidence is relevant to showing that Alix is acting as AlixPartners' representative here, even if he purports to be pursuing the suit in his individual capacity. Such evidence would be contained within materials (including board presentations) after May 9, 2018, which Alix and AlixPartners have refused to produce.

It should not be difficult to locate and produce communications between Alix and AlixPartners regarding this litigation and the claims asserted therein or related documents and board materials. Alix and AlixPartners have had more than a month to identify and collect documents from relevant custodians. Further, to the extent that responsive communications or board materials are voluminous following the purported assignment, that volume would underscore that AlixPartners is the real party in interest, and the documents should be produced (or, if Alix and AlixPartners are claiming some sort of privilege, listed on a privilege log).

C.     Communications Regarding the Assignment

Assignment Communications after Alix initially filed this suit are also directly relevant. Alix declared that he assigned all "then-existing claims" in 2017. Decl. of J. Alix, Sept. 3, 2019 (ECF No. 106) ¶ 23. But, in the Second Amended Complaint, he added Jean Molino and Mark Hojnacki as defendants and added claims related to the Westmoreland bankruptcy, which commenced on October 9, 2018—*i.e.,* claims that did not exist when the assignment was reportedly made in 2017. This too is relevant to the scope and sufficiency of the purported assignment. Alix and AlixPartners should be required to produce all Assignment Communications—not only for the time period as to which they have already agreed (May 1, 2017 to May 9, 2018), but also, at the very least, for January 19, 2022 to July 11, 2022 (covering the period between the Second Circuit's decision reversing dismissal of this case and the filing of the Second Amended Complaint). Alix and AlixPartners likewise cannot show that any burden outweighs the relevance of such Assignment Communications.

The Honorable Jesse M. Furman
January 24, 2024
Page 4

Respectfully submitted,

/s/ Mark P. Goodman
John Gleeson
Mark P. Goodman
Andrew J. Ceresney
Erica S. Weisgerber
Nathan S. Richards
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
(212) 909-6000

*Counsel for McKinsey & Company, Inc., McKinsey & Company Inc. United States, and McKinsey Recovery & Transformation Services U.S., LLC*

/s/ Danielle L. Rose
Matthew I. Menchel
Jonathan D. Cogan
Danielle L. Rose
Benjamin Sirota
Christen M. Martosella
Benjamin F. Cooper
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200

/s/ Ariel N. Lavinbuk
Ariel N. Lavinbuk
Jennifer S. Windom
Brandon L. Arnold
Jack A. Herman
KRAMER LEVIN NAFTALIS & FRANKEL LLP
2000 K Street NW, 4th Floor
Washington, D.C. 20006
(202) 775-4500

*Counsel for Jon Garcia, Alison Proshan, and Robert Sternfels*

/s/ Reid M. Figel
Reid M. Figel
Bradley E. Oppenheimer
Robert C. Klipper
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7968

*Counsel for Kevin Carmody and Seth Goldstrom*

/s/ Catherine L. Redlich
Catherine L. Redlich
DRISCOLL & REDLICH
110 West 40th Street, Suite 1900
New York, New York 10018
(212) 986-4030

*Counsel for Dominic Barton*

/s/ Micah E. Marcus
Micah E. Marcus
Christopher Dean
MCDONALD HOPKINS LLC
300 North LaSalle Street, Suite 1400
Chicago, Illinois 60654
(312) 280-0111

*Counsel for Jared D. Yerian*

The Honorable Jesse M. Furman
January 24, 2024
Page 5

/s/ Linda Imes
Linda Imes
Christopher W. Dysard
BLANK ROME LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 885-5000

*Counsel for Mark Hojnacki*

/s/ Jed I. Bergman
Jed I. Bergman
Olga Lucia Fuentes-Skinner
Richard C. Ramirez
GLENN AGRE BERGMAN & FUENTES LLP
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
212.970.1600

*Counsel for Virginia "Jean" Molino*

Application DENIED, substantially for the reasons stated in the responses of Alix and AlixPartners. *See* ECF Nos. 293-294. As those responses make plain, Defendants requests are, to some extent, moot. To the extent the requests are not moot, the Court agrees with Alix and AlixPartners that they are improper. The "Competitive Response Documents" that are not produced in connection with Alix's agreement to produce "Claim Discussion Documents" and "Assignment Communications" between May 1, 2017, and July 11, 2022, are likely irrelevant and, to the extent they are relevant, the request is not proportional to the needs of the case. The same is true for "Claim Discussion Documents" post-dating July 11, 2022 --- that is, such documents have limited or no incremental value in proving or disproving the validity of the assignment. Accordingly, Defendants' request for relief is denied. The Clerk of Court is directed to terminate ECF No. 292.

SO ORDERED.

January 31, 2024