UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAY ALIX,<br><br>*Plaintiff*,<br><br>-against-<br><br>MCKINSEY & CO., INC.; MCKINSEY HOLDINGS, INC.; MCKINSEY & COMPANY INC. UNITED STATES; MCKINSEY RECOVERY & TRANSFORMATION SERVICES U.S., LLC; DOMINIC BARTON; KEVIN CARMODY; JON GARCIA; SETH GOLDSTROM; MARK HOJNACKI; VIRGINIA MOLINO; ALISON PROSHAN; ROBERT STERNFELS; and JARED YERIAN,<br><br>*Defendants*. | No. 18-cv-04141 (JMF) |

SETH GOLDSTROM and KEVIN CARMODY,

*Counterclaim Plaintiffs*,

v.

JAY ALIX and ALIXPARTNERS, LLP,

*Counterclaim Defendants*.

### STIPULATED ~~AND [PROPOSED]~~ PROTECTIVE ORDER

The parties (collectively, the "Parties" and each individually, a "Party") in the above-captioned actions (the "Proceeding") hereby stipulate and request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and sensitive information disclosed in connection with discovery in this Proceeding.

Any person subject to this Order—including, without limitation, the Parties, any Party's representatives, agents, experts, or consultants, and all non-parties providing discovery in the Proceeding—shall adhere to the provisions of this Order.

**A.    Scope**

1.      This Stipulated Protective Order ("Order" or "Protective Order") applies to and governs all information, testimony, documents, and all other matter produced or furnished in the Proceeding that is designated, by a Party or by a non-party to this Proceeding (in each case, the "Designating Party") as "Confidential Material" or "Highly Confidential Material" (as defined below) (Confidential Material and Highly Confidential Material together, "Designated Material") pursuant to this Order, including without limitation, deposition testimony (whether based upon oral examination or written questions); answers to interrogatories; responses to requests for admission; and documents, information, and things produced in response to requests for production (including documents, information, and things produced to a receiving Party (in each case, a "Receiving Party") for inspection, whether in the form of originals or copies), and all other discovery taken pursuant to the Federal Rules of Civil Procedure (collectively referred to as "Discovery Material"), as well as pleadings, briefs, memoranda, testimony adduced at trial, materials introduced into evidence, and all other information produced or furnished by or on behalf of any Party or non-party that meets the definition of Confidential Material or Highly Confidential Material and has been so designated.

2.      Nothing in this Order precludes any Party or non-party from seeking relief from the Court with regard to the production of documents or information.

3.      This Order does not alter any confidentiality obligations that any Party or non-party may have at law or under another agreement.

4.     Nothing in this Order shall be construed as an agreement or acknowledgement by the Receiving Party that any Designated Material constitutes a trade secret or is, in fact, confidential or highly confidential.

5.     Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery in this Proceeding shall be maintained by the Receiving Party in a manner that is secure and confidential.

**B.     Designated Material**

1.     A Designating Party may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" in accordance with the provisions set forth below.

2.     <u>Confidential Material</u>: A Designating Party may designate Discovery Material as "Confidential Material" if the Designating Party reasonably believes in good faith that such Discovery Material constitutes or contains non-public proprietary or confidential technical, business, or financial information, or any other information subject to a legally protected right of privacy or otherwise of a nature that is protected under Federal Rule of Civil Procedure 26(c). Confidential Material does not include information that (a) at the time of the disclosure hereunder is available to the public; (b) after disclosure hereunder becomes available to the public through no act, or failure to act, by the Receiving Party; or (c) the Receiving Party can show (i) was already known to the Receiving Party through a non-confidential disclosure; (ii) was independently developed by the Receiving Party; or (iii) was received by the Receiving Party, after the time of disclosure hereunder, from a non-party having the right to make such a disclosure.

3.     Unless otherwise provided in this Order or subsequent orders by the Court, Confidential Material shall not be disclosed or shown to anyone other than:

a.      the Parties, including (and solely to the extent such persons have a need to know such Confidential Material for the purpose of assisting the Parties in connection with the Proceeding), in house counsel for the Parties and members, managers, partners, directors, officers, or employees of the Parties;

b.      outside counsel of record for the Parties;

c.      persons employed by outside counsel of record for the Parties who are charged with assisting in this Proceeding and to whom it is necessary that Confidential Material be shown for purposes of assisting in such work;

d.      outside representatives of the Parties who have a legitimate need to review such material in connection with the Proceeding and who shall, prior to reviewing such material, execute an undertaking in the form of Exhibit A to this Order (the "Non-Disclosure Agreement"); each such Non-Disclosure Agreement shall be maintained by counsel for the Party represented by such outside representative;

e.      the Court and persons employed by the Court;

f.      persons who are identified by the relevant document as the author or recipient of such document in the ordinary course of business (or, in the case of meeting minutes, an attendee of the meeting);

g.      subject to the provisions of Paragraph C.2., any witness in the course of depositions, examinations, evidentiary hearings, or trial, or preparation for depositions, examinations, evidentiary hearings, or trial in this matter (provided that upon completion of the review, the documents shall be returned to counsel for the supplying party, other than, in the case of disclosure in the course of depositions or trial, copies provided to the court reporter as marked exhibits);

h.      outside experts or consultants retained by the Parties or by outside counsel of record for the Parties in connection with the Proceeding, provided that no disclosure shall occur until each expert or consultant has agreed to be bound by the terms of this Order, and has so indicated by executing the Non-Disclosure Agreement at Exhibit A; each such Non-Disclosure Agreement shall be maintained by counsel for the Party that retained the consultant or expert;

i.      independent copying services and other independent litigation support services retained by the Parties or by outside counsel of record for the Parties in connection with the Proceeding, provided that no disclosure shall occur until any such service agrees to be bound by the terms of this Order, and has so indicated by executing the Non-Disclosure Agreement at Exhibit A; each such Non-Disclosure Agreement shall be maintained by counsel for the Party retaining such services; and

j.      persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the relevant Designating Party of the Confidential Material, after notice to all Parties and an opportunity has been had to object and after such persons have agreed to be bound by the terms of this Order, and have so indicated by executing the Non-Disclosure Agreement at Exhibit A; each such Non-Disclosure Agreement shall be maintained by counsel for the Party proposing the disclosure or, if disclosure is ordered by the Court *sua sponte*, then by counsel for the Party that produced the disclosed information.

4.    <u>Highly Confidential Material</u>: A Designating Party may designate Discovery Material as "Highly Confidential," based on the good faith belief that such Discovery Material (i) meets the definition of "Confidential Material" set forth above in Paragraph B.2; and (ii) constitutes or reflects information that is, at the time of production, of such a nature that a risk of competitive injury or other harm to a Party would be created if such Discovery Material were disclosed to persons other than those identified in Paragraph B.5 of this Order, including but not limited to confidential board-level or competition materials that reflect trade secrets, or sensitive personal information (including PII).

5.    Unless otherwise provided in this or subsequent Orders by the Court, Highly Confidential Material shall not be disclosed or shown to anyone other than:

a.      outside counsel of record for the Parties;

b.      persons employed by outside counsel of record for the Parties who are charged with assisting in this Proceeding and to whom it is necessary that Highly Confidential Material be shown for purposes of assisting in such work;

c.      the Court and persons employed by the Court;

d.      persons who are identified by the relevant document as the author or recipient of such document in the ordinary course of business (or, in the case of meeting minutes, an attendee of the meeting);

e.      subject to the provisions of Paragraph C.2., any witness during the course of a deposition, examination, evidentiary hearing, or trial, (i) as the author or recipient of such document in the ordinary course of business (or, in the case of meeting minutes, an attendee of the meeting), or (ii) if the witness

is not an author or recipient, (x) where counsel questioning the witness reasonably and in good faith believes that questioning the witness regarding the document is necessary, (y) where doing so would not cause personal or competitive harm, and (z) the witness shall not be permitted to possess or retain copies of such document;

f.      outside experts or consultants retained by the Parties or by outside counsel of record for the Parties in connection with the Proceeding, provided that no disclosure shall occur until each expert or consultant has agreed to be bound by the terms of this Order, and has so indicated by executing the Non-Disclosure Agreement at Exhibit A; each such Non-Disclosure Agreement shall be maintained by counsel for the Party that retained the consultant or expert;

g.      independent copying services and other independent litigation support services retained by the Parties or by outside counsel of record for the Parties in connection with the Proceeding, provided that no disclosure shall occur until any such service agrees to be bound by the terms of this Order, and has so indicated by executing the Non-Disclosure Agreement at Exhibit A; each such Non-Disclosure Agreement shall be maintained by counsel for the Party retaining such services;

h.      Any natural person who is a party to this action, if such person is specifically referenced or identified by name in the relevant document, and provided that only that portion of the Highly Confidential Material that specifically references or identifies by name that specific natural person may be disclosed to him or her, along with enough surrounding material so as to be reasonably necessary to understand context; and

i.      persons who, in addition to those identified above, are permitted access by order of the Court or upon stipulation of the Designating Party, after notice to all Parties and an opportunity has been had to object and after such persons have agreed to be bound by the terms of this Order, and have so indicated by executing the Non-Disclosure Agreement at Exhibit A; each such Non-Disclosure Agreement shall be maintained by counsel for the Party proposing the disclosure or, if disclosure is ordered by the Court *sua sponte*, then by counsel for the Party that produced the disclosed information.

6.      Counsel for each party shall maintain copies of all Non-Disclosure Agreements (Exhibit A) in accordance with this Order.  Counsel shall, upon request, make a representation that all persons required to execute Non-Disclosure Agreements who have had access to Designated Material have executed a Non-Disclosure Agreement.

7.      Except as provided by Section F hereof or as agreed to in writing by the relevant Designating Party, Designated Material shall be used by Receiving Parties solely for the prosecution and/or defense of the Proceeding (including appeals) and only as provided in this Order.  Designated Material shall not be used or employed for the purpose of any other action, use, or proceeding, or for any commercial, business, or other purpose whatsoever, unless (i) agreed to in a signed writing between the Designating Party and the Receiving Party; (ii) as provided by Section F hereof; or (iii) by further order of a court of competent jurisdiction.

8.      Notwithstanding anything to the contrary in the foregoing paragraphs, every Party may use without restriction:

a.      its own documents and/or information; and

b.      documents and/or information developed or obtained by a Receiving Party independently of discovery in this Proceeding, provided such documents were not obtained in violation of any other confidentiality agreement or obligation, and irrespective of whether such document or information has been designated as Designated Material in this Proceeding.

9.      <u>Sealing of Designated Material Filed with or Submitted to the Court</u>: The Parties acknowledge that this Protective Order does not itself entitle them to file Designated Material under seal with this Court.  In the event that counsel for any Party or Designating Party intends to file with, or submit to, the Court any Designated Material or papers containing or referencing Designated Material, such counsel shall file or submit such Designated Material or papers containing or referencing Designated Material, in accordance with the procedures set forth in the applicable federal, local, and Court rules.  The Parties and Designating Parties (as applicable) shall cooperate with one another to seek a sealing order or other appropriate relief from the Court.  This Order does not set forth the standards that will be applied when a Party seeks leave from the Court to file material under seal.

10.    <u>Use of Designated Material in Open Court</u>:  In the event that counsel for any Party determines to use any Designated Material at trial or any hearing to be held in open court, counsel for that Party shall meet and confer with counsel for the Designating Party at least forty-eight (48) hours prior to the scheduled trial or hearing to be held in open court, or in less than forty-eight (48) hours upon agreement by counsel for the relevant Parties and Designating Parties Counsel for any of the other Parties may, but are not required to, join the meet-and-confer. During the meet-and-confer, counsel for the relevant Parties and Designating Parties shall discuss whether there are ways to protect the Designated Material, such as redaction, stipulation as to facts, and/or any other reasonable means that would not obscure the relevant substantive information in the Designated Material. The inclusion of any Designated Material on a witness or exhibit list shall satisfy the disclosure obligation of any Party who desires to use or refer to Designated Material, provided the witness and exhibit list is provided at least forty-eight (48) hours before the relevant hearing or trial in open court.  If no resolution is reached regarding the use of Designated Material in open court, then the Designating Party bears the burden of requesting relief from the Court. For the avoidance of doubt, Highly Confidential Material may not be revealed in open court, except in accordance with this Paragraph.

11.    Within twenty-one (21) calendar days after the settlement or final adjudication, including appeals, of the entirety of the Proceeding, each Receiving Party shall (a) return all Designated Material, and all copies thereof, to the relevant Designating Parties (if the Designating Party so requests within fifteen (15) calendar days of the conclusion of the Proceedings and pays the reasonable costs of such return) or (b) certify in writing that it has undertaken reasonable efforts to destroy such Designated Material.  Notwithstanding anything to the contrary in this Paragraph B.11, (x) counsel of record for each Party may retain a file of all

documents filed with the Court in the Proceeding and attorney work product in the possession or control of counsel of record for any Party that reflects or includes information derived from Designated Material, provided further, however, that each Designating Party shall keep a complete file of all of its designated Highly Confidential Material for a period of five (5) years from the date of settlement or final adjudication, including all appeals, of the entirety of the Proceeding.

12.     The restrictions on the use of Designated Material shall survive the conclusion of the Proceeding.  The Court shall retain limited jurisdiction over the Proceeding for the purpose of enforcing this Order, of resolving any dispute concerning the use of Designated Material pursuant to the terms of this Order, and to make any amendments to this Order.  The Parties submit themselves to the personal jurisdiction of this Court for the enforcement of this Order.

### C.     Manner of Designation

1.     Where reasonably practicable, documents shall be designated as Confidential Material or Highly Confidential Material by stamping or otherwise clearly marking every such page (or relevant portion thereof) "**Confidential Material**" or "**Highly Confidential Material**" as applicable, in a manner that will not interfere with legibility.  Where marking every page or relevant portion of such materials is not reasonably practicable, such as with certain native file documents, the Designating Party shall inform each Receiving Party in writing in a clear and conspicuous manner at the time of production that such material is "Confidential Material," or "Highly Confidential Material" including by providing the relevant Bates ranges where applicable.  Where the "Confidential" or "Highly Confidential" Material portion of a document is reasonably separable from the non-confidential portion, by means of separately producing the non-confidential portion (using redaction of otherwise) and the Confidential or Highly

Confidential portion, only the confidential portion shall be designated as "Confidential Material" or "Highly Confidential Material" (as applicable).

2.    <u>Depositions</u>:   When testimony (including exhibits) during an oral deposition is designated as Designated Material by a statement to that effect on the record during the deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from that portion of the deposition.   In addition, any portions of a deposition in which documents designated as containing Designated Material are marked as exhibits or shown to the deponent or otherwise employed shall be designated as Designated Material and subject to the provisions of this Order.

a.    Deposition transcripts of the Parties' witnesses, or portions thereof, containing Designated Material shall be so designated in writing no later than five (5) business days following receipt of the complete draft (but not rough) transcript from the court reporter. Until such designation is timely made, or the period for making such designation has expired, all portions of the deposition transcripts shall be treated as Highly Confidential Material. Nothing in this paragraph, however, shall preclude any Parties' witness from reviewing his or her own deposition transcript.

b.    Deposition transcripts of all other witnesses, or portions thereof, containing Designated Material shall be so designated in writing no later than five (5) business days following receipt of the complete draft (but not rough) transcript from the court reporter.  Until such designation is timely made, or the period for making such designation has expired, (i) portions of deposition transcripts in which documents designated by a Party as Highly Confidential Material are marked as exhibits, shown to the deponent, or otherwise employed, shall be treated as Highly Confidential Material, and (ii) all other portions of deposition transcripts shall be treated as Confidential Material. Nothing in this paragraph, however, shall preclude any witness from reviewing his or her own deposition transcript.

c.    Each court reporter participating in any such deposition shall be provided with a copy of this Order and shall adhere to its provisions.  Each court reporter shall mark those portions (including exhibits) of such deposition transcript(s) (and where the deposition is videotaped, the relevant portions of the recording) with the legend "CONFIDENTIAL – DESIGNATED BY COUNSEL" or "HIGHLY CONFIDENTIAL – DESIGNATED BY COUNSEL" as applicable, and shall place on the cover of any such

transcript(s) and recording(s) the following legend:

THIS TRANSCRIPT CONTAINS MATERIALS WHICH ARE
CLAIMED TO BE CONFIDENTIAL BY COUNSEL AND
COVERED BY A STIPULATED PROTECTIVE ORDER.

3.      If a document is designated "Confidential Material," or "Highly Confidential
Material" and one or more copies of the documents or the original are also produced but not so
designated, the copies or original shall also be treated as Confidential Material or Highly
Confidential Material (as applicable).

4.      <u>Late Designation of Discovery Material</u>:   Except as otherwise stipulated or
ordered, Discovery Material that qualifies for protection under this Protective Order shall be
clearly so designated at the time the material is disclosed or produced.  However, failure to
designate  particular Discovery Material as "Confidential Material" or Highly Confidential
Material at the time of production shall not operate to waive a Designating Party's right to later
designate such Discovery Material as Designated Material or to later apply another designation
pursuant to this Order.   If a Designating Party seeks to re-designate already-produced
documents ("<u>Mis-designated Material</u>"), the Designating Party shall notify all Receiving Parties
in writing and promptly provide replacement copies of the Mis-designated Material with the
proper designation(s).   Each Receiving Party shall then either destroy or return to the
Designating Party all copies of the Mis-designated Material and confirm in writing that it has
taken all reasonable steps to return or destroy such Mis-designated Material.  Notwithstanding
the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any
later designation, such Discovery Material was disclosed or used in any manner consistent with
its original designation but inconsistent with its later designation.  Once such later designation
has been made, however, the relevant Discovery Material shall be treated in accordance with that
later designation; provided, however, that if the undesignated material has already been publicly

filed with a court, no Party shall be bound by any later designation of such material except to the extent determined by the Court upon motion of the Designating Party that initially failed to make the designation.

        **D.**    **Challenges by a Party to Designations**

        1.    The designation of any Discovery Material as Designated Material is subject to challenge by any Party.  The following procedure shall apply to any such challenge.

        2.    <u>Meet and Confer</u>:  A Party challenging the designation of Designated Material ("Challenging Party") must do so in good faith and must begin the process by directly notifying counsel for the Designating Party in writing and providing the relevant Bates range(s) of the document(s) or otherwise identifying the Designated Material it is challenging.  The Challenging Party must explain, either in writing or during a telephonic or in-person meet-and-confer with counsel for the Designating Party, the basis for its belief that the confidentiality designation is not proper and must give the Designating Party an opportunity to review the Designated Material, to reconsider the designation and, if no change in designation is offered, to explain the basis for the designation.  The Designating Party must respond to the challenge within three (3) business days of the date on which the Challenging Party provided its basis for challenging the designation(s), whether in writing or during a meet-and-confer.

        3.    <u>Judicial Intervention</u>:  If the meet-and-confer process described above in Paragraph D.2 is unsuccessful, the Challenging Party may elect to seek to schedule a joint teleconference with the Court for prompt resolution of the designation.  All such joint teleconferences shall be held as soon as reasonably practicable for the Court.  If, with the Court's permission, a Party makes a motion or other written submission challenging a confidentiality designation, such motion or submission shall identify the challenged material and set forth in detail the basis for the challenge (in compliance with Paragraph B.9 above), and shall be

accompanied by a competent declaration affirming that the Challenging Party has complied with the meet-and-confer requirements of this procedure.  Until the Court rules on such motion or other submission, the Designated Material shall continue to be treated as designated. Notwithstanding anything to the contrary in this Order, the Court alone will ultimately decide what standard is required to maintain the status of "Confidential Material" or "Highly Confidential Material" in accordance with applicable law, and whether that standard has been met.

4.      <u>Timing of Objections to Designated Material</u>: A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Party to challenge the designation of Discovery Material as "Confidential Material" or "Highly Confidential Material" during the discovery period shall not waive that Party's right to object to the designation at an evidentiary hearing or trial.

**E.      Non-Waiver of Confidentiality or Privilege**

1.      In the event of a disclosure by a Receiving Party of Designated Material to persons or entities not authorized by this Order to receive such Designated Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure, immediately: (i) notify the person or entity to whom the disclosure was made that the disclosure contains Designated Material subject to this Order; (ii) make reasonable efforts to recover the disclosed Designated Material and all copies thereof, as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) notify the Designating Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Material and to ensure against further dissemination or use thereof.  Disclosure of Designated Material other

than in accordance with the terms of this Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

2. The inadvertent or unintentional disclosure of Designated Material, regardless of whether the information or document was so designated at the time of the disclosure, shall not be deemed a waiver, either in whole or in part, of a Designating Party's claim of confidentiality, either as to the specific information or document disclosed or as to any other information or documents relating thereto on the same or related subject matter (provided that the Designating Party amends the designation if the information or document was not designated as Designated Material at the time of disclosure).  If the recipient has already shared the information or document with another person prior to a demand for its return, that recipient shall promptly notify the other affected persons, and make his or her best efforts to collect and return all copies.

3. Pursuant to Federal Rule of Evidence 502(d), production or other disclosure, subsequent to entry of this order, of a document that a Party or non-party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or attorney work product doctrine ("Produced Privileged Document"), will not be deemed to waive any privilege in this or any other federal or state proceeding.

  a. The Party or non-party asserting a privilege may request the return or destruction of any Produced Privileged Document.  A request for the return of a Produced Privileged Document shall identify each document that was inadvertently produced and the basis for withholding each such document from production.

  b. If a Party or non-party asserting a privilege requests the return, pursuant to this paragraph, of any Produced Privileged Document then in the custody of another Party or non-party, the Receiving Party shall promptly (*i.e.*, within three (3) business days) return, sequester, or destroy the specified information or documents and any copies thereof; not use or disclose the information or documents unless and until the Court has made a determination that privilege does not apply; and take reasonable steps to retrieve documents if the Receiving Party disclosed them to anyone before being notified of the privilege claim.

14

c.      The Party or non-party asserting a privilege shall preserve the relevant documents or information until the privilege claim is resolved and shall promptly (*i.e.*, within three (3) business days) supplement its privilege log to fully describe the allegedly privileged document.

d.      The Party or non-party asserting a privilege shall also, where applicable, promptly (*i.e.*, within three (3) business days) provide each Receiving Party with a replacement production omitting or containing redacted versions of the document(s) over which the Designating Party or non-party claims privilege.

e.      Any Party may then move the Court for an order compelling production of the withheld material, but shall not assert as a ground for entering such an order the mere fact or circumstances of the inadvertent production and may not use the contents of the withheld document(s) in its efforts to compel production.

f.      No Party is precluded by this paragraph from arguing that acts other than the production in this litigation of the subsequently withheld document(s) may have constituted a waiver of the privilege(s) claimed.

g.      Notwithstanding this paragraph, none of the Parties, or their outside counsel are required to delete information that may reside on any electronic backup systems that are maintained in the normal course of business for archival and/or disaster recovery purposes.

**F.      Designated Material Subpoenaed or Ordered Produced in Other Proceedings**

1.      If a Receiving Party is served with a subpoena, discovery requests, or an order issued in another litigation or arbitration, or in a criminal or civil investigation or regulatory or administrative proceedings, which would compel disclosure of any material or document designated in this Proceeding as Designated Material, the Receiving Party must, to the extent permitted by law, so notify the Designating Party, in writing immediately and in no event more than three (3) business days after receiving the subpoena, discovery request, or order.

2.      The Receiving Party must also immediately inform in writing the person who caused the subpoena, discovery request, or order to issue in the other proceeding(s) that some or all of the requested materials are the subject of this Order.  In addition, the Receiving Party must promptly deliver a copy of this Order to the requesting person in the other proceedings.

3.      The purpose of imposing the duties described in this paragraph is to alert the interested persons to the existence of this Order and to afford the Designating Party an opportunity to try to protect its Designated Material in the other proceedings.

4.      The obligations set forth in this paragraph remain in effect while any Party has in its possession, custody, or control Designated Material received from any Designating Party or non-party in connection with the Proceeding.

5.      Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful direction from another court or from a government agency.   Notwithstanding anything to the contrary in this Order, any Receiving Party may produce Designated Material in response to a request from any governmental authority.

**G.      Amendment**

1.      Amendment of Confidentiality Agreement and Stipulated Protective Order: Upon good cause shown, and on notice to all Parties, any Party may move to amend the provisions of this Order at any time or the Parties may agree by written stipulation, subject to further order of the Court if applicable, to amend the provisions of the Order.

**SO STIPULATED AND AGREED**

Dated: January 30, 2024

/s/ *Sean F. O'Shea*

Sean F. O'Shea
Michael E. Petrella
Amanda L. Devereux
Matthew M. Karlan
Joshua P. Arnold
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, New York 10281
Tel. 212-504-6000
Fax. 212-504-6666

*Counsel to Plaintiff Jay Alix*

/s/ *Mark P. Goodman*

John Gleeson
Mark P. Goodman
Andrew J. Ceresney
Erica S. Weisgerber
Nathan S. Richards
DEBEVOISE & PLIMPTON LLP
66 Hudson Blvd.
New York, New York 10001
(212) 909-6000

/s/ *Jonathan D. Cogan*

Matthew I. Menchel
Jonathan D. Cogan
Danielle L. Rose
Benjamin D. Sirota
Christen M. Martosella
Benjamin F. Cooper
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200

*Counsel for McKinsey & Company, Inc., McKinsey & Company Inc. United States, and McKinsey Recovery & Transformation Services U.S., LLC*

/s/ Ariel N. Lavinbuk
Ariel N. Lavinbuk
Jennifer S. Windom
Brandon L. Arnold
Jack A. Herman
KRAMER LEVIN NAFTALIS & FRANKEL LLP
2000 K Street NW, 4th Floor
Washington, D.C. 20006
(202) 775-4500

*Counsel for Jon Garcia, Alison Proshan, and Robert Sternfels*

/s/ Catherine L. Redlich
Catherine L. Redlich
DRISCOLL & REDLICH
110 West 40th Street, Suite 1900
New York, New York 10018
(212) 986-4030

*Counsel for Dominic Barton*

/s/ Linda Imes
Linda Imes
Christopher W. Dysard
BLANK ROME LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 885-5000

*Counsel for Mark Hojnacki*

/s/ Reid M. Figel
Reid M. Figel
Bradley E. Oppenheimer
Robert C. Klipper
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7968

*Counsel for Kevin Carmody and Seth Goldstrom*

/s/ Micah E. Marcus

Micah E. Marcus
Christopher Dean
MCDONALD HOPKINS LLC
300 North LaSalle Street, Suite 1400
Chicago, Illinois 60654
(312) 280-0111

*Counsel for Jared D. Yerian*

/s/ Jed I. Bergman
Jed I. Bergman
Olga Lucia Fuentes-Skinner
Richard C. Ramirez
GLENN AGRE BERGMAN & FUENTES LLP
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
212.970.1600

*Counsel for Virginia "Jean" Molino*

_/s/ Reed Brodsky_
Reed Brodsky
Mary Beth Maloney
Lee R. Crain
GIBSON DUNN & CRUTCHER LLP
200 Park Avenue
New York, New York 10166
Tel. 212-351-4000
_Counsel to Counterclaim-Defendant_
_AlixPartners, LLP_

**SO ORDERED** this 31st day of ___January___ , _____, 2024

_____
Hon. Jesse M. Furman
United States District Judge
Southern District of New York

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." _See generally Lugosch v. Pyramid Co. of Onondaga_, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. _See New York ex rel. Khurana v. Spherion Corp._, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

**<u>Exhibit A</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAY ALIX,

                                   *Plaintiff*,

                    -against-

MCKINSEY & CO., INC.; MCKINSEY
HOLDINGS, INC.; MCKINSEY &
COMPANY INC. UNITED STATES;
MCKINSEY RECOVERY &
TRANSFORMATION SERVICES U.S.,
LLC; DOMINIC BARTON; KEVIN
CARMODY; JON GARCIA; SETH
GOLDSTROM; MARK HOJNACKI;
VIRGINIA MOLINO; ALISON
PROSHAN; ROBERT STERNFELS; and
JARED YERIAN,

                                   *Defendants*.

---

SETH GOLDSTROM and KEVIN CARMODY,

                    *Counterclaim Plaintiffs*,

             v.

JAY ALIX and ALIXPARTNERS, LLP,

                    *Counterclaim Defendants*.

---

No. 18-cv-04141 (JMF)

## **NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand

the Protective Order in this action governing the non-disclosure of those portions of discovery or

other materials in these proceedings that have been designated as "Confidential Material" or

"Highly Confidential Material."   I will not disclose such "Confidential Material" or "Highly

Confidential Material" to anyone other than for purposes of the Proceeding (as defined in the Protective Order)  and pursuant to the terms of the Protective Order, and at the conclusion of the Proceeding, I will return all such material to the party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and my willful violation of any term of the Protective Order could subject me to punishment for contempt of court.

Dated: _____    _____

Name:

_____

Title: