UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAY ALIX,

   *Plaintiff*,

  v.

MCKINSEY & CO., INC.; MCKINSEY HOLDINGS, INC.; MCKINSEY & COMPANY INC. UNITED STATES; MCKINSEY RECOVERY & TRANSFORMATION SERVICES U.S., LLC; DOMINIC BARTON; KEVIN CARMODY; JON GARCIA; SETH GOLDSTROM; MARK HOJNACKI; VIRGINIA MOLINO; ALISON PROSHAN; ROBERT STERNFELS; and JARED YERIAN,

   *Defendants*.

Case No. 18-cv-04141 (JMF)

---

**MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR SANCTIONING & DISQUALIFYING DEFENDANTS' COUNSEL KOBRE & KIM LLP, BY BARAA SHAHEEN & BALWARA LLC**

Kobre & Kim LLP ("Kobre & Kim" or the "Firm") respectfully submits this memorandum of law in opposition to the Motion for Sanctioning & Disqualifying Defendants' Counsel, Kobre & Kim LLP, by Baraa Shaheen & Balwara LLC (the "Motion").

## PRELIMINARY STATEMENT

For several weeks in early 2016, Kobre & Kim advised a company called Balwara concerning a potential dispute it had with SunEdison, Inc ("SunEdison"). That representation had nothing to do with McKinsey, Jay Alix, or AlixPartners, LLP. Years later, Kobre & Kim was hired to represent McKinsey in the above-captioned litigation (the "RICO Litigation"). The RICO Litigation has nothing to do with Balwara, Mr. Shaheen, or any of the limited issues on which Kobre & Kim advised Balwara during its prior representation of it.

By Order dated January 22, 2024, this Court granted leave to Mr. Shaheen (but not to Balwara) to file his Motion and directed Kobre & Kim to address in its response whether Mr. Shaheen "has any individual interest to assert with respect to the motion for sanctions and disqualification." ECF No. 290. For the reasons set forth below, he does not and, in any event, the Motion should be denied.

*First,* Mr. Shaheen has no individual interest in the relief requested in the Motion. Kobre & Kim represented Balwara, but never Mr. Shaheen personally. Additionally, Mr. Shaheen has not, and cannot, demonstrate that he has a personal interest in preserving the confidentiality of the information in Kobre & Kim's possession from its prior representation of Balwara (most, if not all, of which they already filed publicly) or that he has or will suffer any actual injury to his personal interests due to Kobre & Kim's representation of McKinsey in the RICO Action.

*Second,* the Motion does not satisfy the high standard required to disqualify counsel because (i) Mr. Shaheen is not a former client of the Firm and neither he nor Balwara are adverse

1

to McKinsey in the RICO Litigation; (ii) there is no relationship at all, let alone the requisite "substantial" relationship, between the Firm's prior representation of Balwara and its current representation of McKinsey; and (iii) Mr. Shaheen fails to demonstrate Kobre & Kim had access to privileged information relevant to the RICO Litigation during its representation of Balwara.

*Third,* Mr. Shaheen has waived any potential right to bring the Motion by waiting until long after he discovered the purported grounds for disqualification to bring them to the Court's attention.

Accordingly, and for the reasons discussed below, the Motion should be denied.[1]

## RELEVANT BACKGROUND

*Kobre & Kim's Early 2016 Representation of Balwara*

Balwara is a former client of Kobre & Kim. The engagement letter between Balwara and Kobre & Kim, dated January 27, 2016 and signed on February 6, 2016, sets forth a limited scope of engagement pursuant to which Kobre & Kim agreed to prepare a memorandum to respond to Balwara's questions concerning certain agreements it had with SunEdison and related considerations (the "Engagement Letter"). The Engagement Letter expressly stated that Kobre & Kim had an attorney-client relationship solely with Balwara. *See* Motion, Ex. C; *see* Declaration of Jonathan D. Cogan ("Cogan Decl."), Ex. 1 (signed engagement letter).

In late January and early February 2016, Kobre & Kim prepared the memorandum it was hired to prepare. By February 11, 2016, five days after Balwara signed the Engagement Letter, Kobre & Kim had concluded its services for Balwara and, thereafter, the engagement was formally

---

[1] Mr. Shaheen's request for sanctions against the Firm should be denied. Mr. Shaheen does not cite to any rule, statute, or other applicable principle under which Kobre & Kim could be subject to sanctions, much less explain why sanctions would be appropriate here. For the reasons set forth herein, Kobre & Kim's representation of McKinsey in the RICO Litigation is proper and does not give rise to the conflict concerns raised in the Motion. The request for sanctions should be denied.

2

concluded. *See* Cogan Decl., Ex. 2 (disengagement letter).

Mr. Shaheen is the managing partner of Balwara. He never retained Kobre & Kim to be his lawyer, and Kobre & Kim never provided any legal services to him personally. *See* Motion at 1 ("Balwara is a former client of K&K"); Cogan Decl., Ex. 1 (identifying Balwara as the Firm's only client).

*The RICO Action*

Two years after Kobre & Kim's representation of Balwara concluded, Jay Alix initiated the RICO Action against McKinsey & Co., Inc., various affiliates, and certain individuals, in which Alix challenged the sufficiency of McKinsey's disclosures in Chapter 11 bankruptcies (of which the SunEdison bankruptcy happens to be one of fourteen). ECF No. 1 (Complaint); ECF No. 177 (Second Amended Complaint). Kobre & Kim appeared as counsel for the first time in the RICO Action after the case was remanded from the Second Circuit Court of Appeals.

According to Mr. Shaheen, he first learned of Kobre & Kim's representation of McKinsey in the RICO Litigation when he reviewed McKinsey's petition for a writ of certiorari to the Supreme Court of the United States, which was filed on June 28, 2022, and he brought the purported conflict to Kobre & Kim's representation in February 2023. He did not seek leave to file this Motion, however, until January 2024.

**ARGUMENT**

I. **The Motion Should be Denied Because Mr. Shaheen Was Not a Client of Kobre & Kim's and Has No Individual Interest in the Motion**

Mr. Shaheen lacks an individual interest in the relief requested because Kobre & Kim represented Balwara—not Mr. Shaheen personally. The professional rules of conduct and the law in this Circuit make clear that when counsel represents an organizational client, the client is the

corporate entity alone, and *not* any constituents thereof, such as an individual, like Mr. Shaheen, who owns the company. *See* Rule 1.13(a), N.Y. R. Prof. Conduct ("…the lawyer shall explain that the lawyer is the lawyer for the organization and not for any of the [organization's] constituents"); *Evans v. Artek Sys. Corp.*, 715 F.2d 788, 792 (2d Cir. 1983) ("A 'corporate attorney'—whether an in-house lawyer or a law firm that serves as counsel to the company—owes a duty to act in accordance with the interests of the corporate entity itself. His client is the corporation.") (citing ABA Com. on Ethics and Professional Responsibility, Code of Professional Responsibility, Ethical Consideration 5–18); *see also Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 177 (2d Cir. 2009) ("It is well-settled that outside counsel to a corporation represents the *corporation*, not its shareholders or other constituents.").

Consistent with the rules of professional conduct, the Engagement Letter made clear that Balwara alone was the Firm's client, and that the Firm was not being engaged to represent any other party. *See* Cogan Decl., Ex. 1, at 1 n.2 ("Kobre & Kim is not acting in any other role ***or for any other party*** than what is stated above") (emphasis added). And, notably, Mr. Shaheen concedes this point: he acknowledges in the Motion that Kobre & Kim was *Balwara's* lawyer and never asserts that the Firm represented him personally. *See* Motion, ¶ 1.

Further, Mr. Shaheen cannot claim any legitimate personal interest in protecting the confidentiality of information Balwara previously provided to the Firm. As a threshold matter, he and Balwara have waived the confidentiality of much (if not all) of the information shared with Kobre & Kim because they filed publicly the memorandum the Firm prepared for Balwara, memorializing the advice that Kobre & Kim was retained to provide.

Nor is there any risk that Mr. Shaheen will suffer actual injury by the Firm's continued representation of McKinsey because he is not adverse to McKinsey in the RICO Litigation (nor is

4

he implicated in it in any way). *See Brit. Int'l Ins. Co., Ltd. v. Seguros La Republica, S.A.*, No. 90-CV-2370 (JFK) (FM), 2002 WL 31307165, at *3-4 (S.D.N.Y. Oct. 15, 2002) (denying disqualification motion where nonparty movant failed to show that it had a personal stake in the outcome of the motion or that it would suffer actual injury if its former counsel was not disqualified). Indeed, as explained further below, the RICO Litigation does not involve Mr. Shaheen or Balwara at all. So, the Firm does not have any information about Mr. Shaheen personally that would be remotely relevant to the RICO Litigation.

## II. Mr. Shaheen Fails to Meet the Heavy Burden Required to Disqualify Counsel

In any event, Mr. Shaheen cannot meet the "heavy burden of proof in order to prevail" on his disqualification motion. *Gormin v. Hubregsen*, No. 08-CV-7674 (PGG), 2009 WL 508269, at *2 (S.D.N.Y. Feb. 27, 2009) (quotations and citations omitted). As courts in this District have repeatedly recognized, disqualification motions are "viewed with disfavor" because they "interfere with a party's right to counsel of its choice." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F.Supp.3d 413, 419 (S.D.N.Y. 2015) (quotations and citations omitted). Accordingly, "disqualification is only warranted in the rare circumstance where an attorney's conduct poses a significant risk of trial taint." *Guangcheng Chen v. Matsu Fusion Rest. Inc.*, No. 19-CV-11895 (JMF), 2020 WL 6135764, at *2 (S.D.N.Y. Oct. 16, 2020) (quotations and citations omitted).

To prevail on a motion to disqualify, a moving party must show: "(1) [he] is a former client of the adverse party's counsel; (2) there is a substantial relationship between the subject matter of the counsel's prior representation of the moving party and the issues in the present lawsuit; and (3) the attorney whose disqualification is sought had access to, or was likely to have had access to, relevant privileged information in the course of his prior representation of the client." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 133 (2d Cir. 2005). Mr. Shaheen fails to

satisfy any of these requirements.

### A. Mr. Shaheen is not a former client and neither he, nor Balwara, is adverse to McKinsey in the RICO Litigation

Mr. Shaheen cannot satisfy either component of the first requirement. He is not a "former client" of the Firm. *Satina v. New York City Hum. Res. Admin.*, No. 14-CV-3152 (PAC), 2015 WL 6681203, at *2 (S.D.N.Y. Nov. 2, 2015) (threshold prong of disqualification test not met where the moving party is not a former client). And, neither Mr. Shaheen nor Balwara are adverse to McKinsey in the RICO Litigation either as parties, witnesses, or in any other capacity. *See, e.g.*, *Schmidt v. Am. Package Co., Inc.*, No. 23-CV-5821 (RER) (JRC), 2024 WL 85073, at *7 (E.D.N.Y. Jan. 4, 2024); *Med. Diagnostic Imaging, PLLC v. CareCore Nat'l, LLC*, 542 F.Supp.2d 296, 304 (S.D.N.Y. 2008) (movants' indirect connection to the case weighed against allowing them to intervene to move to disqualify counsel); *Leber Assocs., LLC v. The Ent. Grp. Fund, Inc.*, No. 00-CV-3759 (LTS) (MHD), 2001 WL 1568780, at *7 (S.D.N.Y Dec. 7, 2001) (same).

### B. There is no substantial relationship between Kobre & Kim's prior representation of Balwara and its current representation of McKinsey

There is no relationship—let alone a substantial one—between the subject matter of Kobre & Kim's early 2016 representation of Balwara and its current representation of McKinsey in the RICO Action. "A 'substantial relationship' exists where facts pertinent to the problems underlying the prior representation are relevant to the subsequent representation." *Guangcheng Chen,* 2020 WL 6135764, at *2 (quoting *United States v. Prevezon Holdings Ltd.*, 839 F.3d 227, 239 (2d Cir. 2016)). The inquiry turns on whether the representations at issue "share common material *factual* issues." *Id.* at *2 (emphasis added) (quotations and citations omitted); *see also* N.Y. R. Prof. Conduct 1.9 cmt. 3 ("Matters are 'substantially related' for purposes of [Rule 1.9] if they involve the same transaction or legal dispute").

6

As Mr. Shaheen's own filing shows, the Firm was engaged by Balwara for a short period in early 2016 to prepare a memorandum addressing certain questions related to Balwara's contractual relationship with SunEdison. In the memorandum, we advised Balwara on actions it could take concerning SunEdison in light of those agreements, and related considerations. *See* Motion, Ex. C. By contrast, in the RICO Litigation, Alix challenges the sufficiency of McKinsey's disclosures in Chapter 11 bankruptcies (of which the SunEdison bankruptcy happens to be one of fourteen). Just because the name "SunEdison" appears in both representations does not create a relationship, much less a substantial one. The RICO Litigation does not involve any facts concerning SunEdison's agreements with Balwara. In fact, this litigation has nothing to do with Balwara or Mr. Shaheen at all. Accordingly, there is no risk of trial taint here, and Mr. Shaheen—who is not even a former client of the Firm—cannot demonstrate any, much less a substantial, relationship between the two representations. *See Leslie Dick Worldwide, Ltd. v. Soros*, No. 08-CV-7900 (BSJ) (THK), 2009 WL 2190207, at *9 (S.D.N.Y. July 22, 2009) ("[t]he party seeking disqualification must show that the relationship between the issues in the prior and present cases is patently clear, and that the issues are identical or essentially the same" (internal citations and quotations omitted)).

### C. Mr. Shaheen fails to show that the Firm had access to relevant privileged information

Mr. Shaheen fails to show that Kobre & Kim had access to, or was likely to have had access to, privileged information relevant to the RICO Litigation during its representation of Balwara. As discussed above, the Firm's prior representation of Balwara and its current representation of McKinsey in the RICO Litigation are not related, substantially or otherwise. Consequently, the Firm did not have access to privileged information from Balwara that would be at all relevant to its current representation of McKinsey. *See Kliot v. Marchionno*, No. 22-CV-597 (KMK) (AEK),

7

2023 WL 395383, at *4 (S.D.N.Y. Jan. 25, 2023) (denying disqualification because movants failed to demonstrate that counsel had access to privileged and confidential information that was relevant to any of the issues in the instant case); *cf. Olajide v. Palisades Collection, LLC*, No. 15-CV-7673 (JMF), 2016 WL 1448859, at *3 (S.D.N.Y. Apr. 12, 2016) (denying disqualification motion for lack of substantial relationship and stating that "if the second factor [i.e., the substantial relationship factor] is met, there is a presumption that the third is as well").[2]

### III. Mr. Shaheen Has Waived the Right to Seek Relief Here Because He Waited Too Long to Seek Permission to File the Motion

Finally, Mr. Shaheen's motion should also be denied because he has waived any right to contest Kobre & Kim's role in the RICO Litigation. Mr. Shaheen states in his Motion that he learned that Kobre & Kim was representing McKinsey in the RICO Litigation from McKinsey's June 2022 petition for a writ of certiorari and that he brought the purported conflict here to the Firm's attention in February 2023. He did not, however, raise any concerns with the Court in 2022 or 2023. Instead, he waited until January 2024 to first seek leave from the Court to move to disqualify Kobre & Kim. Because Mr. Shaheen failed to raise his purported grounds for disqualification promptly after discovering them, he has waived them. *See Anderson v. City of New York*, No. 16-CV-2583 (ALC) (JCF), 2017 WL 4382163, at *4-5 (S.D.N.Y. Sept. 29, 2017) (stating that "a motion to disqualify should be made within a reasonable time of discovering a possible conflict of interest, or a waiver will be presumed" and noting that "a delay as short as two months can waive a party's right to bring a motion to disqualify"); *see also Secured Worldwide,*

---

[2] Mr. Shaheen attaches as Exhibit F to his Motion what appears to be the first page of a draft memorandum from Balwara, dated April 2016, and implies that it was sent to Kobre & Kim. The memorandum alleges that SunEdison violated SEC regulations and that it and TPG engaged in misconduct related to the TerraForm IPO. The allegations in this exhibit, like the information related to Balwara's contractual relationship with SunEdison, are also irrelevant to the issues in the RICO Litigation.

8

*LLC v. Kinner*, No. 15-CV-1761 (CM), 2015 WL 4111325, at *6 (S.D.N.Y. June 24, 2015) (finding waiver where moving party "knew all of the facts relating to the bases that he has alleged for disqualification, but sat on those rights").

## **CONCLUSION**

For the foregoing reasons, we respectfully request that the Court deny the Motion.

Dated: February 2, 2024
       New York, New York

/s/ Jonathan D. Cogan
Matthew I. Menchel
Jonathan D. Cogan
Danielle L. Rose
Benjamin Sirota
Christen M. Martosella
Benjamin F. Cooper
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200

*Counsel for McKinsey & Company, Inc., McKinsey & Company Inc. United States, and McKinsey Recovery & Transformation Services U.S., LLC*

9