UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                      :

JAY ALIX,
                                                      :

                             Plaintiff,             :                 18-CV-4141 (JMF)
                                                      :

          -v-                                  :                 <u>ORDER</u>
                                                      :

MCKINSEY & CO., INC. et al.,
                                                        :

                          Defendants.         :

                                                         :
--------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        By Order entered yesterday, the Court denied the motion of Baraa Shaheen, proceeding *pro se*, for sanctions and disqualification of Kobre & Kim LLP as counsel for Defendants in this action. ECF No. 306. The Order noted that Mr. Shaheen had not filed any reply by the deadline of February 9, 2024. *See id.* As it turns out, Mr. Shaheen had filed a reply by the deadline, but — because it was a *pro se* filing — it was docketed by the Clerk's Office only after the Court signed the Order denying the motion. In any event, the reply does not change the result.

        For one thing, the reply — at thirty-three pages — is demonstrably improper, as it vastly exceeds what this Court's rules permit, *see* Paragraph 4.C, Judge Furman's Individual Rules and Practices in Civil Cases ("Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to twenty-five pages, and reply memoranda are limited to ten pages."), *available at* https://nysd.uscourts.gov/hon-jesse-m-furman, and what Kobre & Kim LLP's opposition (a mere nine pages) warranted. For another, the reply does not undermine all of the arguments for denial made in Kobre & Kim LLP's opposition. To provide just one example: Mr. Shaheen concedes that he has known of the alleged conflict since at least January 2023. *See* ECF No. 303, at 28-29. Yes, as Mr. Shaheen argues, there is no bright-line rule with respect to how quickly a party must move for disqualification. *See id.* at 28. But the full year that Mr. Shaheen waited falls squarely on the unreasonable side of the line, even allowing for the fact that he is proceeding *pro se*. Accordingly, assuming *arguendo* that Mr. Shaheen himself even had a right to seek disqualification, he waived it. *See* ECF No. 298, at 8-9.

        For the foregoing reasons, the Court reaffirms its denial of Mr. Shaheen's motion.

        SO ORDERED.

Dated: February 13, 2024
      New York, New York
                                     JESSE M. FURMAN
                                 United States District Judge