February 29, 2024

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007-1312

      Re:    *Jay Alix v. McKinsey & Co., Inc., et al.*, No. 18-CV-4141(JMF)

Dear Judge Furman:

The parties submit this pre-conference letter pursuant to the CMO (ECF No. 263).

1. **Necessity of a conference**: A conference is needed and is scheduled for March 5, 2024.
2. **Statement of existing case deadlines**: The deadline to complete Rule 17 depositions is March 1. Counterclaimants' opposition to the motion to dismiss is due March 1, the reply to which is due March 15. Defendants' Rule 17 motion is due March 19, Plaintiff's opposition is due April 9, and Defendants' reply is due April 18. The fact discovery cut-off date is March 5, 2025. The expert discovery cut-off date is July 7, 2025.
3. **Any outstanding motions**: Alix's and AP's joint motion to dismiss (ECF No. 300).
4. **Status of discovery**: Plaintiff's responses to certain interrogatories and RFAs are due on March 11 and March 14, respectively. Per the CMO (ECF No. 263), the Parties have served Rule 26(a) initial disclosures, initial requests for production, and interrogatories. Subject to the disputes discussed below, Rule 17 discovery will be substantially complete by March 1.

      **Defendants' Position:** Defendants respectfully request that the Court order production of 10 Assignment-related emails improperly withheld as privileged. The emails, highlighted in the attached privilege logs of Alix (Ex. A) and AlixPartners (Ex. B), involve Robert Shields. Shields was the President/CEO of Lakeview Capital, which Alix controls, and an AlixPartners director.

      The Assignment (Ex. C) purports to assign certain claims from AlixPartners to Jay Alix. Kathryn Koorenny, AlixPartners' then-General Counsel, negotiated the Assignment for AlixPartners; Sheldon Toll, Alix's attorney, negotiated it for Alix. Shields communicated about the Assignment with Koorenny, and separately with Toll. Alix withheld the Shields-Toll communications until acknowledging late yesterday, the day *after* Alix testified, that these documents were not "protected by Alix's or Lakeview's attorney-client privilege." Alix and AlixPartners have, however, continued to withhold Shields' emails with Koorenny, by invoking *AlixPartners'* claimed privilege.

      This assertion of privilege is invalid. Shields—who is Alix's longtime confidant, head of Alix's family office, and trustee to Alix's children's trusts—was decidedly not wearing his "AlixPartners" hat with respect to the Assignment. Alix testified that ████████ ████████████████████████ Ex. D 133:4-14; 138:21-139:4 (emphasis added). The belatedly-

The Honorable Jesse M. Furman
February 29, 2024

produced documents from Alix reinforce this. For example, on August 15, 2017, Koorenny emailed Shields (this email is redacted), who forwarded Koorenny's email to Toll, asked whether Koorenny's proposal ▓▓▓▓▓▓ and discussed ▓▓▓▓▓▓. If Shields' role negotiating on Alix's side of the transaction were not already clear, Shields added: ▓▓▓▓▓▓ Ex. E. *See also id.* ▓▓▓▓▓▓.

Remarkably, Alix and AlixPartners are even withholding Koorenny's email to Shields, which he forwarded to Toll, counsel for AlixPartners' *counterparty*. Ex. E. *See also* Ex. A at entry 12 (Alix continuing to withhold Koorenny communication that Shields sent to *Alix*). Further, any arguable AlixPartners privilege was waived when *Alix's* counsel reviewed and logged communications between Koorenny and Shields. *See CRCM Inst. Master Fund (BVI) Ltd. v. Getty Images Hold., Inc.*, 2023 WL 5717483, at *1 (S.D.N.Y. Sept. 5, 2023).

Given the above, Defendants should be permitted to reopen Alix's deposition—to question him on the documents produced *after* the deposition, and the documents that Alix and AlixPartners are impermissibly withholding. Moreover, Defendants should be permitted, without time counted against them, to question Alix on subjects that his counsel improperly instructed him not to answer on relevance grounds. *See, e.g.*, Ex. D 76:12-20 (▓▓▓▓▓▓; *id.* 107:11-108:6 (instructed not to answer, ▓▓▓▓▓▓).

Defendants are prepared to address these topics further at the upcoming conference or, if the Court would prefer, to file a motion to compel.[1] In addition, given the limited number of documents at issue, an *in camera* review may be appropriate.

**AlixPartners's Position:** AlixPartners objects to Defendants' use of this purportedly joint pre-trial conference letter to submit a discovery dispute. Defendants strategically and belatedly disclosed their draft of this dispute on the afternoon this letter was due—tactically deploying this three-page joint letter format in a manner that does not provide adequate space for AlixPartners to oppose Defendants' improper request. AlixPartners respectfully requests that this Court provide the Company the opportunity to respond to Defendants' request above with a three-page discovery letter, consistent with this Court's rules, by Monday—a response particularly needed here given the misleading characterizations in Defendants' statement. In short, AlixPartners appropriately withheld the 10 communications Defendants challenge. Those communications are between Kathy Koorenny and Bob Shields. Ms. Koorenny was AlixPartners' general counsel. Mr. Shields was AlixPartners' chairman of the board. It is hornbook law that the general counsel of a corporation can communicate with the corporation's board chairman subject to the protection of the attorney-client privilege. *Levy v. Young Adult Inst., Inc.*, 2015 WL 10846137, at *3 (S.D.N.Y. Dec. 22,

---

[1] Defendants did not "strategically and belatedly disclose[]" anything, as AlixPartners contends. Defendants informed AlixPartners *four days ago* that they planned to raise this dispute in the joint letter, absent a resolution. AlixPartners provided its final position on the challenged documents at 12:11 AM *today*. Defendants then confirmed their intention to challenge at 8:45 AM, and sent their insert to this letter and exhibits at 11:55 AM and 1:07 PM, respectively.

The Honorable Jesse M. Furman
February 29, 2024

2015) (finding privilege log entry proper where communication consisted of legal advice given by organization's attorney to its "board member or board chair"). Holding otherwise would severely damage and have far-reaching consequences for corporate governance law.

Defendants' waiver arguments—which AlixPartners requests the opportunity to oppose in a full discovery letter AlixPartners would be able to file on Monday—are meritless. Mr. Shields did not waive and had no authority unilaterally to waive the Company's privilege. Defendants' case, *CRCM*, 2023 WL 5717483, is not to the contrary. *Id.* at *1 (finding company could not assert privilege on behalf of former CEO who waived his personal privilege by sending documents to company in negotiating compensation). Unlike in CRCM, the privilege belongs to the corporation—not Mr. Shields personally—and Alix and AlixPartners are not now adverse, as both maintain Mr. Alix is the true party in interest in this action. And unlike in that case, the Company here had and has an expectation that the communications between its general counsel and its chairman of the board—even if housed on a server belonging to another fiduciary of the firm (Mr. Alix)—would be kept confidential. That expectation was reasonable and must be sustained.

**Plaintiff's Position:** Defendants have raised three issues. *First*, Defendants object to certain documents being withheld or redacted based on AlixPartners' assertion of privilege. Alix will produce or withhold these communications in accordance with the Court's ruling. *Second*, Defendants seek to reopen Alix's deposition to question him about documents produced after the deposition. Reopening Alix's deposition is not justified. The documents produced on Feb. 28 consist of a handful of communications similar in substance to the dozens previously produced regarding the drafting of the Assignment. Ex. A. None of the emails was sent to or from Alix, save for one sent to him as an "FYI." And as Alix testified during his deposition, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* Ex. D at 104:16-18 ("▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮"). *Third*, Defendants argue that two instructions not to answer were improper, but neither justifies reopening the deposition (much less without regard to the time limit, as Defendants suggest). Defendants complain that Alix was instructed not to answer whether ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—a question that obviously implicates both attorney-client privilege and the work-product doctrine, in addition to being irrelevant to the objective meaning of the Assignment since—as Alix testified—he ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See id.* at 75:2-76:11.[2] Similarly, there is no need to reopen Alix's deposition to permit repetitive questioning about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. D at 35:4-17, and he ▮▮▮▮ *Id.* at 103:11-22.

5. – 9.   **Settlement:** Court involvement now would not advance current settlement discussions. **Trial:** The Parties estimate 4-6 weeks for trial. The case is a jury trial. **Summary judgment:** The Parties anticipate filing motions for summary judgment. **Additional Information:** N/A.

---

[2] Defendants fail to note that Alix was instructed earlier not to answer a similar question (▮▮▮▮▮▮▮▮) because it implicated privileged communications. *See id.* at 46:12-49:16.

The Honorable Jesse M. Furman
February 29, 2024

Respectfully submitted,

/s/ Sean F. O'Shea
Sean F. O'Shea
Michael E. Petrella
Amanda L. Devereux
Matthew M. Karlan
Joshua P. Arnold
Cadwalader, Wickersham & Taft LLP
200 Liberty Street
New York, New York 10281
(212) 504-6000

*Counsel to Plaintiff Jay Alix*

/s/ Mark P. Goodman
John Gleeson
Mark P. Goodman
Andrew J. Ceresney
Erica S. Weisgerber
Nathan S. Richards
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

*Counsel for McKinsey & Company, Inc., McKinsey & Company Inc. United States, and McKinsey Recovery & Transformation Services U.S., LLC*

/s/ Jonathan D. Cogan
Matthew I. Menchel
Jonathan D. Cogan
Danielle L. Rose
Benjamin D. Sirota
Christen M. Martosella
Benjamin F. Cooper
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200

The Honorable Jesse M. Furman
February 29, 2024

/s/ Ariel N. Lavinbuk
Ariel N. Lavinbuk
Jennifer S. Windom
Brandon L. Arnold
KRAMER LEVIN NAFTALIS & FRANKEL LLP
2000 K Street NW, 4th Floor
Washington, D.C. 20006
(202) 775-4500

*Counsel for Jon Garcia, Alison Proshan, and Robert Sternfels*

/s/ Catherine L. Redlich
Catherine L. Redlich
DRISCOLL & REDLICH
110 West 40th Street, Suite 1900
New York, New York 10018
(212) 986-4030

*Counsel for Dominic Barton*

/s/ Linda Imes
Linda Imes
Christopher W. Dysard
BLANK ROME LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 885-5000

*Counsel for Mark Hojnacki*

/s/ Reid M. Figel
Reid M. Figel
Bradley E. Oppenheimer
Robert C. Klipper
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7968

*Counsel for Kevin Carmody and Seth Goldstrom*

/s/ Micah E. Marcus
Micah E. Marcus
Christopher Dean
MCDONALD HOPKINS LLC
300 North LaSalle Street, Suite 1400
Chicago, Illinois 60654
(312) 280-0111

*Counsel for Jared D. Yerian*

/s/ Jed I. Bergman
Jed I. Bergman
Olga Lucia Fuentes-Skinner
GLENN AGRE BERGMAN & FUENTES LLP
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
(212) 970-1600

*Counsel for Virginia "Jean" Molino*