UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
JAY ALIX,                                                          :
:
                      Plaintiff,                         :      18-CV-4141 (JMF)
:
      -v-                                                       :      MEMORANDUM OPINION
:              AND ORDER
MCKINSEY & CO., INC. et al.,                                       :
:
                      Defendants.                       :
:
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        In the parties' joint letter of February 29, 2024, Defendants requested that the Court order production of ten "Assignment-related emails" involving Robert Shields, who served as AlixPartners Board Chair at the relevant time, that Plaintiff Jay Alix and AlixPartners have withheld on attorney-client privilege grounds. *See* ECF No. 313, at 1. Following oral argument on the record at the March 5, 2024 telephone conference, AlixPartners submitted the emails at issue to the Court for its review *in camera*; Defendants filed a supplemental letter with additional materials to provide "context" for the emails, ECF No. 320; and AlixPartners filed a supplemental letter in response with additional materials, *see* ECF No. 322. Additionally, Defendants and AlixPartners filed motions seeking leave to file (or maintain) under seal or in redacted form certain materials in connection with this dispute. *See* ECF Nos. 317-19, 321; *see also* ECF No. 311 (joint motion to seal the original joint letter and related materials); ECF No. 314 (order temporarily granting the joint motion to seal).

        Upon review of the parties' submissions, including the emails at issue, Defendants' motion to compel production is DENIED. Put simply, AlixPartners has carried its burden to

show that the communications to and from Shields were made or received in his capacity as Board Chair of the company — and that the communications were for the purpose of obtaining legal advice and (other than two inadvertent disclosures) kept confidential. "[T]he fact that [Shields] also had" a relationship with Alix and a role with Lakeview "does not undermine [AlixPartners's] ability to assert the privilege, since" the communications were made "in [his] capacity as [a] fiduciar[y]" of AlixPartners. *Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Alcoa S.S. Co.*, 232 F.R.D. 191, 198 (S.D.N.Y. 2005). The fact that Shields was Board Chair at the time distinguishes this case from *Argos Holdings Inc. v. Wilmington Trust National Association*, No. 18-CV-5773 (DLC), 2019 WL 1397150 (S.D.N.Y. Mar. 28, 2019), upon which Defendants rely, as it "explain[s] why" the communications did not involve "every board member," *id.* at *5. Moreover, between the emails themselves and the declaration from Shields that AlixPartners submitted, *see* ECF No. 322-1, AlixPartners's case for the privilege here does not suffer from the kinds of "factual gaps" that Judge Cote found "noteworthy" in *Argos Holdings*. *See* 2019 WL 1397150, at *5.

      That leaves the motions to seal. Filings that are "relevant to the performance of the judicial function and useful in the judicial process" are considered "judicial documents" to which a presumption in favor of public access attaches. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). A three-part test applies to whether documents may be placed under seal. First, "a court must . . . conclude that the documents at issue are indeed 'judicial documents' . . . and that therefore a common law presumption of access attaches." *Id.* at 119. Second, the court "must determine the weight of that presumption," which is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* (internal quotation marks omitted).

"Finally, . . . the court must balance competing considerations against" the presumption of access, including "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id.* at 120 (internal quotation marks omitted). The party or parties seeking to maintain information filed under seal — hear, principally AlixPartners — bear "the burden . . . to demonstrate that the interests favoring non-access outweigh those favoring access." *United States v. Amodeo*, 44 F.3d 141, 148 (2d Cir. 1995). To justify sealing on the ground that a party's business interests may be harmed, that party "must make a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection; broad allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy the test." *Ashmore v. CGI Grp. Inc.*, 138 F. Supp. 3d 329, 351 (S.D.N.Y. 2015), *aff'd*, 923 F.3d 260 (2d Cir. 2019).

Applying these principles here, the Court concludes that some of the materials filed under seal (or in redacted form) must be unsealed. In particular, the materials that the Court had to, and did, review in order to resolve the parties' discovery dispute must be unsealed, to wit:

- The parties' supplemental letters and exhibits attached to or referenced therein (including 132:12-139:4 of Alix's deposition testimony, *see* ECF No. 312-4);

- The portions of the joint letter pertaining to the privilege dispute (but not the portions relating to the other disputes, which are now moot and/or unripe);

- Exhibit E to the parties' joint letter, *see* ECF No. 312-5; and

- The portions of the privilege logs listing the ten emails at issue, *see* ECF Nos. 312-1 and 312-2.

Granted, the weight of the presumption in favor of public access that attaches to these documents is lower because it pertains to a discovery dispute. *See, e.g.*, *In re Zimmer M/L Taper Hip Prosthesis or M/L Taper Hip Prosthesis with Kinectiv Tech. & VerSys Femoral Head Prods. Liab. Litig.*, No. 18-MC-2859 (PAC), 2021 WL 1625390, at *1 (S.D.N.Y. Apr. 27, 2021). Even

so, the parties do not overcome the presumption. The fact that the materials are the subject of a confidentiality agreement among the parties is not, without more, "a valid basis to overcome the presumption." *Sjunde AP-Fonden v. Gen. Elec. Co.*, No. 17-CV-8457 (JMF), 2023 WL 6314939, at *20 (S.D.N.Y. Sept. 28, 2023). And while Alix and AlixPartners assert that the materials constitute "private business information," ECF No. 317, at 2; *accord* ECF No. 318, they fail to make a "a particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection," *Ashmore*, 138 F. Supp. 3d at 351.

By contrast, the Court leaves the other sealed or redacted materials in their present form, on the ground that they either do not qualify as "judicial documents" in the first instance or on the ground that the weight of the presumption is so weak that it has been overcome.

The Clerk of Court is directed to (1) terminate ECF Nos. 318, 319, and 321; and (2) unseal ECF Nos. 320 and 322 (i.e., to convert them to public view). Additionally, no later than **March 11, 2024**, the parties shall refile their joint letter and Exhibits A, B, D, and E thereto in conformity with the rulings above.

SO ORDERED.

Dated: March 8, 2024
New York, New York

_____
JESSE M. FURMAN
United States District Judge