# CADWALADER

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

April 9, 2024

**BY ECF**

Hon. Jesse M. Furman
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Jay Alix v. McKinsey & Co., Inc. et al.*, No. 18-CV-04141 (JMF)

Dear Judge Furman:

On behalf of Plaintiff Jay Alix, we respectfully submit this letter pursuant to Rule 7(C)(i) of Your Honor's Individual Rules and Practices in Civil Cases in support of Alix's request to file under seal and in redacted form: (i) Plaintiff Jay Alix's Consolidated Memorandum of Law in Opposition to Defendants' Motions for Dismissal Under Federal Rule of Civil Procedure 17 (the "Memorandum"); and (ii) certain exhibits to the Declaration of Joshua P. Arnold in Support of Plaintiff's Memorandum (the "Exhibits"). Plaintiff seeks to file an unredacted Memorandum under seal because the Memorandum references and quotes the Exhibits being filed under seal. A redacted version of the Memorandum will be filed publicly.

The Exhibits are designated as Confidential by Alix and AlixPartners under the Stipulated Protective Order, entered in this case on January 31, 2024 (ECF No. 297). Defendants have not challenged Alix's confidentiality designations under the Stipulated Protective Order. Unsealing would reveal sensitive business information of both Plaintiff and AlixPartners, a private company and McKinsey's competitor.

At this time, the Exhibits are not "judicial documents," as they have not been and may never be considered by the Court in performing its Article III functions. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access. In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process." (cleaned up)).

Even if the Court finds these documents are relevant, the Court should keep the information sealed because "competing considerations" favor confidentiality over the public's

CADWALADER

Hon. Jesse M. Furman
April 9, 2024

interest in disclosure. *Id.* at 120. "Competing considerations" include "the privacy interests of those resisting disclosure." *Id.* Courts have recognized that materials warranting protection include sensitive and confidential business information. *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing sealing of "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (quotation omitted).

The materials Plaintiff seeks to seal here include testimony reflecting communications of AlixPartners' then-general counsel, sensitive and confidential business information relating to the business of Alix and AlixPartners (which competitors may seek to exploit), and documents reflecting confidential communications regarding the assignment of claims from AlixPartners to Plaintiff. The public's need to access these materials in order to understand the Court's decision, or this dispute more generally, is limited.

The Exhibits to be filed under seal are designated as Confidential or Highly Confidential by Alix or AlixPartners. Specifically, Plaintiff respectfully requests that the following Exhibits remain sealed:

- **Exhibit 1: Excerpts of the transcript of the February 27, 2024 deposition of Jay Alix in this action**. Plaintiff's deposition transcript contains numerous references to confidential business topics, such as confidential discussions undertaken by the AlixPartners' board and testimony regarding AlixPartners' board practices, including resolutions and negotiations concerning the assignment. There is minimal public interest in these confidential and sensitive materials. *See United States v. Amodeo*, 71 F.3d 1044, 1052 (2d Cir. 1995) ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . ."); *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) (allowing for redactions of confidential information detailing defendant's business model).

- **Exhibit 2: Excerpts of the transcript of the March 1, 2024 deposition of Kathy Koorenny (AlixPartners' Federal Rule of Civil Procedure 30(b)(6) representative) in this action**. Ms. Koorenny's deposition transcript contains numerous references to confidential business topics, such as AlixPartners' business strategy, including board discussion and resolutions and negotiations regarding the assignment. There is minimal public interest in these confidential and sensitive materials. *See*, *e.g.*, *Amodeo*, 71 F.3d at 1052; *Kewazinga*, 2021 WL 1222122 at *6.

# CADWALADER

Hon. Jesse M. Furman
April 9, 2024

- **Exhibit 3: Letter from Kathryn Koorenny to Jay Alix dated September 1, 2017, produced by Alix at ALIX_00000041 (the "Side Letter")**. This document reflects the editing, negotiation, and strategy of Plaintiff and AlixPartners then-general counsel in connection with the assignment. Plaintiff has a legitimate interest in sealing documents regarding his negotiation style and strategy with respect to the assignment, and the results thereof. *See*, *e.g.*, *Louis Vuitton Malletier S.A.*, 97 F. Supp. 3d at 511 (allowing sealing of "specific business information and strategies" and other "confidential business information").

The foregoing materials reflect non-public information relating to the business of Alix and/or AlixPartners. The interest in protecting this private business information outweighs the minimal public interest in accessing documents submitted for purposes of the Memorandum, particularly given that these materials reflects the confidential business strategy of Alix and AlixPartners. Accordingly, Alix's sealing request is "narrowly tailored" and "consistent with the presumption in favor of public access to judicial documents." Indiv. Rule 7(B) (citing *Lugosch*, 435 F.3d at 119-20).

Respectfully submitted,

*/s/   Sean F. O'Shea*
Sean F. O'Shea
Michael E. Petrella
Amanda L. Devereux
Matthew M. Karlan
Joshua P. Arnold
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, NY 10281
(212) 504-6000

*Counsel for Plaintiff Jay Alix*

The motion to seal is granted temporarily. The Court will assess whether to keep the documents at issue sealed or redacted when resolving the underlying motion. The Clerk of Court is directed to terminate ECF No. 352.

SO ORDERED.

[signature]

April 10, 2024