April 2, 2024

<u>VIA ECF</u>

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007-1312

    Re: <u>*Jay Alix v. McKinsey & Co., Inc., et al.*, No. 18-CV-4141 (JMF)</u>

Dear Judge Furman,

  Defendant-Counterclaim Plaintiff Seth Goldstrom submits this letter-motion respectfully requesting an order compelling Counterclaim Defendant AlixPartners, LLP ("AlixPartners") to respond to Interrogatory No. 3 served by Goldstrom on January 4, 2024, seeking information relevant to Goldstrom's claims and defenses.  *See* Ex. A (Goldstrom's First Interrogs. to AlixPartners).  The parties have met and conferred on this interrogatory response and are at an impasse.

Introduction

  "Discovery is not supposed to be a shell game, where the hidden ball is moved round and round."  *Archibald v. City of Hartford*, 274 F.R.D. 371, 382 (D. Conn. 2011).  Yet that is exactly what AlixPartners and Plaintiff Jay Alix are doing with respect to Goldstrom's Interrogatory No. 3.  This interrogatory seeks the identities of potential witnesses with knowledge about the Second Amended Complaint's allegations that Goldstrom and others participated in a "pay-to-play" scheme that harmed AlixPartners.  Alix and AlixPartners' responses have been a classic discovery "shell game."  Alix stated that AlixPartners personnel had relevant knowledge but failed to identify which specific "individual directors, officers, or employees," stating that this information would need to come from AlixPartners in "further discovery."  *See* Exhibit B at 12 (Alix's Resps. and Objs. to McKinsey Defs' First Set of Interrogs.).  But AlixPartners refused to answer, stating that the list of witnesses should come from Alix.  *See* Exhibit C at 14-15 (AlixPartners' Resps. and Objs. to Goldstrom's First Set of Interrogs.).

  This is the gamesmanship that Alix and AlixPartners intended when AlixPartners "assigned" its claims to Alix, *see* Decl. of J. Alix ¶ 22 (Sept. 3, 2019), ECF No. 106 (Alix admitting that the assignment was intended to shield AlixPartners from the "burden" of litigation), and it is prejudicial to Goldstrom.  The information sought in Interrogatory No. 3 is relevant and important to Goldstrom's defense to Alix's RICO claim: though Alix relies extensively on the supposed pay-to-play scheme in his complaint, he never alleges which individuals were supposedly involved in exchanging referrals with McKinsey.  It is also relevant to Goldstrom's defamation counterclaim: a truthful response can help Goldstrom demonstrate Alix and AlixPartners' practice of attacking Goldstrom's reputation on grounds Alix knew to be

Hon. Jesse M. Furman
April 2, 2024
Page 2

false.  The Court should compel AlixPartners, a party to this litigation and the assignor of Alix's claims, to respond to Goldstrom's Interrogatory No. 3.

Argument

Goldstrom's Interrogatory No. 3 to AlixPartners asks: "Identify all Persons with knowledge concerning the purported 'pay-to-play' scheme alleged in paragraph 144 of the Second Amended Complaint, including all alleged participants involved, directly or indirectly, in the purported scheme."  AlixPartners has declined to respond to this interrogatory, stating that Goldstrom must obtain this information from Plaintiff Jay Alix.  *See* Ex. C at 14.  As the party resisting discovery, AlixPartners has the burden to justify its objections.  *Cohen v. Cohen*, 2015 WL 4469704, at *5 (S.D.N.Y. June 29, 2015).

AlixPartners has failed to meet that burden and should be compelled to respond.  The claim by AlixPartners (the assignor) that the proper source for this information is Alix (the assignee) is particularly abusive as a litigation tactic because Alix has pointed to AlixPartners as the proper source for this information.  In his own sworn response to an essentially identical interrogatory,[1] Alix stated that unnamed "individual directors, officers, or employees of AlixPartners" have knowledge of the alleged pay-to-play scheme, but said that he could not identify them without "further discovery and factual development."[2]  Ex. B at 12 & 14.  Goldstrom sought discovery from AlixPartners directly, but AlixPartners refused to provide it, asserting that the information "is more properly obtained from Plaintiff Jay Alix and/or his advisors."  Ex. C at 14.  In other words, Alix has pointed to AlixPartners as the source of relevant information, and AlixPartners has pointed to Alix for it.

Alix and AlixPartners' collective efforts to avoid disclosing the sources of and witnesses for the allegations of criminal activity in Alix's RICO complaint are abusive and improper.  "[C]ounsel is not entitled to transform discovery of the names of [relevant individuals] into a game of hide-and-seek."  *Archibald*, 274 F.R.D. at 382 (quotations omitted); *see also Hogue v. Fruehauf Corp.*, 151 F.R.D. 635, 639 (C.D. Ill. 1993) ("Discovery cannot be a game of hide-and-seek . . . When discovery requests are made by a party, *the party to whom the request is made* has an obligation to respond accurately and fully." (emphasis added)).

AlixPartners' suggestion that it lacks this information is not credible because Alix is asserting RICO claims "assigned" to him by AlixPartners, based on competitive harm allegedly

---

[1] McKinsey Defendants' Interrogatory No. 10 to Jay Alix asks: "Identify all Persons with knowledge (including all alleged participants) concerning the purported 'pay-to-play' scheme alleged in the Second Amended Complaint, including in paragraph 144."  *See* Ex. B at 12.

[2] Alix otherwise identified only himself and Fred Crawford, AlixPartners' former CEO, as persons with knowledge of the alleged scheme.  He did not identify a single alleged participant in the scheme, even though the interrogatory calls for the identification of such people (if any actually existed).  *See* Ex. B at 12.  Even AlixPartners, in its interrogatory objections, suggested that a request for information regarding Alix's allegations about the supposed pay-to-play scheme was "imprecise, unclear, and otherwise unintelligible."  *See* Ex. C at 15.

suffered *by AlixPartners*. There is no reason to think that AlixPartners is unable to identify which of its directors, officers, or employees have information bearing on the harms that AlixPartners supposedly suffered. *See Rivera v. UPS*, 325 F.R.D. 542, 546 (S.D.N.Y. 2018) ("A party served with interrogatories under Rule 33 has a duty to 'compile information within his control' and provide all information available in his responses.") (citation omitted); *see also Twentieth Century Fox Film Corp. v. Marvel Enter., Inc.*, 2002 WL 1835439, at *3 (S.D.N.Y. Aug. 8, 2002) (collecting cases and observing that "[a] corporation responding to interrogatories must provide not only the information contained in its own files and possessed by its own employees," but also "all information under its control."); *In re Auction Houses Antitrust Litig.*, 196 F.R.D. 444, 445-46 (S.D.N.Y. 2000) (entity was required to "exhaust[ ]" efforts to obtain information held by former CEO that was responsive to an interrogatory); *Top Jet Enters., Ltd. v. Kulowiec*, 2022 WL 280459, at *5 (S.D.N.Y. Jan. 31, 2022) ("parties cannot engage in halfhearted or ineffective [discovery] efforts").

AlixPartners has suggested that it has no responsibility to respond to this interrogatory because it seeks information about allegations in Alix's complaint, which AlixPartners says it did not write.[3] But even non-parties who have no role in drafting the relevant pleadings are still required to provide discovery, *see* Fed. R. Civ. P. 45; and AlixPartners, as the assignor of Alix's claims, is the obvious source of this information (assuming the allegations have a good faith basis). To the extent that AlixPartners, reading Alix's complaint, is unaware of any "pay-to-play" scheme by which it was allegedly harmed (meaning there are no people to identify in response to this interrogatory), it must say so. What it cannot do, however, is refuse to answer, *see Hogue*, 151 F.R.D. at 639, particularly where Alix has already identified AlixPartners as possessing this information.

Accordingly, AlixPartners should be compelled to answer Goldstrom's Interrogatory No. 3.

---

[3] AlixPartners contends that it should not be responsible for discovery that can be obtained from Alix due to the allocation of burdens. But that is just another way of pointing the finger at Alix, who in turn is pointing the finger at AlixPartners. This circular disclaimer of knowledge is unfair to Goldstrom and improper as a litigation tactic. *In re Lyman Good Dietary Supplements Litig.*, 2020 WL 3414927, at *4 (S.D.N.Y. June 22, 2020) ("failure to comply with basic discovery rules, particularly when they concern evidence central to [the] claims, is inexcusable and unjustified" and prejudicial).

Hon. Jesse M. Furman
April 2, 2024
Page 4

Respectfully submitted,

/s/ Reid M. Figel
Reid M. Figel
Bradley E. Oppenheimer
Robert C. Klipper
KELLOGG, HANSEN, TODD, FIGEL &
FREDERICK P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900

*Counsel for Seth Goldstrom*

cc: All Counsel of Record (via ECF)

Upon review of the parties' letters, the Court agrees with Alix and AlixPartners that the motion to compel should be denied because it seeks to compel AlixPartners to answer an interrogatory that is more properly answered by Alix himself and because Alix has, in fact, properly provided the relevant information in response to the interrogatory served by other Defendants (subject, of course, to supplementation in the event that he comes into possession of additional information that is responsive to the interrogatory). See ECF Nos. 350 & 351. Accordingly, the letter-motion to compel is DENIED. The Clerk of Court is directed to terminate ECF No. 348.

SO ORDERED.

April 12, 2024

4