**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Reed Brodsky
Direct: +1 917.574.8200
Fax: +1 212.351.6235
RBrodsky@gibsondunn.com

April 12, 2024

VIA ECF

The Honorable Jesse M. Furman
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007-1312

Re:   *Jay Alix v. McKinsey & Co., Inc., et al.*, No. 18-CV-4141(JMF)

Dear Judge Furman:

Pursuant to Rule 7(C) of Your Honor's Individual Rules and Practices in Civil Cases and the governing Stipulated Protective Order (Dkt. No. 297 § B(9)), AlixPartners, LLP ("AlixPartners" or the "Company") respectfully submits this letter in support of Plaintiff Jay Alix's request to file (i) a redacted Consolidated Memorandum of Law in Opposition to Defendants' Motions for Dismissal Under Federal Rule of Civil Procedure 17 (Dkt. No. 354);[1] and (ii) to file under seal certain exhibits to the Declaration of Joshua P. Arnold in Support of Plaintiff's Memorandum (Dkt. Nos. 353-1–3).[2]  *See* Dkt. No. 352.

The documents AlixPartners requests the Court maintain under seal are comprised of competitively sensitive business information contained in deposition testimony, as well as a letter negotiated by AlixPartners' former General Counsel that reflects the Company's specific business strategies.  The unsealing of these materials would subject AlixPartners—a non-public company and Defendants' direct competitor—to competitive injury. The public's interest in this sensitive information is minimal.

The deposition transcript excerpts filed as exhibits to Mr. Alix's motion, Dkt. Nos. 353-1–2, should be maintained under seal for the same reasons that the deposition transcripts attached to Defendants' motions to dismiss (Dkt Nos. 335-5, 10; 338-8–9) should remain under seal. *See* Dkt. Nos. 341 at 2 (March 22, 2024 Alix Letter-Motion to Seal); 342 at § C (March 22, 2024 AlixPartners Letter-Motion to Seal).  The deposition transcript excerpts Mr. Alix seeks to file under seal are littered with details of private discussions between AlixPartners' board members, references to or quotes from AlixPartners' board materials, the Company's competitively sensitive, internal strategies, and descriptions of the relationship between the Company and some of its largest stakeholders, among other highly sensitive topics.  Moreover, as noted in AlixPartners' prior letter-motion to seal, the Company relied on the protection of its confidentiality designation when it put its general counsel up for a deposition.  *See SEC v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001) ("It is . . . presumptively unfair for courts to

---

[1] This document is available in an unredacted format at Dkt. No. 355.

[2] These documents are available in an unsealed format at Dkt. Nos. 356-1–3.

Abu Dhabi · Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles
Munich · New York · Orange County · Palo Alto · Paris · Riyadh · San Francisco · Singapore · Washington, D.C.

1

**GIBSON DUNN**

modify protective orders which assure confidentiality and upon which the parties have reasonably relied.").

As Mr. Alix notes in his letter-motion to seal, Dkt No. 353-3 is a letter from AlixPartners' former General Counsel, Kathryn Koorenny, to Jay Alix that reflects the results of extensive contract negotiations and thereby reveals AlixPartners' business and legal strategies. This highly sensitive correspondence reflects AlixPartners' confidential business information and should remain under seal.

***

AlixPartners appreciates that Your Honor directed these materials remain under temporary seal. Dkt. No. 357. AlixPartners respectfully submits this letter-motion seeking to ensure the documents Mr. Alix filed on April 10, 2024 remain redacted and sealed throughout the course of this litigation.

Respectfully submitted,

/s/ *Reed Brodsky*

Reed Brodsky


cc:   All counsel of record (via ECF)

Pursuant to the Court's Order at ECF No. 357, the documents at issue will remain sealed temporarily. The Court will assess whether to keep these documents sealed or redacted when resolving the underlying motions. The Clerk of Court is directed to terminate ECF No. 361.

SO ORDERED.

*[signature]*

April 15, 2024

2