**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Reed Brodsky
Direct: +1 917.574.8200
Fax: +1 212.351.6235
RBrodsky@gibsondunn.com

> Pursuant to the Court's Orders at ECF Nos. 374 & 375, the documents at issue will remain sealed temporarily. The Court will assess whether to keep these documents sealed or redacted when resolving the underlying motions. The Clerk of Court is directed to terminate ECF No. 376.
>
> SO ORDERED.
> *[signature]*
> April 25, 2024

April 22, 2024

VIA ECF

The Honorable Jesse M. Furman
U.S. District Court, Southern District of New York
40 Foley Square
New York, NY 10007-1312

Re:   *Jay Alix v. McKinsey & Co., Inc., et al.*, No. 18-CV-4141(JMF)

Dear Judge Furman:

Pursuant to Rule 7(C) of Your Honor's Individual Rules and Practices in Civil Cases and the governing Stipulated Protective Order (Dkt. No. 297 § B(9)), AlixPartners, LLP ("AlixPartners" or the "Company") respectfully submits this letter in support of its request to (i) maintain redactions or sealing of certain exhibits filed in support of those motions (Dkt. Nos. 372-1–2, 373-1)[1] and (ii) maintain the redactions of the Individual Defendants' and Defendants' reply memoranda of law (Dkt. Nos. 369, 371).[2]

The documents AlixPartners requests the Court maintain under seal are comprised of competitively sensitive business information contained in corporate governance documents, board materials, and deposition testimony. The unsealing of these materials would subject AlixPartners—a non-public company and Defendants' direct competitor—to competitive injury. *See Broidy v. Glob. Risk Advisors LLC,* 2023 WL 5447267, at *3 (S.D.N.Y. Aug. 24, 2023) (finding it "weighs more heavily against allowing their confidential information to be viewed by the public" when the party is a "private company"). The public's interest in this sensitive information is minimal.

**1. Deposition Transcript Excerpts (Dkt. Nos. 372-1–2; 373-1):** The Individual Defendants and Defendants each filed transcript excerpts from the March 1, 2024 Deposition of Kathy Koorenny as an exhibit (Dkt. Nos. 372-2 and 373-1), and the Individual Defendants filed a redacted transcript excerpt from the February 27, 2024 Deposition of Jay Alix as an exhibit (Ex. 372-1). The parties have already submitted transcript excerpts from these same depositions as sealed or redacted exhibits in the motion to dismiss and opposition Rule 17 briefs. *See* Dkt. Nos. 335-5, 10; 338-8–9; 353-1–2. AlixPartners reiterates that the deposition transcripts should be maintained under seal or redacted for the same reasons AlixPartners and Alix have previously articulated to the Court. *See* Dkt. Nos. 341 at 2 (March 22, 2024 Alix

---

[1]   Unredacted versions of Individual Defendants' and Defendants' exhibits are available to the Court at Dkt. Nos. 367-1–2 and 370-1, respectively.

[2]   Unredacted versions of Individual Defendants' and Defendants' reply briefs are available to the Court at Dkt. Nos. 365 and 368, respectively.

Abu Dhabi · Beijing · Brussels · Century City · Dallas · Denver · Dubai · Frankfurt · Hong Kong · Houston · London · Los Angeles
Munich · New York · Orange County · Palo Alto · Paris · Riyadh · San Francisco · Singapore · Washington, D.C.

Letter-Motion to Seal); 342 § C (March 22, 2024 AlixPartners Letter-Motion to Seal); 352 (April 9, 2024 Alix Letter-Motion to Seal); 361 (April 12, 2024 AlixPartners Letter-Motion to Seal). Indeed, the deposition transcript excerpts that the Individual Defendants and Defendants seek to file under seal are littered with details of private discussions between AlixPartners' former general counsel and board members, references to or quotes from AlixPartners' board materials, the Company's competitively sensitive, internal strategies, and descriptions of the relationship between the Company and some of its largest stakeholders. Moreover, as noted in AlixPartners' prior letter-motions to seal, the Company relied on the protection of its confidentiality designation when it put its general counsel up for a deposition. *See SEC v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001) ("It is . . . presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied."); *see also* Dkt. Nos. 342, 361.

**2. Redacted References to Exhibits Previously Filed Under Seal (Dkt. Nos. 369, 371)**: In addition to deposition testimony, the Individual Defendants' and Defendants' reply briefs quote from or refer to sensitive corporate governance documents and board materials that were previously filed under seal. *See* Dkt. Nos. 369 at 5; 371 at 1–2, 5. AlixPartners maintains its positions submitted in its prior letter-motions to seal with respect to these materials. *See* Dkt. Nos. 342; Dkt. No. 361. As AlixPartners has previously argued, it is appropriate for this Court to allow the sealing of "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit." Dkt. No. 342 § A (quoting *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015)). Accordingly, it is appropriate for the unredacted briefs to remain under seal.

\*\*\*

AlixPartners appreciates that Your honor directed these materials remain under temporary seal in prior orders. *See* Dkt. Nos. 374, 375. AlixPartners respectfully submits this letter-motion seeking to ensure the documents the Individual Defendants and Defendants filed on April 18, 2024 remain redacted and sealed throughout the course of this litigation.

Respectfully submitted,

*/s/ Reed Brodsky*

Reed Brodsky

cc:   All counsel of record (via ECF)