# CADWALADER

Cadwalader, Wickersham & Taft LLP
200 Liberty Street, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

April 23, 2024

**BY ECF**

*Pursuant to the Court's Orders at ECF Nos. 374 & 375, the documents at issue will remain sealed temporarily.  The Court will assess whether to keep these documents sealed or redacted when resolving the underlying motions.  The Clerk of Court is directed to terminate ECF No. 377.*

The Honorable Jesse M. Furman
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

SO ORDERED.

April 25, 2024

Re:    *Jay Alix v. McKinsey & Co., Inc., et al.*, 18-CV-04141 (JMF)

Dear Judge Furman:

On behalf of Plaintiff Jay Alix, we respectfully submit this letter pursuant to Rule 7(C)(i) of Your Honor's Individual Rules and Practices in Civil Cases in support of Alix's request to seal and redact certain confidential information referenced in and attached to Defendants' reply memoranda of law submitted in further support of their respective Rule 17 motions on April 18, 2024. *See* ECF Nos. 369 and 371 (the "Reply Briefs").

In their Reply Briefs, Defendants quote and describe testimony designated as Confidential under the Stipulated Protective Order, entered in this case on January 31, 2024 (ECF No. 297). Specifically, Plaintiff respectfully requests that the deposition transcript of Plaintiff Jay Alix, submitted as an exhibit to and referenced in the Individual Defendants' Reply Brief, be sealed. *See* ECF No. 372-1. Plaintiff's deposition transcript contains references to confidential business topics, such as the confidential discussions undertaken by the AlixPartners, LLP Board of Directors.

The grounds supporting the sealing of Plaintiff's deposition transcript submitted by Defendants in connection with their Reply Briefs are similar to those advanced in connection with the materials temporarily sealed by the Court in connection with Defendants' Rule 17 motions. *See* ECF No. 343 (temporarily granting Alix's and AlixPartners, LLP's sealing requests pending resolution of the underlying motions). Defendants have not challenged Alix's confidentiality designations under the Stipulated Protective Order, and unsealing would reveal sensitive business information of both Plaintiff and AlixPartners, a private company and McKinsey's competitor.

Additionally, at this time, Alix's deposition transcript is not a "judicial document," as it has not been and may never be considered by the Court in performing its Article III functions. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) ("[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access. In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process." (cleaned up)).

Even if the Court finds Alix's deposition transcript relevant, the Court should keep the information sealed because "competing considerations" favor confidentiality over the public's interest in disclosure. *Id.* at 120. "Competing considerations" include "the privacy interests of those resisting disclosure." *Id.* Courts have recognized that materials warranting protection include sensitive and confidential business information. *See, e.g.*, *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (allowing sealing of "specific business information and strategies, which, if revealed, may provide valuable insights into a company's current business practices that a competitor would seek to exploit") (quotation omitted).

As set forth above, the testimony cited by Defendants in connection with their Reply Briefs concerns non-public information relating to the business of Alix and/or AlixPartners. The interest in protecting this private business information outweighs the minimal public interest in accessing Alix's deposition transcript submitted for purposes of Defendants' Reply Briefs. Accordingly, Alix's sealing request is "narrowly tailored" and "consistent with the presumption in favor of public access to judicial documents." Indiv. Rule 7(B) (citing *Lugosch*, 435 F.3d at 119-20).

Respectfully submitted,

*/s/   Sean O'Shea*
Sean F. O'Shea
Michael E. Petrella
Amanda L. Devereux
Matthew M. Karlan
Joshua P. Arnold
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, NY 10281
(212) 504-6000

*Counsel for Plaintiff Jay Alix*