May 3, 2024

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007-1312

        Re:    *Jay Alix v. McKinsey & Co., Inc., et al.*, No. 18-CV-4141(JMF)

Dear Judge Furman:

Alix's motion to compel, ECF 380, should be denied. As to discovery from MIO, there is no dispute for the Court to resolve because McKinsey is working with MIO to collect and produce relevant MIO documents in response to requests propounded on McKinsey. As to interrogatories, Alix has served far more than the permitted number under Rule 33, and his belated request for leave to exceed the permitted number should be denied.

**I.    There Is No Dispute for the Court to Resolve as to Discovery from MIO.**

Alix's accusations of "stonewalling" are baseless. Alix served two sets of document requests on Defendants on December 19 and January 22, totaling 256 separate requests. Per agreement of the parties, Defendants served their responses and objections on February 19 and 21, respectively. McKinsey explained that MIO operates separately from McKinsey[1] and is represented by separate counsel, and that Alix should seek MIO's documents directly from MIO.

Subsequently, the parties exchanged letters concerning Alix's requests and engaged in multiple meet-and-confers during which Alix objected to communicating with MIO's separate counsel to request the documents to be collected and produced from MIO's separate files. The most recent meet-and-confer occurred on April 25. Two business days later, on April 29, McKinsey advised Alix that, as a compromise, McKinsey would work with MIO's counsel to respond to Alix's MIO-related document requests and would update McKinsey's responses and objections accordingly within 30 days. Ex. 1. The night of April 30, Alix responded that 30 days was too long and he would seek relief from the Court. *Id.* He filed his motion 20 minutes later, without attempting to discuss the issue further with McKinsey.

Because there is no dispute that MIO documents within the permissible scope of discovery will be produced and that McKinsey will coordinate the collection and production of such documents subject to Defendants' responses and objections, there is no ripe dispute. Alix's demand that McKinsey revise its responses and objections within 3 business days, or produce documents "immediately" is arbitrary and unreasonable, and should be denied. McKinsey is already

---

[1]    By design, MIO is operated separately from McKinsey's consultant business. For example, MIO's investment professionals do not share office space, infrastructure, computer systems, or email addresses with McKinsey's consulting business.

working with MIO's counsel to determine which of Alix's 256 requests require amended responses, and has already committed to providing those responses promptly.

## II.     Alix's Interrogatories Exceed the Permissible Number.

Under Rule 33, absent leave of court, a "party may serve . . . no more than 25 written interrogatories, *including all discrete subparts*."  Alix's interrogatories, by their own terms, vastly exceed that limit, demanding more than 100 discrete responses.

The interrogatories Alix calls "2" and "3" are particularly burdensome and each contains several dozen discrete subparts.  Alix himself expressly listed four and five subparts for each of those interrogatories, demanding "*separate*[]" responses for each subpart.  *See* ECF 380-17 at 5–6 (Interrogatories 2.a through 2.d and 3.a through 3.e).  He further instructed that the exercise for each subpart must be repeated "*[f]or each McKinsey Bankruptcy*," which Alix defined to include **18** distinct bankruptcy cases (several of which are not even at issue in this litigation). ECF 380-1 at 6–7.  On their face, these subparts calling for "separate" responses "for each" of 18 bankruptcies amount to far more than the 25 interrogatories allowed under Rule 33.[2]

Because Alix's violation of Rule 33 is so blatant, counsel for Defendants emailed on February 5—a month before Defendants' responses were due—to offer Alix an opportunity to amend the interrogatories and reduce them to a permissible number.  Alix did not respond.  Ex. 2; ECF 380-16 at 3.  Defendants then served a complete objection because authorities provide that a numerosity objection is waived if a party "selectively answers some of the interrogatories." Wright & Miller, Fed. Prac. & Proc. § 2168.1 (3d ed.).

Alix now argues that Interrogatories 2 and 3 each count as just one request, notwithstanding his own instructions.  He is wrong as a matter of law.  The rule, which Alix never acknowledges, is that a subpart counts as a separate interrogatory when it can be "answered fully and completely without answering" other subparts.  *Rouviere v. DePuy Orthopaedics, Inc.*, 2020 WL 1080775, at *2 n.2 (S.D.N.Y. Mar. 7, 2020); *see also United Life Ins. Co. of New York v. Trustmark Ins. Co.*, 2005 WL 8168057, at *4 (D. Conn. Dec. 1, 2005) ("[A] subpart is independent and thus discrete when it is unnecessary to the understanding of a second subpart.").  That is the case here. To illustrate, Interrogatory 2.b ("each Person who" "participated in [the] preparation of any of the Disclosures") can be answered completely without answering Interrogatory 2.d ("each Person who" "performed any services . . . related to the Debtors").  The same is true of all the other subparts.  And the same holds for the 18 different bankruptcies Alix asks about:  the list of each person who "performed any services related to" Hayes-Lemmerz (a 2001 bankruptcy) is independent of the list of each person who "performed any services related to" GenOn (a 2017 bankruptcy).  This distinct information—which Alix specifically instructed Defendants to provide "separate[ly]"—constitutes a distinct interrogatory in each instance.  *E.g.*, *United Life Ins.*, 2005 WL 8168057, at *4 (interrogatory that "requested information on 18 distinct contracts" contained 18 discrete subparts); *Collaboration Props., Inc. v. Polycom, Inc.*, 224 F.R.D. 473, 475 (N.D. Cal. 2004) (interrogatory seeking response as to each of 26 products contained 26 subparts).

---

[2]     To be precise: Interrogatory 2 has 72 subparts, and Interrogatory 3 has 90.

Alix cites no relevant authority supporting his position. Wright & Miller § 2168.1, on which Alix relies, supports Defendants, not Alix. It contrasts subparts "directed at eliciting details" with subparts "inquiring into discrete areas," with the latter counting as multiple interrogatories. Varied topics such as "all Interested Parties in which [McKinsey] held . . . a financial or ownership interest" (Interrogatory 3.a) and "all McKinsey partners or employees who provided any professional services in any capacity . . . to any Interested Party" (Interrogatory 3.b) are "discrete areas," not "details"—particularly where Alix has asked Defendants to compile "separate[]" lists on those different topics "for each" of 18 bankruptcies.

The one case Alix cites is off point; it concerns an interrogatory that asked only for dates on which certain events occurred.[3] Alix's interrogatories do not ask for a handful of dates; they call for dozens of lists of persons, each of which will likely include numerous entries.

The Court should deny Alix's motion or, at most, direct responses and objections to Alix's first 25 discrete subparts.[4] Defendants could do so within 30 days. The Court should also deny Alix's request for "leave to exceed the limit." ECF 380 at 3. Alix suggests that such relief is warranted because McKinsey's interrogatories supposedly violated Rule 33. But Alix waived that objection by failing to include it in his responses. It is wrong in any event: McKinsey's interrogatories do not demand "separate[]" responses "[f]or each" bankruptcy case, do not contain multiple sub-parts, and do not impose tremendous burdens, as Alix's do. Nor has Alix offered a valid basis for exceeding Rule 33's limit, as is his burden to do. *See* Moore's Fed. Prac. § 33.3 (the "propounding party bears the burden of persuading the court that the additional interrogatories are necessary"). His belated request to exceed the 25-interrogatory limit has no explanation other than "the scope of the case." ECF 380 at 3. Even if that bare conclusion were sufficient, Alix's overbroad interrogatories go well beyond the "scope of the case." His excess interrogatories include requests for patently irrelevant information such as "all McKinsey Alumni who are currently or were previously employed by or otherwise affiliated with any of the Debtors or other Interested Parties" in any of 18 bankruptcies, four of which are not even at issue in this case. ECF 380-17 at 6 (Interrogatory 3.e).

Finally, if the Court grants leave to serve interrogatories beyond Rule 33's limit (and it should not), each Defendant should be permitted to serve the same number of excess interrogatories.

---

[3]     *Codename Enters., Inc. v. Fremantlemedia N. Am., Inc.*, 2017 WL 11567520 (S.D.N.Y. Mar. 9, 2017).

[4]     Properly counted, those would be Interrogatory 1, Interrogatory 2.a for each of the 18 "McKinsey Bankruptcies," and Interrogatory 2.b for the first 6 of the 18 "McKinsey Bankruptcies." Alix should not be permitted to amend his interrogatories to trim their number: he does not request leave to do so, and it is too late now in any event, given that Alix declined Defendants' invitation to amend three months ago. Defendants have now objected and, because Rule 33 limits the number of interrogatories "serve[d]," "a proponent of interrogatories cannot circumvent a violation of the numerical limit by voluntarily withdrawing selected supernumerary interrogatories." Moore's Federal Practice, § 33.30. Nor should the Court permit Alix to select interrogatories beyond the first 25: later interrogatories are impermissible for independent reasons that Defendants stated in their objections, including because several violate Local Rule 33.3(a). *See, e.g.*, ECF 380-17 at 7 (Interrogatory 5, calling for "the amount of compensation, if any, paid by or billed to MIO for [any] services").

Respectfully submitted,

/s/ Erica S. Weisgerber
John Gleeson
Mark P. Goodman
Andrew J. Ceresney
Erica S. Weisgerber
Nathan S. Richards
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001
(212) 909-6000

*Counsel for McKinsey & Company, Inc., McKinsey & Company Inc. United States, and McKinsey Recovery & Transformation Services U.S., LLC*

/s/ Jonathan D. Cogan
Matthew I. Menchel
Jonathan D. Cogan
Danielle L. Rose
Benjamin Sirota
Christen M. Martosella
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1200

/s/ Ariel N. Lavinbuk
Ariel N. Lavinbuk
Jennifer S. Windom
Brandon L. Arnold
KRAMER LEVIN NAFTALIS & FRANKEL LLP
2000 K Street NW, 4th Floor
Washington, D.C. 20006
(202) 775-4500

*Counsel for Jon Garcia, Alison Proshan, and Robert Sternfels*

/s/ Reid M. Figel
Reid M. Figel
Bradley E. Oppenheimer
Robert C. Klipper
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7968

*Counsel for Kevin Carmody and Seth Goldstrom*

/s/ Catherine L. Redlich
Catherine L. Redlich
DRISCOLL & REDLICH
110 West 40th Street, Suite 1900
New York, New York 10018
(212) 986-4030

*Counsel for Dominic Barton*

/s/ Micah E. Marcus
Micah E. Marcus
Christopher Dean
MCDONALD HOPKINS LLC
300 North LaSalle Street, Suite 1400
Chicago, Illinois 60654
(312) 280-0111

*Counsel for Jared D. Yerian*

| | |
|---|---|
| /s/ Linda Imes | /s/ Jed. I. Bergman |
| Linda Imes | Jed I. Bergman |
| Christopher W. Dysard | Olga Lucia Fuentes-Skinner |
| BLANK ROME LLP | GLENN AGRE BERGMAN & FUENTES LLP |
| 1271 Avenue of the Americas | 1185 Avenue of the Americas, 22nd Floor |
| New York, New York 10020 | New York, New York 10036 |
| (212) 885-5000 | (212) 970-1600 |
| *Counsel for Mark Hojnacki* | *Counsel for Virginia "Jean" Molino* |

Alix's letter-motion is DENIED, substantially for the reasons set forth above. First, in light of McKinsey's representation that it will "promptly" provide responses to the MIO requests, the first issue is moot (or not ripe, as the case may be). Second, the Court agrees that Alix's interrogatories exceed the number permitted by Fed. R. Civ. P. 33(a) and declines to bless the excess by retroactively granting leave to exceed the limit. Alix is granted leave to serve new interrogatories, subject to the limit in Rule 33(a), by May 13, 2024.

The Clerk of Court is directed to terminate ECF No. 380.

SO ORDERED.

May 6, 2024