KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

June 4, 2024

**VIA ECF**
The Honorable Jesse M. Furman
United States District Court, Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007-1312

      Re:    *Jay Alix v. McKinsey & Co., Inc., et al.*, No. 18-CV-4141(JMF)

Dear Judge Furman,

      Defendant-Counterclaim Plaintiffs Kevin Carmody and Seth Goldstrom, and Defendants Dominic Barton, Jon Garcia, Mark Hojnacki, Jean Molino, Alison Proshan, Robert Sternfels, and Jared Yerian submit this letter-motion respectfully requesting an order compelling Plaintiff-Counterclaim Defendant Jay Alix ("Alix") and Counterclaim Defendant AlixPartners, LLP ("AlixPartners") to produce documents likely to demonstrate, among other things, that many of Alix's RICO claims are time-barred and that Alix defamed Carmody and Goldstrom as part of a campaign to make McKinsey's participation in the bankruptcy industry "as visible and painful as possible." The parties have met and conferred on these requests at length and are at an impasse.

      Defendants' Request for Production No. 17 to Jay Alix, served on December 19, 2023, requests "[a]ny and all 'Competitive Response Documents' referenced in the Affidavits of Jay Marshall submitted in the Delaware Litigation, signed on January 7, 2019 and May 22, 2019, and all Documents and Communications concerning the same, for the time period of January 1, 2001 to the present." *See* Ex. 1. Carmody and Goldstrom's Request for Production No. 12 to AlixPartners, served on January 11, 2024, makes a similar request. *See* Ex. 2. Alix and AlixPartners refuse to produce responsive documents, claiming, among other things, that the documents are irrelevant. Movants demonstrate the documents' relevance here, so Alix and AlixPartners have the burden to justify their objections. *Cohen v. Cohen*, 2015 WL 4469704, at *5 (S.D.N.Y. June 29, 2015).

## Introduction

      In litigation initiated by Alix or AlixPartners over the last decade, they have fought to prevent disclosure of documents setting forth AlixPartners' response to McKinsey's entry into the restructuring business (the so-called "Competitive Response Documents"). Movants were not parties to that litigation, which did not involve RICO or defamation claims.

      The following facts about the Competitive Response Documents are publicly available. In early 2013, Alix and AlixPartners' leaders discussed their belief that "McKinsey might be engaging in unlawful entry tactics, including . . . making inadequate disclosures in bankruptcy proceedings." AlixPartners' Opp'n to Mot. to Compel at 3, *AlixPartners, LLP v. Thompson*, No. 9523-VCP (Del. Ch. Sept. 24, 2014) ("AlixPartners' Opp'n"). *See* Ex. 3. Alix then suggested that AlixPartners develop a competitive response. Alix Dep. Tr. at 135-136, *AlixPartners, LLP*

June 4, 2024
Page 2

*v. Thompson*, No. 9523-VCP (Del. Ch. Aug. 12, 2014). *See* Ex. 4. AlixPartners' Chief Growth Officer was tasked with developing that response, which was formalized in the Competitive Response Documents. Ex. 3 at 1, 3-4 (AlixPartners' Opp'n). The documents were presented at an AlixPartners' board meeting in the spring of 2013. Jay Marshall Aff. ¶ 3, *AlixPartners, LLP v. Thompson*, No. 9523-VCZ (Del. Ch. May 22, 2019) ("Marshall Aff."). *See* Ex. 5.

AlixPartners' position regarding the Competitive Response Documents shifts to suit its needs in each case. In *Westmoreland*, Fred Crawford, former CEO of AlixPartners, claimed the strategy outlined in the documents was likely never adopted. Fred Crawford Dep. Tr. at 74:23-25, *In re Westmoreland Coal Co.*, No. 18-35672 (DRJ) (Bankr. S.D. Tex. Jan. 29, 2020) ("Crawford Dep. Tr.") ("[I]t would be very uncharacteristic for me to pursue this strategy."). *See* Ex. 6. And yet, in a May 22, 2019 affidavit submitted to support AlixPartners' effort to keep the documents under seal in an action filed by AlixPartners, AlixPartners' Chief Growth Officer Jay Marshall claimed the strategies "remain as relevant and sensitive today as they were when they were written." Ex. 5, ¶ 7 (Marshall Aff.). AlixPartners cannot have it both ways—claiming on the one hand that the Competitive Response Documents are irrelevant because the strategies were never adopted, and on the other hand that the documents are as relevant today as when they were written.

### The Competitive Response Documents Are Relevant

Any "nonprivileged matter that is relevant to any party's claim or defense" is discoverable. Fed. R. Civ. P. 26(b)(1). The Competitive Response Documents are indisputably relevant to the RICO claims. The documents are likely to establish that Alix's claims related to the first eight bankruptcies at issue are time-barred. As the Court observed in denying Defendants' motion to dismiss, "McKinsey's arguments about timeliness, although not without force, cannot be resolved at this stage of the litigation." Op. and Order at 10, ECF No. 239. The Court noted, "any claims based on injuries [AlixPartners] discovered or should have discovered before May 9, 2014, are barred." *Id*. Alix's and AlixPartners' prior statements demonstrate the documents are likely to show AlixPartners was aware of its alleged injuries arising from any bankruptcy filed before the 2013 AlixPartners board meeting.[1] *See* Ex. 3 at 7-8 (AlixPartners' Opp'n) (Alix testified that "AlixPartners managing directors . . . 'were concerned' about McKinsey's potentially unlawful tactics in entering the field" as early as 2013). Alix testified the documents were drafted after an "analysis" that included "what disclosures [McKinsey] was making or not making." *Id*. at 8. AlixPartners even claimed the documents were "drafted in anticipation of possible litigation between AlixPartners and McKinsey given AlixPartners' concerns regarding the potential illegality of McKinsey's conduct." *See id*. at 2.[2]

AlixPartners' knowledge in 2013 of its alleged injuries is relevant. *See Gary Friedrich Enters., LLC v. Marvel Enters., Inc.*, 2011 WL 2623458, at *2 (S.D.N.Y. June 21, 2011)

---

[1] Defendants expect discovery will confirm AlixPartners should have discovered the alleged injuries even earlier, and no later than the dates McKinsey was retained or filed disclosures in each bankruptcy. But actual knowledge as of the 2013 AlixPartners board meeting would suffice to bar all claims related to eight of the bankruptcies at issue.
[2] In *Westmoreland*, AlixPartners did not argue the documents were attorney work product. *See* AlixPartners, LLP's Resp. to Proposed Pro.'s Emergency Mot. to Compel, *In re Westmoreland Coal Co.*, No. 18-35672 (DRJ) (Bankr. S.D. Tex. Dec. 2, 2019), ECF No. 2522.

June 4, 2024
Page 3

(discovery concerning a statute of limitations defense is relevant). If AlixPartners knew of its purported injuries by the spring of 2013, all claims related to eight of the bankruptcies at issue, including all claims against Garcia, Goldstrom, and Yerian are time-barred.

The Competitive Response Documents are also relevant to Carmody and Goldstrom's counterclaims. The documents set forth a strategy to make McKinsey's involvement in the bankruptcy business as "visible and painful as possible," and included plans to "plant[] stories with both local and national media." Ex. 6 at 71:22-24, 78:17-19 (Crawford Dep. Tr.). That strategy included Alix disparaging McKinsey and defaming Carmody and Goldstrom during an interview given while he attended an AlixPartners partners meeting. *See* Seth Goldstrom's Am. Countercl. ¶¶ 61-65, ECF No. 286. The documents will explain the extent to which Alix and AlixPartners intended to target Carmody and Goldstrom, and the extent to which Alix acted on AlixPartners' behalf in defaming them. The Competitive Response Documents are thus also relevant to establishing the elements of Carmody and Goldstrom's counterclaims.

Alix and AlixPartners will likely argue the Court's prior order, ECF No. 296, forecloses this request. Not so. That order was issued during the Rule 17 discovery period, and addressed only the limited issue of the documents' relevance to the purported assignment's validity and the Rule 17 motions. Until now, the Court has never been asked to consider the relevance of the documents to the entire action. Any argument that the documents are not relevant here because *other* courts imposed limits on production or public disclosure is meritless. Certain of the requested documents were deemed relevant and produced in prior litigation.[3] And no court has considered the documents' relevance to the RICO or defamation claims here.

Alix and AlixPartners may also contend the Competitive Response Documents are irrelevant due to the lapse in time between the 2013 board meeting and Alix's defamatory statements in 2018, or that they have no obligation to produce material created before the limitations period for the defamation claim. Those arguments should be swiftly rejected for at least three reasons. *First*, those arguments have no bearing on the documents' relevance to the RICO claims; documents prepared in 2013 are relevant to AlixPartners' knowledge in 2013 of its alleged injuries. *Second*, the documents are relevant to the counterclaims because AlixPartners admitted the strategy was in effect when Alix defamed Carmody and Goldstrom. *See* Ex. 5, ¶ 7 (Marshall Aff.) ("[In 2019], AlixPartners is continuing to follow those strategies[.]"). *Third*, any argument that documents created outside the limitations period are not discoverable is meritless. *See Sir Speedy, Inc. v. L & P Graphics, Inc.*, 957 F.2d 1033, 1038 (2d Cir. 1992) (statute of limitations "does not operate to bar the use of a document that predates the commencement of the limitations period but that is relevant to events during the period").

Accordingly, Alix and AlixPartners should be compelled to produce documents in response to RFPs No. 17 and No. 12, respectively.

---

[3] The Competitive Response Documents were introduced as a (sealed) trial exhibit in the Delaware litigation, *see* Trial Tr. at 637-41, *AlixPartners, LLP v. Thompson*, No. 9523-VCP (Del. Ch. Sept. 18, 2014), Ex. 7, and portions of the documents were produced to McKinsey in *Westmoreland*. Any concerns regarding competitively sensitive information are appropriately addressed through the protective order, ECF No. 297, and not by resisting discovery of relevant information.

June 4, 2024
Page 4

Respectfully submitted,

/s/ Reid M. Figel
Reid M. Figel
Bradley E. Oppenheimer
Robert C. Klipper
KELLOGG, HANSEN, TODD,
FIGEL & FREDERICK P.L.L.C.
1615 M Street, NW, Suite 400
Washington, D.C. 20036
(202) 326-7900

*Counsel for Kevin Carmody and Seth Goldstrom*

/s/ Ariel N. Lavinbuk
Ariel N. Lavinbuk
Jennifer S. Windom
Brandon L. Arnold
Jack A. Herman
KRAMER LEVIN NAFTALIS & FRANKEL LLP
2000 K Street NW, 4th Floor
Washington, D.C. 20006
(202) 775-4500

*Counsel for Jon Garcia, Alison Proshan, and Robert Sternfels*

/s/ Catherine L. Redlich
Catherine L. Redlich
DRISCOLL & REDLICH
110 West 40th Street, Suite 1900
New York, New York 10018
(212) 986-4030

*Counsel for Dominic Barton*

/s/ Micah E. Marcus
Micah E. Marcus
Christopher Dean
MCDONALD HOPKINS LLC
300 North LaSalle Street, Suite 1400
Chicago, Illinois 60654
(312) 280-0111

*Counsel for Jared D. Yerian*

/s/ Linda Imes
Linda Imes
Christopher W. Dysard
BLANK ROME LLP
1271 Avenue of the Americas
New York, New York 10020
(212) 885-5000

*Counsel for Mark Hojnacki*

/s/ Jed I. Bergman
Jed I. Bergman
Olga Lucia Fuentes-Skinner
Richard C. Ramirez
GLENN AGRE BERGMAN & FUENTES LLP
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
(212) 970-1600

*Counsel for Virginia "Jean" Molino*

Application DENIED. The Court acknowledges that the requested discovery is relevant within the broad meaning of that term, but agrees - in light of the alternative discovery that Alix and AlixPartners have provided or agreed to, see ECF Nos. 389 and 390 - that the requested discovery would be disproportionate to the needs of the case. That denial is without prejudice to a more targeted request for a subset of the requested materials. The Clerk of Court is directed to terminate ECF No. 387. SO ORDERED.

June 14, 2024